JUL 0 1 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MABVAX THERAPEUTIC
HOLDINGS, INC.,
a Delaware Corporation,

Plaintiff,

v.

SICHENZIA ROSS FERENCE
LLP, f/k/a Sichenzia Ross Ference
Kesner LLP, f/k/a Sichenzia Ross
Friedman Ference LLP; HARVEY
KESNER; GREGORY
SICHENZIA; MICHAEL
FERENCE; TARA GUARNERI-
FERRARA; MARC ROSS;
THOMAS ROSE; RICHARD J.
BABNICK, JR.; DAVID B.
MANNO; AVITAL EVEN-
SHOSHAN PERLMAN; and
DOES 1 THROUGH 10, inclusive,

Defendants.

Case No.:  18-cv-2494-WQH-AGS

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Certification for Interlocutory Appeal filed by Defendant Harvey Kesner.  (ECF No. 37).

1

1  I.      **BACKGROUND**

2          On September 10, 2018, Plaintiff MabVax Therapeutics Holdings, Inc. initiated this
3   action by filing a Complaint in the Superior Court of California for the County of San
4   Diego, case number 37-2018-00045609-CU-PN-CTL, against Defendant Harvey Kesner
5   (Defendant Kesner); Defendants Sichenzia Ross Ference LLP, Gregory Sichenzia, Michael
6   Ference, Tara Guarneri-Ferrara, Marc Ross, Thomas Rose, Richard J. Babnick, Jr., David
7   B. Manno, and Avital Even-Shoshan Perlman (Sichenzia Defendants); and doe defendants.
8   Plaintiff MabVax brings claims for negligent professional practice, breach of fiduciary
9   duty, breach of contract, restitution for unjust enrichment, deceit, and fraud, on the grounds
10  that Defendants failed to disclose conflicts of interest, failed to maintain client
11  confidentiality, and failed to provide proper legal advice on financial reporting
12  requirements.  Plaintiff MabVax alleges that conflicts of interest existed because the
13  Defendants held investments in MabVax and had relationships with MabVax's other
14  investors, which were not fully disclosed. Plaintiff MabVax further alleges that Defendants
15  disclosed confidential MabVax information to other investors, to MabVax's disadvantage.
16  Plaintiff MabVax alleges that Defendants provided improper legal advice on reporting
17  requirements for investors, causing MabVax to disclaim reliance on prior SEC filings,
18  causing Nasdaq to delist MabVax, and causing MabVax to suffer other related economic
19  and reputational injuries.  Plaintiff MabVax seeks relief including damages and an order
20  requiring Defendants to make a full disclosure and accounting of their interests and
21  transactions in MabVax securities.

22          On October 30, 2018, Defendants removed the Complaint to this Court based on
23  diversity jurisdiction.  (ECF No. 1).  On October 30, 2018, Defendants filed the first
24  amended notice of removal.  (ECF No. 2).  On October 31, 2018, Defendants filed the
25  second amended notice of removal. (ECF No. 3). On November 2, 2018, Defendants filed
26  the third amended notice of removal, the operative Complaint in this action.  (ECF No. 6).

27

28

2

1    On May 9, 2019, the Court dismissed the claims against Defendants Richard J.
2  Babnick, Jr, Michael Ference, Tara Guarneri-Ferrara, David B. Manno, Avital Even-
3  Shoshan Perlman, Thomas Rose, Marc Ross, and Gregory Sichenzia for lack of personal
4  jurisdiction. (ECF No. 27 at 33). The Court denied motions to dismiss for lack of personal
5  jurisdiction and motions to transfer filed by Defendant Sichenzia Ross Ference LLP and
6  Defendant Kesner. *Id.* at 49. The Court denied a motion to dismiss for failure to state a
7  claim and a motion to strike filed by Defendant Sicheniza Ross Ference LLP. *Id.*

8    On May 20, 2019, Defendant Kesner filed the Motion for Certification for
9  Interlocutory Appeal on the grounds that the Court's ruling on personal jurisdiction in this
10 case constituted a controlling question of law with substantial ground for difference of
11 opinion, and that an interlocutory appeal would materially advance the ultimate termination
12 of litigation, within the meaning of 28 U.S.C. § 1292(b). (ECF No. 37).

13   On June 10, 2019, Plaintiff MabVax filed a response in opposition to the Motion for
14 Certification for Interlocutory Appeal. (ECF No. 37).

15   On June 17, 2019, Defendant Kesner filed a reply. (ECF No. 45).

16 **II.    DISCUSSION**

17   Defendant Kesner requests the Court "certify for interlocutory appeal the question
18 of whether the Court has personal jurisdiction over him and specifically whether he
19 purposefully availed himself of the privileges of conducting business in California." (ECF
20 No. 37-1 at 15). Defendant Kesner contends that certification is appropriate because the
21 Court's May 9, 2019 Order involved personal jurisdiction, a controlling question of law.
22 Defendant Kesner contends that cases conflicting with the Court's application of the law
23 may constitute substantial ground for difference of opinion. Defendant Kesner asserts that
24 the Court's May 9, 2019 Order conflicts with numerous California cases determining that
25 there is no personal jurisdiction over a non-resident attorney representing a California
26 client on non-California matters. Defendant Kesner asserts, "[T]he Ninth Circuit has never

27

28

18-cv-2494-WQH-AGS

1  addressed whether a non-resident attorney whose firm is representing a California client in
2  . . . preparation of SEC filings transmitted from New York or contracts governed by New
3  York law or filings required to be made in Delaware" are subject to California jurisdiction.
4  (ECF No. 45 at 13).  Defendant Kesner contends that the Court's May 9, 2019 Order
5  conflicts with *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990), if the Court "found
6  purposeful availment by Kesner because the Firm is the beneficiary of an agreement to pay
7  for legal services with issuance of Plaintiff's shares of stock."  (ECF No. 45 at 15).
8  Defendant Kesner contends that interlocutory appeal would materially advance termination
9  of this litigation because the case would terminate as to Defendant Kesner if the appellate
10 court found that the Court lacks jurisdiction.

11      Plaintiff MabVax contends that interlocutory appeal is not warranted in this case
12 because Defendant Kesner fails to identify a controlling question of law, substantial
13 grounds for a difference of opinion, or relevant conflicts or splits in authority.  Plaintiff
14 MabVax asserts that Defendant Kesner only disagrees with disputes the Court's application
15 of the law to the facts.  Plaintiff MabVax contends that interlocutory appeal would not
16 materially advance termination of this litigation because Defendant Sichenzia Ross
17 Ference LLP did not join the motion for interlocutory appeal, and the litigation will proceed
18 against Defendant Sichenzia Ross Ference LLP regardless of any appeal by Defendant
19 Kesner.

20      A district court may certify an otherwise non-appealable order for appellate review
21 when three conditions are met: (1) the order involves a "controlling question of law"; (2)
22 there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from
23 the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §
24 1292(b).  All three criteria must be met in order for a district court to certify an issue for
25 interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Section
26 1292(b) is a departure from the normal rule that only final judgments are appealable, and

27

28

4

1  therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064,
2  1067 n.6 (9th Cir. 2002); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.
3  1959) ("[Section] 1292(b) is to be applied sparingly and only in exceptional cases"). "To
4  determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts
5  must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. The
6  Court of Appeals has stated:

> Courts traditionally will find that a substantial ground for difference of
> opinion exists where the circuits are in dispute on the question and the court
> of appeals of the circuit has not spoken on the point, if complicated questions
> arise under foreign law, or if novel and difficult questions of first impression
> are presented. . . . However, just because a court is the first to rule on a
> particular question or just because counsel contends that one precedent rather
> than another is controlling does not mean there is such a substantial difference
> of opinion as will support an interlocutory appeal. . . .
> [A] party's strong disagreement with the Court's ruling is not sufficient . . . .
> That settled law might be applied differently does not establish a substantial
> ground for difference of opinion. . . .
> . . . .
> Nor does the fact that no California court has addressed the precise questions
> at issue satisfy the requirement of a substantial ground for disagreement . . . .
> It is well settled that the mere presence of a disputed issue that is a question
> of first impression, standing alone, is insufficient to demonstrate a substantial
> ground for difference of opinion.

19  *Id.* at 633–34 (quotations and alterations omitted). In *Couch*, the Court of Appeals noted,
20  "Significantly, defendants have not provided a single case that conflicts with the district
21  court's construction or application of California Penal Code § 319." *Id.* (citing *Union Cty.*
22  *v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) ("[I]dentification of a sufficient
23  number of conflicting and contradictory opinions would provide substantial ground for
24  disagreement . . . .") (quotations omitted)).

25  In this case, Defendant Kesner fails to identify "substantial ground for difference of
26  opinion" as required for certification of interlocutory appeal. *See* § 1292(b). The cases

27
28

1 | Defendant Kesner cites do not disturb the holding of *Sher*. 911 F.2d at 1362; *Joseph Saveri*
2 | *Law Firm, Inc. v. Criden*, 696 F. App'x 189, 191 (9th Cir. 2017); *Coupons, Inc. v. Efros*,
3 | No. C 05-03491 JF, 2006 WL 37036, at *3 (N.D. Cal. Jan. 5, 2006); *Edmunds v. Superior*
4 | *Court*, 29 Cal. Rptr. 2d 281, 291 (Ct. App. 1994); *see also Brenneise v. San Diego Unified*
5 | *Sch. Dist.*, No. 08CV28WQH(WMC), 2008 WL 4853329, at *7 (S.D. Cal. Nov. 7, 2008)
6 | (determining there was not substantial grounds for difference of opinion in part because
7 | "[s]ubsequent cases have not disturbed" the holding of a case relied upon in the challenged
8 | order).

9 | The cases Defendant Kesner cites do not conflict with the Court's May 9, 2019
10 | Order. *See Joseph Saveri*, 696 F. App'x 191 (determining there was not California
11 | jurisdiction over a Florida lawyer who sent emails to and initiated arbitration proceedings
12 | against California residents); *Coupons*, 2006 WL 37036, at *1, 4 (determining there was
13 | not California jurisdiction over a Washington, D.C. lawyer where the California client
14 | sought the lawyer out and the lawyer took no "affirmative action in California"); *Edmunds*,
15 | 29 Cal. Rptr. 2d at 291 (determining there was not California jurisdiction over a Hawaii
16 | lawyer retained by a California client as local counsel in Hawaii litigation where the
17 | representation involved the lawyer's subsequent travel to California and communication
18 | with California residents); *Wright v. Jackson*, No. 3:17-CV-01694-L-MDD, 2018 WL
19 | 2329730, at *2 (S.D. Cal. May 23, 2018) (determining there was not California jurisdiction
20 | over Alabama lawyer whose services were referred to plaintiffs for Florida litigation where
21 | the lawyer exchanged calls, emails, and physical mail with a California resident and "never
22 | made physical trips to California"); *Standard v. Cameron*, No. 1:17-CV-689 AWI BAM,
23 | 2017 WL 5466718, at *8 (E.D. Cal. Nov. 14, 2017) (determining there was not California
24 | jurisdiction over Texas residents who sent invoices to California residents based on a
25 | contract that "envisioned no conduct or performance by Defendants in California," no
26 | alleged conduct by Defendants occurred in California, and there was "no evidence that
27 |
28 |

6

1  Defendants travelled to California in connection with the oral agreement"); *Bedi v.*
2  *McGoldrick*, No. CV 10-3497 CAS MANX, 2010 WL 4629975, at *5 (C.D. Cal. Nov. 8,
3  2010) (determining there was not California jurisdiction over Arizona lawyers sought out
4  by California residents for representation in Arizona litigation).

5        Defendant Kesner's arguments that the Court improperly applied the law in the May
6  9, 2019 Order do not demonstrate that interlocutory appeal is warranted. *See Couch*, 611
7  F.3d at 633 ("That settled law might be applied differently does not establish a substantial
8  ground for difference of opinion."); *see also Loritz v. CMT Blues,* 271 F. Supp. 2d 1252,
9  1254 (S.D. Cal. 2003) (declining to grant interlocutory appeal based on "mere question as
10  to the correctness of the ruling") (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785
11  n.2 (9th Cir. 1966)); *Dillon v. Murphy & Hourihane*, No. 14-CV-01908-BLF, 2014 WL
12  5408416, at *2 (N.D. Cal. Oct. 22, 2014) ("Though the judges of this Circuit . . . will
13  disagree on questions of personal jurisdiction, it would be imprudent for any court to throw
14  up its hands and permit interlocutory review of its jurisdiction orders simply because the
15  jurisdictional question might be a difficult one.").

16        Defendant Kesner's arguments that the Court of Appeals has not addressed personal
17  jurisdiction in circumstances like this case do not demonstrate that interlocutory appeal is
18  warranted. *See Couch*, 611 F.3d at 634 ("It is well settled that the mere presence of a
19  disputed issue that is a question of first impression, standing alone, is insufficient to
20  demonstrate a substantial ground for difference of opinion."); *see also Rieve v. Coventry*
21  *Health Care, Inc.*, 870 F. Supp. 2d 856, 879–80 (C.D. Cal. 2012) (concluding substantial
22  ground for difference of opinion did not exist "[j]ust because no other court has directly
23  addressed the contours of the California professional exemption relevant to this case";
24  stating that "[t]he fact that Defendants are not satisfied" by the court's detailed analysis
25  and conclusion was "mere disagreement and not a sharply divided issue about which
26  reasonable minds could strongly disagree"). Defendant Kesner has failed to carry the

27

28

7

1  burden to demonstrate that "all three § 1292(b) requirements are met." *See Couch*, 611

2  F.3d at 633.

3  **III.    CONCLUSION**

4  IT IS HEREBY ORDERED that the Motion for Certification for Interlocutory

5  Appeal filed by Defendant Harvey Kesner (ECF No. 37) is DENIED.

8  DATED:    7/1/19

**WILLIAM Q. HAYES**
United States District Judge

8