Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
Amanda R. Crawford (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SICHENZIA ROSS FERENCE LLP (F/K/A SICHENZIA ROSS FERENCE KESNER LLP; F/K/A SICHENZIA ROSS FRIEDMAN FERENCE LLP) AND HARVEY KESNER, <br><br> Defendants. | Case No.: 3:18-cv-02494-WQH-MSB <br><br> **[PROPOSED] STIPULATED ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The Court recognizes that establishing a framework for anticipating and addressing Electronically Stored Information ("ESI") related discovery at the earliest stages of litigation will encourage mutual and cost-effective solutions and speedier resolution of disputes. An attorney's zealous representation of a client is not compromised by

1

conducting discovery in a cooperative manner. The parties have agreed to be bound by the terms of this Order Governing Discovery of ESI ("Order") in this action. THEREFORE:

## GENERAL RULES

1. Each party has an obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. The Court presumes that in the majority of cases, the use of search terms, custodians and a date range ("Search Parameters") will be reasonably necessary to locate ESI likely to contain discoverable information. Accordingly, the parties shall meet and confer on appropriate Search Parameters.

3. If any party contends that any of the proposed search terms should not be deployed for any reason, the opposing party will provide the requesting party with a hit report, which will include (a) the total number of de-duplicated hits for all proposed search terms and (b) the total number of de-duplicated, unique hits for each contested search term so the parties can confer with equal information.

4. For each custodian identified and agreed, all reasonably accessible locations must be identified, collected, searched, and reviewed, including without limitation any emails/attachments, shared spaces, hard drives, shared drives, thumb drives, and/or mobile devices. Each custodian shall specifically be asked whether s/he created any responsive discovery materials on third-party platforms, including but not limited to personal email accounts, text messages, instant messages (e.g. iMessage, Messenger, WhatsApp), social media, and/or other collaborative chat platforms. If any party contends that they should not have to collect discoverable ESI from any identified custodians for

any reason, the opposing party shall immediately inform the requesting party so the parties can meet and confer.

5. All parties shall disclose non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

6. All parties shall disclose third party data sources, if any, likely to contain discoverable ESI (e.g. third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third party data source.

7. All parties shall disclose data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

8. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

9. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text with the appropriate software load files. If a document is more than one page, the unitization of the document and any attachments or affixed notes shall be maintained as they existed in the original.

10. Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by the extension ".tif" or ".pdf"). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

11. The full text of each electronic document shall be extracted and produced in a text file. The extracted text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique

Bates Number (e.g. the unique Bates Number of the first page of the corresponding TIFF or PDF document followed by the extension ".txt").

12. Unless otherwise agreed to by the parties, the only files that must be produced in native format are files not easily converted to image format, such as Powerpoint, Excel, Access files, and drawing files.

13. Each party shall produce the following metadata associated with ESI to the extent reasonably accessible: Production: Begin Bates; Production: End Bates; Production: Begin Attach; Production: End Attach; Relativity Native Type; DocExt; Custodian; DeDuped Custodians; File Name; Author; From; To; CC; BCC; Email Subject; DateTime Created; DateTime Sent; DateTime Modified; Text Link. This information will be included for each document in the load file associated with the images to the extent reasonably accessible. Although it is presumed generally that the above list of metadata fields will be provided, the list of metadata fields is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor and business practices.

14. If a party elects to produce hard copy documents in an electronic format, the production of hard copy documents shall include a cross-reference file that indicates document breaks and sets forth the custodian or source associated with each produced document. Hard copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files shall be produced (or Unicode text format if the text is in a foreign language). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding TIFF or PDF documents followed by the extension ".txt" or ".pdf").

15. Generally, the costs of discovery shall be borne by each party. The Court may, however, apportion the costs of discovery among the parties, including discovery of ESI that is not reasonably accessible, upon a showing of good cause.

16. This Order supplements all other discovery rules and orders and may be modified for good cause. If the parties cannot resolve their disagreements regarding any

modifications, the parties shall comply with all Federal and Local Rules in bringing the dispute before the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 17, 2019

BLOCK & LEVITON LLP

By: <u>Joel Fleming</u>
    Jason M. Leviton (*pro hac vice*)
    Joel A. Fleming (CA Bar No. 281264)
    Jacob A. Walker (CA Bar No. 271217)
    Amanda R. Crawford (*pro hac vice* forthcoming)
    260 Franklin Street, Suite 1860
    Boston, MA 02110
    (t) (617) 398-5600
    (f) (617) 507-6020
    jason@blockesq.com
    joel@blockesq.com
    jake@blockesq.com
    amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: <u>Mark K. Anesh</u>
    Mark K. Anesh (*pro hac vice*)
    77 Water Street, Suite 2100
    New York, NY 10005
    (t) (212) 232-1411
    (f) (212) 232-1399
    mark.anesh@lewisbrisbois.com

    Corinne C. Bertsche (CA Bar No. 174939)
    701 B Street, Suite 1900
    San Diego, CA 92101
    (t) (619) 233-1006

5

3:18-cv-02494-WQH-MSB

(f) (619) 233-8627
Corinne.bertsche@lewisbrisbois.com

*Attorneys for Defendant Sichenzia Ross Ference LLP*

GORDON REES SCULLY MANSUKHANI, LLP

By: <u>John M. Palmeri</u>
John M. Palmeri (*pro hac vice*)
Tamara A. Seelman (*pro hac vice*)
555 Seventeenth Street, Suite 3400
Denver, CO 80202
(t) (303) 534-5160
(f) (303) 534-5161
jpalmeri@grsm.com
tseelman@grsm.com

Maha Sarah (CA Bar No. 218981)
101 W. Broadway, Suite 2000
San Diego, CA 92101
(t) (619) 696-6700
(f) (619) 696-7124
msarah@grsm.com

*Attorneys for Defendant Harvey Kesner*

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED:_____    _____

Honorable Michael S. Berg
United States Magistrate Judge