# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SICHENZIA ROSS FERENCE LLP (F/K/A SICHENZIA ROSS FERENCE KESNER LLP; F/K/A SICHENZIA ROSS FRIEDMAN FERENCE LLP) AND HARVEY KESNER,<br><br>Defendants. | Case No.: 3:18-cv-02494-WQH-MSB<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

    a. Block and Leviton LLP;

    b. Gordon Rees Scully & Mansukhani, LLP; and

    c. Lewis Brisbois Bisgaard & Smith LLP.

3. The term "expert" will mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

4. The term "materials" will include, but is not be limited to: documents, correspondence, memoranda, bulletins, blueprints, specifications, customer lists or other material that identify customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, statements, cancelled checks, contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated into reasonably usable form through detection devices, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, other writings, models and prototypes and other physical objects.

GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers

to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL.""

    a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    6.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

    7.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

        a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL"

        b.    the disclosing party will have the right to exclude from attendance at

        the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

   c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL "," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 2) of the receiving party, by experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a. Individual Parties or Executives of Parties to this action who are required to participate in policy decisions with reference to this action;

   b. Employees and/or Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy

of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 2, except that experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Subject to this Order, the parties may share [non-confidential] material produced in this action with the parties and their counsel in the related case, *MabVax Therapeutics Holdings, Inc. v. Barry Honig, John Stetson, Michael Brauser, John O'Rourke III, Phillip Frost, et al.*, Case No. 19-cv-09810-WQH-MSB (the "Related Case"). Any material produced in this action shall be permitted for use in the Related Case consistent with the terms of this Order. Likewise, any material produced in the Related Case shall be permitted for use in this action consistent with the terms of this Order.

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek a court order to file the material under seal.

14. Any document designated as "CONFIDENTIAL" may be used by any party as an Exhibit at trial, subject to all evidentiary objections to be ruled upon by the Court. The parties may include a description of any such Confidential document in any proposed and filed Exhibit list provided that no Confidential Information is revealed in the description.  Trial Exhibits need not be filed under seal.  Any Trial Exhibit submitted by any party shall be lodged with the Court and returned to the parties at the conclusion of the trial.  Nothing in this paragraph shall prevent a party from applying to the Court for a separate protective order to govern any special handling of any specific Confidential document and/or testimony during trial in a different manner than as set forth in this

paragraph.

15. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The objecting party must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) calendar days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The burden of persuasion in any such challenge shall be on the designating party. The materials at issue must be treated as confidential information until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials

before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL"– SUBJECT TO PROTECTIVE ORDER.

18. No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material.

19. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential or sealed documents and information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential or sealed documents and information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: September 19, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court