**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARK K. ANESH, (*pro hac vice*)
   E-Mail: Mark.Anesh@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1411
Facsimile: 212.232.1399

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CORINNE C. BERTSCHE, SB # 174939
   E-Mail:  Corinne.Bertsche@lewisbrisbois.com
CHARLES S. HAUGHEY, JR., SB # 66148
   E-Mail:  Chuck.Haughey@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233. 1006
Facsimile: 619.233.8627

Attorneys for Defendant
SICHENZIA ROSS FERENCE LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:18-cv-02494-WQH-MSB <br><br> REDACTED COPY OF SEALED **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> **RE: MOTION BY DEFENDANT SICHENZIA ROSS FERENCE LLP TO COMPEL RETURN OF PRIVILEGED DOCUMENTS INADVERTENTLY PRODUCED PRIOR TO LITIGATION, TO PRECLUDE THEIR USE BY PLAINTIFF, AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5)** <br><br> Before: Honorable Magistrate Judge Michael S. Berg <br><br> Date:  As determined by the Court. Trial Date:  None Set. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I.   POSITION OF DEFENDANT SICHENZIA ROSS FERENCE LLP

### A. Mabvax's Counsel Violated their Obligations to Return Privileged Documents Inadvertently Produced by SRF; They Should be Ordered to do so, with Costs /Fees, Sanctions, and Disqualification of Counsel

In California, parties are protected in the event of an inadvertent disclosure of privileged materials by Fed. R. Civ. P. 26(b)(5), and the ethical duty imposed upon California attorneys to protect the privilege, particularly when the producing party provides notification of the error and requests a return of the documents. *E.g.*, *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2017 U.S. Dist. LEXIS 187325, at *8-9, n.2 (S.D. Cal. Nov. 13, 2017).When a receiving party is so notified, it "**must** promptly return, sequester, or destroy the specified information[ ]; **must not use or disclose the information until the claim is resolved**; must **take reasonable steps to retrieve the information if the party disclosed it before being notified**; and may promptly present the information to the court under seal for a determination of the claim. The producing party **must** preserve the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B) (emphasis supplied); *see also* Cal. Code Civ. P. 2031.285 (similar). In California, attorneys receiving such material have an ethical duty to "refrain from examining [them] any more than [ ] to ascertain if the materials are privileged, and [ ] immediately notify the sender[.]" *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007); Cal. R. Prof. Conduct 4.4 (eff. 11/1/18), Comment [1] (citing *Rico*, at *id.*). The recipient attorney is obligated to seek to reach an agreement with the sender or seek guidance from the court. *Ibid.*

As described in the declarations herewith, counsel for Mabvax, Baker Botts ("BB") and Block & Leviton ("B&L"), continually ignored these obligations[1] upon being notified of an inadvertent production of privileged materials that were included

---

[1] BB counsel addressed herein are California attorneys. B&L, by virtue of appearing before this Court, are subject to California rules of professional conduct. *E.g.*, *Lucent Techs v. Gateway*, 2007 U.S. Dist. LEXIS 35502 (S.D. Cal.); *see also Shanghai Automation Instru. Co. v. Kuel*, 194 F.Supp.2d 995 (N.D. Cal. 2000).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                                3:18-cv-02494-WQH-MSB
DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE, AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

in SRF's transfer of the Mabvax client files, prior to the initiation of this litigation. SRF inadvertently produced the subject materials in the midst of extremely voluminous productions of over 130,000 (mostly electronic) documents that were made under the proverbial gun: ███████████████████████ requiring Mabvax's prompt response. To refrain from prejudicing Mabvax by delay, SRF did not review every single document to be produced for privilege. Thus, the productions inadvertently included privileged materials ██████████, and matters wholly unrelated to Mabvax. Despite repeated written and verbal requests by SRF's counsel, not one document was returned. Instead, Mabvax is using such documents in this case and privileged communications were quoted in the Complaint. (SRF Decl., ¶ 14, Ex. A.)

The Court should issue an order compelling the immediate return of the privileged materials identified and precluding their use by Plaintiff, with costs and fees to SRF, and sanctions against Mabvax and its counsel. *See* Fed. R. Civ. P. 26(c)(1)(A)-(B),(D), 26(b)(2)(C)(iii) (courts must establish limits where subject materials are outside scope of discovery under Rule 26(b)(1), which excludes items privileged/irrelevant); *Johnson v. Sea-Land Serv.,* 2001 WL 897185, 2001 U.S. Dist. LEXIS 11447 (S.D.N.Y.) (granting application to preclude use of inadvertently-produced privileged e-mail); Fed. R. Civ. P. 37(a)(5)(A) (made applicable by Rule 26(c)(3)) (if a motion to compel is granted, the court must, after hearing, require party whose conduct necessitated the motion to pay expenses and attorney fees); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (district courts have inherent power to sanction). Alternatively, all documents should be ordered returned so SFR's counsel can do a privilege review and produce non-privileged material with a privilege log.

Mabvax's counsel should also be disqualified. *Rico*, *supra* (counsel disqualified for failing to return and using opposing counsel's notes, protected work product) (citing *State Comp. Ins. Fund v. WPS ("State Fund")*, 70 Cal. App. 4th 644 (1999)); *McDermott Will & Emery v. Sup. Ct.*, 10 Cal. App. 5th 1083, 1092-93 (2017)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2                                                           3:18-cv-02494-WQH-MSB
DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE,
AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

1   (attorney disqualified for refusing to return and using privileged material).

2   **B. The Inadvertent Production Included Materials Subject to Non-Waivable**
    **Attorney-Client Privilege** ████████████████████████████████████

3

4       Once that party establishes facts necessary to support a *prima facie* claim of

5   privilege, privilege is presumed, and the adversary has the burden to establish the

6   communication was not confidential or that privilege does not apply. *Costco*

7   *Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 741 (2009); Cal. Evid. Code 917.

8   The accompanying declarations establish a *prima facie* claim that the inadvertently

9   produced materials are subject to attorney-client privilege ██████████████████████

10  ████████████████████████████████████████████████████████████████.

    Mabvax and its counsel must establish that the documents at issue are not privileged,

11  and will be unable to do so. Under California law, attorney-client privilege is held by

12  *clients*, and cannot be waived by the attorney - who is not the holder of the privilege.

13  Cal. Evid. Code 953; *see also* Cal. Evid. Code 954-55 (attorney may claim privilege

14  on client's behalf). In fact, courts have explicitly held that inadvertent productions by

15  attorneys <u>do not</u> operate to waive privilege.[2] *E.g.*, *Ardon v. City of L.A.*, 64 Cal.4th

16  1176, 1186-87 (quoting *State Fund*); *Newark United Sch. Dist. V. Superior Court*,

17  245 Cap.App.4th 887, 894, 900 (2015) (quoting *State Fund*); *State Fund*, at 654

18  ("'waiver' [under Cal. Evid. Code 912] does not include inadvertent disclosure[ ] by

19  the attorney"). *See FDIC v. Fid. & Deposit Co.*, 196 F.R.D. 375, 380 (S.D.Cal. 2000).

20

21  **C. The Inadvertent Production Included Work Product Privileged Materials**
    **to Which Mabvax is Not Entitled**

22      The accompanying declarations also establish *prima facie* that the inadvertently

23  produced materials are subject to attorney work product privilege, and in connection

24  _____

25  [2] Mabvax's counsel's claim that SRF's representation ███████████████ somehow
    constituted a waiver of privilege is also baseless. *E.g.*, *Official Comm. of Asbestos*
26  *Claimants of G-I Holding v. Heyman*, 342 B.R. 416, 426 (S.D.N.Y.) (quoting *In re*
    *Financial Corp.*, 119 B.R. 728, 737 (C.D. Cal. 1990); *Sage Realty Corp. v.*
27  *Proskauer Rose* ("*Sage Realty*"), 91 N.Y.2d 30 (1997); *Timken Roller Bearing Co.*
    *v. U.S.*, 38 F.R.D. 57, 64 (N.D. Ohio 1964)) (other citations omitted).

28

DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE,
AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   ███████████████████████████ on matters wholly unrelated to Mabvax.

2   The sole category of work-product privileged documents that relates to Mabvax in

3   any manner is comprised of the internal SRF emails improperly quoted in the

4   Complaint herein. (*See* SRF Decl., ¶ 14, Ex. A.) In these emails, SRF attorneys

5   discuss a potential conflict of interest in the Firm's representation of Mabvax and how

6   to deal with it, as well as other matters unrelated to Mabvax. The internal e-mails by

7   SRF attorneys were to address issues that, if unaddressed, could give rise to an actual

8   conflict claim by Mabvax. (*Id.*) Thus, the emails are protected communications in

9   anticipation of litigation with MabVax or others.

10       New York law holds attorneys must be free to discuss such matters, and

11   brainstorm issues and concerns, without disclosure to their clients. *E.g.*, *Sage Realty*,

12   *supra* note 2, at 37 (clients do not have access documents intended for internal office

13   use, due to "need for lawyers to be able to set down their thoughts privately in order

14   to assure effective and appropriate representation"; this "warrants keeping such

15   documents secret from the client involved"); *id.,* at 38 (documents may be withheld

16   "containing [ ] assessment of the client, or [ ] impressions of the [ ] issues presented in

17   the representation, [ ]for the purpose giving internal direction"). The subject emails

18   are protected by work product privilege - even as against Mabvax. *E.g.*, *Krys v.*

19   *Sugrue*, 759 F.Supp.2d 342, 346 (S.D.N.Y. 2011) (emails between "partners chatting

20   about something," "musings between [ ] partners" held privileged under *Sage Realty*,

21   *supra* note 2); *Lippe v. Bairnco Corp.*, 1998 U.S. Dist. LEXIS 20589 (S.D.N.Y)

22   (citing *Sage Realty* privilege), at *3-5.

23       To the extent that California law is in conflict or warrants a different result,

24   New York law should govern. *See Isuzu Motors Ltd. v. Consumers Union of U.S.*, 12

25   F. Supp. 2d 1035, 1043-44 (C.D. Cal. 1998) (court must make separate choice-of-law

26   inquiry with respect to each issue in a case). New York has the greater interest in the

27   application of its laws where the materials at issue (all emails sent to and from

28   attorneys in New York) were exclusively generated in and produced in New York, by

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4                                    3:18-cv-02494-WQH-MSB
DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE,
AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

New York attorneys, at a New York law firm. *See Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1506-7 (9th Cir. 1993); *Rosenthal v. Fonda*, 862 F.2d 1398, 1400 (9th Cir. 1988).

### D. Mabvax has No Claim to Inadvertently Produced Documents that are Irrelevant to its Representation and this Litigation

The accompanying declarations establish that the inadvertent production by SRF included other non-responsive materials relating solely to the administration and finances of the Firm, also irrelevant to Mabvax and this action. (*See* Haughey Decl., ¶ 3.)  Mabvax and its counsel have no basis to continue to use and refuse to return such documents. Fed. R. Civ. P. 26(b)(1). The Court should order them to do so. Fed. R. Civ. P. 26 (b)(2)(C)(iii); *see also Krys*, *supra*, at 345-47 (it was abuse of discretion to disregard limitations set forth by R. 26(b)(1); subject emails were irrelevant and also privileged under *Sage Realty*, *supra* note 2).

### E. Conclusion

SRF respectfully requests that the Court grant its motion to compel Mabvax and its counsel, BB and B&L, to return the inadvertently-produced privileged documents; preclude their use by Plaintiff; order Plaintiff to remove references to privileged communications from its Complaint; for costs, fees and for sanctions; disqualify counsel for Mabvax; and such other relief as the Court deems just and proper.  SRF requests that the Court order Mabvax and its counsel to destroy or return to SRF all of the documents produced by SRF to BB, such that a review of the same documents can be undertaken, and non-privileged documents re-produced pursuant to agreed-upon search terms, together with a privilege log.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: September 24, 2019

By: /s/   *Mark K. Anesh*
    /s/   *Corinne C. Bertsche*
    /s/   *Charles S. Haughey, Jr.*

Attorneys for Defendant
SICHENZIA ROSS FERENCE LLP

DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE, AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## II.   POSITION OF DEFENDANT HARVEY KESNER

Defendant Harvey Kesner ("Kesner"), by and through his undersigned counsel, hereby joins in the Motion by Defendant Sichenzia Ross Ference LLP ("Sichenzia") to Compel Return of Privileged Documents Inadvertently Produced Prior to Litigation, and adopts each and every argument set forth therein.  In addition, Kesner addresses the Court's inquiry – raised during the Discovery Conference on August 27, 2019 – regarding its jurisdiction over pre-litigation discovery issues.  As such, a brief explanation of two bases on which this Court may exercise jurisdiction over Defendants' request that Plaintiff should be ordered to return privileged documents inadvertently produced prior to litigation.

First, Plaintiff's Complaint for Damages, filed on September 10, 2018, includes multiple references to information gleaned from privileged documents inadvertently produced to MabVax prior to the present litigation as discussed by Sichenzia above.  Plaintiff's Complaint is squarely before this Court, and Plaintiff therefore has consented to this Court's jurisdiction on the question of whether it may properly rely on privileged communications to support its claims.

Second, and as the Court is aware, district courts have a broad inherent authority to control their dockets, including discovery, in actions before them. This authority is not limited to jurisdiction over the parties' actions taken *after* litigation is commenced.  For example, under their "inherent power…to levy sanctions in response to abusive litigation practices…," federal district courts may levy sanctions against a party who reasonably anticipates litigation "*prior* to filing of a complaint," but nevertheless fails to preserve potentially relevant evidence.  *See Zest IP Holdings, Ltd. Liab. Co. v. Implant Direct Mfg. Ltd. Liab. Co.*, No. 10cv541-GPC (WVG), 2014 U.S. Dist. LEXIS 171223, at *22-26 (S.D. Cal. June 16, 2014) (emphasis added) (internal citations omitted).  Here, privileged documents were inadvertently produced prior to Plaintiff's filing of a complaint ██████████ ██████████, but Plaintiff's Complaint is based – in part – on information

DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE, AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   gleaned from those privileged communications.  Exercising jurisdiction to order a

2   return of those documents does not stretch this Court's jurisdiction any further than

3   does sanctioning a party for failing to preserve documents once it reasonably

4   anticipated that litigation might be filed.

5                                          Respectfully submitted,
                                           GORDON REES SCULLY MANSUKHANI
6   Dated: September 24, 2019

7                                          By: _/s/ Tamara A. Seelman_____

8                                          Attorneys for Defendant
                                           HARVEY KESNER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS, PRECLUDE THEIR USE,
AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(b)(2), 26(c), 37(a)(5) AND FED. R. EVID. 502(d)

## III.  PLAINTIFF'S POSITION

### A. Facts

As set forth in the accompanying Declarations of Joel Fleming and Jonathan Shapiro, Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") asked Defendant Sichenzia Ross Ference LLP (the "Firm") for its client file in May 2018. In June 2018, the Firm dumped 130,000 electronic documents on MabVax (via its lawyers at Baker Botts LLP) without any internal organization or index (the "Client File").

In late August 2018, the Firm sent Baker Botts a letter suggesting that there "may have been an inadvertent disclosure of confidential and privileged communications" in the Client File. That same day, Baker Botts responded, asking the Firm to identify the specific documents as to which it asserted a privilege. Both Baker Botts and Block & Leviton LLP have repeated this request many times.

At one point, the Firm let *more than ten months lapse* before responding to letters about this issue from MabVax's counsel. And more than a year after MabVax's first request, the Firm still has not provided a proper privilege log or even identified the specific documents at issue. Instead, it demands that MabVax destroy or return the entire Client File, so the Firm may review and re-produce "non-privileged documents … pursuant to agreed-upon search terms … with a privilege log."[3]

### B. The Motion Should Be Denied

The Firm's motion should be denied for five independently sufficient reasons.

*First*, Civil Chambers Rule IV(D) requires discovery motions to be brought within 30 days of the dispute arising.  The Firm is months late. *In re Ameranth Cases*, 2018 WL 1744497, at *1 (S.D. Cal. Apr. 11, 2018) (collecting cases denying discovery motions filed after 30-day deadline).

*Second*, MabVax and its lawyers would be exposed to extraordinary risk if they

---

[3] This would mean, of course, that MabVax would lose access to documents in the Client File that did not hit on the selected search terms, even if the Firm did not assert any privilege as to those documents.

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

voluntarily destroyed the Client File, which has thousands of documents potentially relevant to ████████████████████████████████[4] ███████████████████████████████,[5] and multiple related civil actions.[6] Returning the Client File to the Firm—which, itself, ████████████████████████████[7]—would carry similar risks.

    *Third*, as set forth in the Shapiro and Fleming declarations, neither Baker Botts nor Block & Leviton has yet come across any document in the Client File that appears on its face to be privileged against MabVax. The Firm cannot shift the burden to MabVax's new counsel to search through 130,000 documents in a hunt for potentially privileged materials. If the Firm believes that privileged documents were included in the Client File, it must specifically identify those documents.

    The only *specific* documents that the Firm has ever identified are damning internal emails between Firm partners *about MabVax* sent during the Firm's representation of MabVax: "the noose gets tighter," "just awful," "this is nutz," "how in G-d's name can Harvey be advising this company," (Compl. ¶¶74, 77, 79), *etc.* Those emails were quoted in MabVax's complaint and, in many instances, quoted in Judge Hayes's opinion denying the Firm's Motion to Dismiss. *Compare* ECF No. 36 at 6-13 *with* Ex. A to the Firm's Declaration. The Firm—which failed to raise any objection before Judge Hayes to the use of these emails in briefing on the motions to

---

[4] ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████.

[5] ████████████████████████████████████████████████████████████████████████.

[6] *Liesman v. Hansen*, 18CV2237 (S.D. Cal.); *In re MabVax Therapeutics Holdings, Inc.,* No. 19-10603 (D. Del. Bankr.); *MabVax Therapeutics Holdings, Inc. v. Barry Honig, et al.*, No. 3:19-cv-00981 (S.D. Cal.); *Kesner v. Barron's, Inc.*, 19-cv-61370 (S.D. Fla.).

[7] ████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    dismiss—now says those internal emails are privileged under *Sage Realty Corp. v.*

2    *Proskauer Rose*, 91 N.Y.2d 30 (1997). But even if New York law governed (and it

3    does not),[8] the *Sage Realty* doctrine does not apply where, as here, a client is suing

4    its lawyers for malpractice and breach of fiduciary duty.  *Bolton v. Weil, Gotshal &*

5    *Manges LLP*, 836 N.Y.S.2d 483, at *4 (Sup. Ct. 2005).[9] And even if *Sage* did apply,

6    it does not hold that attorneys' internal emails are privileged. *In re Black Diamond*

7    *Min. Co., LLC*, 507 B.R. 209, 217 (E.D. Ky. 2014). Rather, *Sage Realty* defines the

8    scope of "the contents of the attorney's file" that a client can require his lawyer to

9    produce, on demand, outside of litigation. 91 N.Y. 2d at 36; *Polin v. Wisehart &*

10   *Koch*, 2002 WL 1033807, at *3 (S.D.N.Y. May 22, 2002) (*Sage* did not limit scope

11   of discovery in malpractice action). Here, the Firm voluntarily provided these

12   documents in response to MabVax's request for the client file without any argument

13   that they were beyond the scope of the "client file" as defined by *Sage Realty*.

14   *Fourth*, for the other, unidentified documents in the Client File, as the party

15   asserting privilege, the Firm has the burden of proof to show "the documents …

16   'inadvertently' produced to plaintiff are privileged[.] *Callan v. Christian Audigier,*

17   *Inc.*, 263 F.R.D. 564, 566 (C.D. Cal. 2009). The Firm has not met its burden.

18   On August 30, 2018—the same day the Firm first raised a privilege concern—

19   Baker Botts requested a privilege log, identifying specific documents. A year later,

20   the Firm still has not provided one.

21   The "log of categories" attached as Exhibit A to the Haughey Declaration—

22   which was first provided to MabVax with the Firm's portion of this motion (*i.e.*, **one**

23   **year after the first request**)—is entirely insufficient. Under California law, "[t]he

24   _____

25   [8] This case is governed by the law of California.  ECF No. 36 at 46 n.3.

26   [9] *Krys v. Sugrue*—which, bizarrely, the Firm relies on—makes this point very

27   clearly. 759 F. Supp. 2d 342, 347 (S.D.N.Y. 2011) ("malpractice claims [were] not

28   before the Court," so legal-malpractice exception to *Sage Realty* did not apply).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  information in the privilege log must be sufficiently specific to allow a determination

2  of whether each withheld document is or is not in fact privileged." *Ritchie v. Sempra*

3  *Energy*, 2015 WL 12912030, at *4 (S.D. Cal. June 11, 2015) (quoting *Wellpoint*

4  *Health Networks, Inc. v. Superior Court*, 59 Cal.App.4th 110, 130 (1997)). "A

5  privilege log identifies **each** document for which a privilege is claimed, with its

6  **author**, **date of preparation**, **all recipients** and the **specific privilege claimed**."

7  *Sempra*, 2015 WL 12912030, at *4 (emphasis added) (quoting *Hernandez v. Superior*

8  *Court*, 112 Cal.App.4th 284, 291 n.5 (2003)).

9        The Haughey "log of categories" does not provide enough detail to even

10  *identify* specific documents, let alone evaluate any claimed privilege. The "log" does

11  not identify *any* specific documents, *any* authors, *any* dates of preparation, or *any*

12  recipients. The "log" groups ▮▮▮▮▮▮▮▮▮▮▮▮▮ under a single "category" of

13  privilege. Yet until August 30, 2019, the only specific clients that the Firm had ever

14  identified as holding a potential privilege were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮ Both were agents of MabVax, so no privilege could

16  have ever existed against MabVax. *Fiduciary Tr. Int'l of California v. Sup. Ct.*, 218

17  Cal. App. 4th 465, 482 (2013).  The Haughey "log" also lists—under a "privilege"

18  heading—a grab bag of other arguments that are not attorney-client privilege (*e.g.*,

19  "irrelevant and unrelated to Mabvax [*sic*]; the Firm's right of privacy and the

20  proprietary information privilege."). In short, the Haughey "log of categories" does

21  not come close to meeting the minimal requirements of a privilege log.

22        By refusing to provide *any* log for a year, then providing a "log of categories"

23  so obviously deficient on its face, the Firm has failed to meet its burden of proving

24  that any documents in the Client File are privileged. In *Callan*, the Court held that

25  defendants had not proved that any privilege existed where, as here, they produced

26  over one hundred thousand documents without any system to allow plaintiff to locate

27  the 'inadvertently' produced documents and did not identify documents on a proper

28  privilege log. 263 F.R.D. at 565–66; *see also Burlington N. & Santa Fe Ry. Co. v.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

1   *U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (privilege

2   was waived where sophisticated litigant took six months to serve log and log, when

3   belatedly served, was insufficient); *Porter v. City & Cty. of San Francisco*, 2018 WL

4   4215602, at *5 (N.D. Cal. Sept. 5, 2018) ("Failure to produce a timely privilege log

5   may result in waiver.") (collecting cases).[10]

6         *Finally*, even if the Firm had adequately established that a privilege ever

7   existed, any privilege has now been waived by the Firm's haphazard production and

8   extraordinarily dilatory response. "The following factors … determine whether the

9   failure to specifically identify a document or a claim of privilege was excusable

10  inadvertence: (1) the precautions taken to properly assert the privilege, (2) the time

11  taken to rectify the error, (3) the scope of discovery, (4) the extent of the objection or

12  claim of privilege, and (5) overriding issues of fairness." *Cunningham v. Connecticut*

13  *Mut. Life Ins.*, 845 F. Supp. 1403, 1409 (S.D. Cal. 1994).

14        Here, the Firm admits it did not even bother to review all of the documents it

15  produced. Kesner Dec. ¶21. And it certainly did not timely rectify its error. A year

16  after raising the issue, the Firm has *never* identified specific documents (other than

17  the damning internal emails about MabVax quoted in the complaint) and has *never*

18  provided a proper privilege log. Instead, it has tried to force MabVax to either hunt

19  for ill-defined categories within a 130,000-document production or destroy

20  documents relevant to ███████████████████.

21        The Court should deny the Firm's Motion and, pursuant to Rule 37(a)(5)(B),

22  award to MabVax the fees it incurred in responding. *See Callan*, 263 F.R.D. at 56.

23  Dated: September 23, 2019                    BLOCK & LEVITON LLP

24                                        By:   */s/ Joel A. Fleming*

25  _____

26  [10] Also, as in *Callan*, the declarations "do not establish … how [the Firm] reviewed
    the allegedly privileged documents ,.. or what precautions [it] took to prevent the
27  disclosure of allegedly privileged documents to plaintiff; thus, [the Firm has] not
    shown [its] production of any document was 'inadvertent.'" 263 F.R.D. at 566.
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice*
forthcoming)
Amanda Crawford (*pro hac vice*
forthcoming)
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax
Therapeutics Holdings, Inc.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE