Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
Amanda R. Crawford (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER,<br><br>Defendants. | Case No.: 3:18-cv-02494-WQH-MSB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER TO SEAL THE DEFENDANTS' *EX PARTE* MOTION REQUESTING SEALING OF THE PARTIES' JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Before: Magistrate Judge<br>Michael S. Berg<br><br>Date/Time: To Be Set By Court |

## I. INTRODUCTION

The common law from its inception was wedded to the Anglo-Saxon tradition of publicity, and the ancient rule that courts of justice are public.

- *Gannett Co. v. DePasquale*, 443 U.S. 368, 419 (1979) (cleaned up).

There is a dispute between Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") and Defendant Sichenzia Ross Ference LLP (the "Firm") relating to the Firm's demand that MabVax destroy or return to the Firm the client file that the Firm produced to MabVax in June 2018 (the "Client File"). The parties have briefed a Joint Motion for Determination of Discovery Dispute regarding this dispute (the "Joint Discovery Motion").

In a bizarre Russian-nesting-doll sequence of secrecy, the Firm, joined by co-Defendant Kesner, now move *ex parte* for leave to file, under seal, an *ex parte* motion which will, in turn, seek leave to file, under seal, the Joint Discovery Motion.[1]

Both sealing motions should be denied.

At bottom, this is a case about the rules of professional conduct and attorneys' fiduciary duties to their clients. Those rules and duties exist to "to protect the public, the profession and the system of justice."[2] Moreover, beyond the duties that every attorney owes to her clients, securities attorneys such as the Firm and Mr. Kesner, are also entrusted as "gatekeepers" who have a special duty to protect public investors and the public securities markets from fraud and manipulation.[3]

---

[1] The pending application is the "Application to Seal The Motion To Seal." The forthcoming, proposed-to-be-sealed motion to seal the Joint Discovery Motion is the "Motion to Seal The Joint Discovery Motion."

[2] *In re Oladiran*, No. MC-10-0025-PHX-DGC, 2010 WL 3775074, at *8 (D. Ariz. Sept. 21, 2010).

[3] *See, e.g.*, Peter C. Kostant, *From Lapdog to Watchdog: Sarbanes-Oxley Section*

According to the Firm's website, "PlacementTracker … has ranked Sichenzia Ross Ference LLP among the most active issuer counsels in the U.S. PIPE and private placement markets for the second quarter of 2019[.]"[4] So it is not surprising that the actions of the Defendants and their co-conspirators in this matter are a matter of significant public interest.[5]

Fortunately for the public, there is a strong presumption of public access to the courts. To succeed in the motions to seal, Defendants must provide compelling reasons supported by specific facts. They have failed to do so.

## II. ARGUMENT

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980). So "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

Because a motion to seal infringes on the public's critical right to open courts, it must overcome a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome

---

*307 and A New Role for Corporate Lawyers*, 52 N.Y.L. SCH. L. REV. 535, 544 (2008) ("there can now no longer be any serious doubt that corporate lawyers must act as gatekeepers, part of whose role is to help ensure that their corporate clients comply with the law.").

[4] Sichenzia Ross Ference LLP, *Sichenzia Ross Ference LLP Ranked as a Top Issuer Counsel for 2019 Q2* (July 24, 2019), https://srf.law/sichenzia-ross-ference-llp-ranked-as-a-top-issuer-counsel-for-2019-q2/

[5] Bill Alpert, *The Lawyer at the Center of SEC Pump-and-Dump Case*, BARRON'S (Oct. 4, 2018); Dave Michaels, *Ex-Teva Chairman, Blockchain Investor Accused of Pump-and-Dump Scheme*, WALL STREET JOURNAL (Sept. 7, 2018).

that strong presumption, Defendants must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up).[6]

The Application to Seal the Motion to Seal does not come close to clearing that high bar. The *entire* argument in support of the Application to Seal the Motion to Seal is: "it contains nonpublic facts that, if filed publicly, would moot reasons [*sic*] for seeking the seal of the JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE." ECF No. 70 at 2.

That cannot possibly be enough.

"[S]ealing motions must be supported by more than boilerplate assertions that material should be removed from public access." *Larkin v. Home Depot. Inc.*, No. C-13-2868 LB, 2014 WL 5364749, at *3 (N.D. Cal. Oct. 21, 2014). The Firm was required to make a "particularized showing" and it failed to do so. *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Defendants do not cite a single case granting leave to seal based on such a conclusory showing.

Even if Defendants had bothered to articulate their reasons, the Application to Seal the Motion to Seal should still be denied. They appear to have two bases for sealing the Joint Discovery Motion: (1) glancing references to MabVax's cooperation with an investigation by the Securities and Exchange Commission (the "SEC") and (2) the Firm's identification of certain of its clients other than MabVax.

---

[6] A slightly less stringent, "good cause" standard applies to documents that were produced in discovery pursuant to a protective order that are attached to a non-dispositive motion. *Id.* at 1179-80. Here, however, none of the documents at issue were produced pursuant to a protective order, so Defendants must show "compelling reasons."

OPPOSITION TO APPLICATION TO SEAL                    3                    CASE NO. 3:18-cv-02494-WQH-MSB

Nothing about that requires sealing.

With respect to the SEC investigation, there is no compelling reason to seal "facts already in the public record." *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014). The lengthy complaint that resulted from the SEC's investigation is public, *SEC v. Honig, et al.*, 1:18-cv-08175-ER (S.D.N.Y. Sep. 7, 2018), ECF No. 1, and almost all documents filed on the docket in that action are public. Similarly, the fact that MabVax is one of the three companies discussed in the SEC's complaint was disclosed in MabVax's public filings (*see* Form 10-Q filed by MabVax on October 15, 2018) and reported in the Wall Street Journal (Dave Michaels, *Ex-Teva Chairman, Blockchain Investor Accused of Pump-and-Dump Scheme*, WALL STREET JOURNAL (Sept. 7, 2018)).

Specific details relating to MabVax's cooperation with the SEC—and Defendants' disloyal actions to undermine that cooperation—are also spelled out in a number of public documents, including: the complaint filed in this action (ECF No. 1-2), Judge Hayes' opinion denying Defendants' motions to dismiss or transfer (ECF No. 36), and MabVax's filings in connection with its bankruptcy petition (*see, e.g.*, Declaration of J. David Hansen In Support of Debtors' Chapter 11 Petitions and First Day Motions, ECF No. 10 in *In re MabVax Therapeutics Holdings, Inc.*, 19-10603-CSS (D. Del. Bankr. Mar. 21, 2019)).

Emphasizing the wildly overreaching nature of Defendants' sealing request, they have redacted MabVax's citations to documents filed publicly in unredacted form in the *SEC v. Honig* action. *See* ECF No. 70-4 at 9 (redacting footnotes 4, 5, and 7 which cite to public documents on the *SEC v. Honig* docket); ECF No. 70-13 ¶6 (redacting the Fleming Declaration's citation to the *SEC v. Honig* action). Similarly, Defendants have redacted Exhibit A to the Rastogi Declaration (ECF No. 70-10) to remove statements in internal emails among Firm partners that were quoted

publicly in Judge Hayes' opinion denying the motions to dismiss. ECF No. 36,

Defendants appear to concede that there is no basis to seal the fact that the dispute addressed in the Joint Discovery Motion involves, in part, documents as to which the Firm asserts a purported privilege held by clients other than MabVax. *See* ECF No. 70-4 at 11 (in the redacted version of the Joint Discovery Motion, Defendants do not redact the phrase: "the only specific clients that the Firm had ever identified as holding a potential privilege were --"); ECF No. 70-13 ¶17 (in the redacted version of the Fleming Declaration, Defendants do not redact the phrase: "I also provided legal authority explaining why the Firm's internal emails about MabVax were not privileged and why communications with MabVax's agents, --, could not be privileged.").

The identities of those clients—absent extremely unusual circumstances—are neither privileged nor confidential. *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) (client identities are generally not privileged); Cal. Formal Opp. 2011-182 at 4 ("In most situations, the identity of a client is not considered confidential").[7] Indeed, the Firm's website routinely trumpets the names of the clients that it represents.[8]

So what's really going on? Why these intricate, motion-to-seal-the-motion-to-seal machinations for such anodyne facts? Embarrassment. The underlying facts of this case show the Firm to be disloyal and dishonest. The facts relevant to the

---

[7] "[T]he identity of a client is privileged information if revelation of that identity would constitute an acknowledgement of guilt of the offense that led the client to seek legal assistance." *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992). Given the extreme facts present in this case it is, hypothetically, possible that evidence of a client relationship between Defendants and one of their various co-conspirators might constitute evidence of criminal liability but a far more specific factual showing would be necessary to justify the requested relief.

[8] *See* https://srf.law/category/news/.

Joint Discovery Motion show it to be inattentive and incompetent. But the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. In short, a defendant's desire to keep things "secret because of bad publicity or some other reason," is "not compelling to anyone but [the d]efendant." *Weinstein v. Equifax Info. Servs. LLC*, No. CV178704DSFJEMX, 2019 WL 1948202, at *1 (C.D. Cal. Apr. 25, 2019).

## III. CONCLUSION

The Application to Seal the Motion to Seal should be denied. So should the Motion to Seal the Joint Discovery Motion.

DATED: September 26, 2019            BLOCK & LEVITON LLP

By: /s/ Joel A. Fleming
    Jason M. Leviton (*pro hac vice*)
    Joel A. Fleming (CA Bar No. 281264)
    Jacob A. Walker (CA Bar No. 271217)
    Lauren Godles Milgroom (*pro hac vice* forthcoming)
    Amanda Crawford (*pro hac vice* forthcoming)
    260 Franklin Street, Suite 1860
    Boston, MA 02110
    (t) (617) 398-5600
    (f) (617) 507-6020
    jason@blockesq.com
    joel@blockesq.com
    jake@blockesq.com
    lauren@blockesq.com
    amanda@blockesq.com

    *Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*