Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
Amanda R. Crawford (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:18-cv-02494-WQH-MSB <br><br> **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> **RE: MOTION BY PLAINTIFF TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS CONTAINING DEFENDANTS' FINANCIAL INFORMATION** <br><br> Before: Honorable Magistrate Judge Michael S. Berg <br><br> Date:  As determined by the Court. <br> Trial Date:  None Set. |

## I. PLAINTIFF'S POSITION

### A. Facts

As set forth in the accompanying Declaration of Joel Fleming, Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") served Defendant Sichenzia Ross Ference LLP (the "Firm") and Defendant Harvey Kesner ("Kesner") (collectively, "Defendants") with separate requests for production of documents (the "Firm Requests" and "Kesner Requests") on July 31, 2019. On September 17, 2019, both the Firm and Kesner served their Responses (the "Responses") on MabVax.[1]

Through Firm Request No. 26[2] and Kesner Request No. 22,[3] MabVax seeks documents concerning the Firm's and Kesner's income, assets, and liabilities—information vital to MabVax's claim for punitive damages. The language of the requests is borrowed from Ore. Rev. Stat. § 107.089, which identifies the "mandatory discovery" that parties in divorce actions must produce as evidence of their financial status.

In their respective responses,[4] the Firm and Kesner have asserted blanket refusals to respond to these Requests and have asserted improper boilerplate objections as to overbreadth, burden,[5] relevance, and privacy. The Firm has also asserted that it need

---

[1] The parties have met and conferred and have reached impasse with respect to these issues. *See* Declaration of Joel Fleming ("Fleming Dec.") ¶ 2. The parties are continuing to meet-and-confer with respect to other issues relating to the Requests and Responses.

[2] Fleming Dec., Exhibit A (Firm Requests).

[3] Fleming Dec., Exhibit B (Kesner Requests).

[4] *See* Fleming Dec., Exhibit C (Firm Responses) and Fleming Dec., Exhibit D (Kesner Responses) for the full text of Defendants' Responses. For ease of reference, Defendants' objections to the specific requests at issue are attached hereto as Appendices A and B.

[5] The boilerplate objections as to overbreadth and burden are insufficient. *See, e.g.*, *Rogers v. Giurbino*, 288 F.R.D. 469, 487 (S.D. Cal. 2012) (explaining that "[a]n objecting party must make some showing that the interrogatory is unduly burdensome or overly broad" and overruling objections where plaintiff failed to make such a

not respond based on "tax payer privileges" and the assertion that the request is premature.

**B. Argument**

*1. Defendants' Financial Information is Subject to Discovery Because MabVax has Viable Claims for Punitive Damages*

Each of Defendants' objections is without merit. Under California law, "plaintiffs may recover punitive damages in a legal malpractice action if the attorneys, themselves, are guilty of 'oppression, fraud, or malice.'"[6] Here, the Court has already held that MabVax has pled viable claims against Defendants for malpractice, breach of fiduciary duty, and fraud.[7] There can be no dispute that "where a plaintiff states a claim for punitive damages, a defendant's financial information is relevant."[8] Furthermore, "[t]he majority of federal courts, in these cases, permit pre-trial discovery of such financial information, without requiring Plaintiff to first 'establish a prima facie case on the issue of punitive damages.'"[9] Courts in this district have also overruled privacy objections in such cases because "courts have routinely found that such information can be adequately protected by [a] protective order."[10]

In response to Defendants' objections, MabVax agreed to limit Firm Requests 26(a)-(c) and (e) and Kesner Requests 22(a)-(c) and (e) to responsive documents over

---

showing).

[6] *Ferguson v. Lieff, Cabraser, Heimann & Bernstein, LLP*, 30 Cal. 4th 1037, 1053 n.3 (2003) (emphasis omitted) (quoting Cal. Civ. Code § 3294 (subd. (a))).

[7] ECF No. 36 at 41-48.

[8] *Toranto v. Jaffurs*, 2018 WL 6062516, at *3 (S.D. Cal.) (slip opinion) (listing cases).

[9] *Id.* (quoting *Echostar Satellite LLC v. Viewtech, Inc.*, 2009 WL 10672432, at *2-3 (S.D. Cal.)).

[10] *Id.* (quoting *Echostar*, 2009 WL 10672432, at *3); *see Garcia v. Progressive Choice Ins. Co.*, 2011 WL 4356209, at *5 (S.D. Cal.) (ruling that "[a] Protective Order suffice[d] to maintain the confidential nature" of "material such as creditor account information, bank records, and loan agreements" sought in discovery).

the last *two* years, instead of five years—a time period that has been cited with approval by courts in this district.[11] Defendants, however, have maintained their objections in spite of this offer to compromise.[12]

### 2. The Taxpayer Privilege Does Not Shield the Requested Documents from Disclosure

The taxpayer privilege does not exempt Defendants from responding to requests about their financial information because "[t]ax returns and related documents 'do not enjoy an absolute privilege from discovery.'"[13] "In the Ninth Circuit, discovery of tax returns is allowed when [1] they are relevant and [2] there is a compelling need for the returns because their information is not otherwise readily attainable from an alternative source."[14]

As noted above, "where a plaintiff states a claim for punitive damages, a defendant's financial information is relevant."[15] Because MabVax has met its burden of proving relevance, "the burden shifts to the party opposing production to show that other sources exist from which the information is readily available."[16] Defendants have failed to meet that burden here. Indeed, they have refused to produce *any* financial information in response to MabVax's Requests—much less documents that would contain the same information as the tax documents. Thus, MabVax has

---

[11] *See, e.g.*, *Toronto*, 2018 WL 6062516, at *4 (listing cases). MabVax also reserves the right to seek five years' worth of documents if MabVax learns that the Firm or Kesner has concealed assets.

[12] *See* Fleming Dec. ¶ 9.

[13] *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190-91 (C.D. Cal. 2006) (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).

[14] *Freaner v. Valle*, 2012 WL 4486293, at *1 (S.D. Cal. 2012) (citation omitted) (cleaned up).

[15] *Toronto*, 2018 WL 6062516, at *3.

[16] *Garber*, 234 F.R.D. at 191 (citation omitted) (cleaned up).

demonstrated a compelling need for these documents. To the extent Defendants have privacy concerns, the "impact of the disclosure of the information can be protected by [the] carefully drafted protective order" that the Court has already entered.[17]

Dated: October 15, 2019

BLOCK & LEVITON LLP
By: */s/ Joel A. Fleming*
Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
Amanda Crawford (*pro hac vice* forthcoming)
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

---

[17] *Id.* (cleaned up).

## II. DEFENDANT SICHENZIA, ROSS, FERENCE LLP'S POSITION

### A. Mabvax's Claim for Punitive Damages Has Not Been Established at this Stage, and Should Not Form a Basis for Overbroad Discovery that May Ultimately be Irrelevant and Unnecessary

Mabvax asserts entitlement to discovery of the Firm's financial information based solely on its pleading of punitive damages relief.[18] At this stage, any claim to entitlement to such relief is <u>unfounded</u>. California law authorizes punitive damages in non-contract actions "**where it is proven by clear and convincing evidence** that the defendant has been guilty of oppression, fraud, or malice[.]"[19] While this Court concluded the complaint **alleges** a **"plausible inference"** sufficient for the fraud claim to proceed (ECF Doc. No. 36 at p. 48), this is a far cry from what is required for entitlement to punitive damages, or discovery in support of such relief. Importantly, that Plaintiff has adequately pleaded a claim – in a complete vacuum before the commencement of discovery - <u>does not</u> make adequacy of a punitive damages allegation a foregone conclusion. For example, in *Diehl v. Starbucks Corp.*, No. 12CV2432AJB(BGS), 2014 U.S. Dist. LEXIS 9866 (S.D. Cal. Jan. 27, 2014), the district court declined to dismiss Plaintiffs' fraud-based claims, yet nevertheless dismissed the punitive damages pleading, finding that the plaintiffs' allegations fail to show the defendant "acted **with an intent to cause injury** [ ], acted **in a 'despicable' manner** that subjects a person to cruel or unjust hardship, or acted fraudulently **with the intent to injure**."[20] In other words, the *Diehl* court and other federal courts have found that a plaintiff must show the defendant's conduct was sufficiently outrageous

---

[18] State and federal courts identify punitive damages as a form of relief—not a claim.
[19] Cal. Civ. Code § 3294.
[20] *Diehl*, at *id.* (emphasis supplied). Indeed, Cal. Civ. Code § 3294 describes the level of conduct required for a finding of punitive damages as "despicable conduct." "Despicable conduct" is defined in 2 CACI §§ 3945-3946 as "conduct which is so vile, base, contemptible, miserable, wretched or loathsome[.]" "Such conduct has been described as '[having] the character of outrage frequently associated with crime.'" *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994). "The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages." *Id.* "Punitive damages are proper only when the tortious conduct rises to [an extreme] level[]." *Id.*

to support entitlement to punitive damages.[21]  In *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009), the district court called this approach a "heightened standard," and ultimately held that the defendant's financials were properly at issue based on "sufficient evidence" in **deposition testimony** establishing conduct sufficiently egregious to warrant punitive damages relief.

This Court did not hold that the Firm's alleged conduct was sufficiently outrageous. At this stage, the Court should not permit Plaintiff's "plausible" allegations to form a basis for discovery in connection with punitive damages relief. Plaintiff has not shown that it will ever be able to establish punitive damages. The Court's and the parties' resources should be preserved by delaying such discovery until it is determined whether or not such relief is even relevant in the first instance.[22] Delaying discovery of the Firm's financials is also warranted by the fact that the Firm's net worth, for purposes of any punitive damages, would be measured at the

---

[21] *E.g.*, *Vivino v. Everlast Sporting Goods Mfg. Co., Inc.*, 1987 U.S. Dist. LEXIS 8730 (E.D. Pa. Sept. 28, 1987) (allegations must support contention that defendant's conduct was sufficiently outrageous to warrant punitive damages award and not merely a pretext for unwarranted discovery of financial material); *see also Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. PA 1983) (defendants not required to disclose financials as court found punitive damages relief insufficiently supported; the relief may ultimately not even be an issue); *Roberts v. Shawnee Mission Ford., Inc.*, 2002 WL 1162438 at *2-3 (D. Kan. Feb. 7, 2002) (allegations must be sufficient to claim punitive damages before defendants' financials become relevant).

[22] *E.g.*, *Brooks v. Motsenbocker Advanced Devs., Inc.*, No. 07cv773BTM(NLS), 2008 U.S. Dist. LEXIS 46447, at *12-13 (S.D. Cal. June 13, 2008) ("Plaintiffs admittedly seek extensive financial information … solely for the issue of punitive damages. **But they do not need the information at this time to prepare the heart of their case**. … [T]his Court finds that Plaintiffs will suffer no prejudice in postponing the production of Defendants' financial information until after the ruling on the summary judgment motion, and only if the issue of punitive damages remains relevant." (*Emphasis added*.)). *See also, e.g.*, *Learjet Inc. v. MPC Prods. Corp.*, 2007 U.S. Dist. LEXIS 58451 (D. Kan. Aug. 8, 2007) (production of financials stayed until either following denial of a dispositive motion, or following the deadline for filing dispositive motions if no motion had been filed). This result is consistent with the fact that Fed. R. Civ. P. 54(c) entitles plaintiffs to punitive damages relief if they later prove entitlement—even if the relief is not specifically demanded in their pleadings. *E.g.*, *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) (Rule 54(c) "contemplates an award of punitive damages if the party deserves such relief—whether or not a claim for punitive damages appears in the complaint"). In such cases, discovery of financials would properly take place later—post-liability inquiry regarding damages.

time of trial.[23]  Here, trial is not expected to begin until sometime in 2021.  By that time, any information provided in response to Plaintiff's present demand would be stale and irrelevant to the Firm's net worth <u>in 2021</u>.[24]

### B. Firm Request No. 26 Should Not Be Upheld, Even as Limited by Plaintiff; it Remains Extremely and Impermissibly Overbroad

As Mabvax is well aware, its Request No. 26 to the Firm is extremely and impermissibly overbroad under the very case law it cites—even as limited.  As limited, Request No. 26 demands "[a] All financial statements and credit card and loan applications prepared by or for the Firm during the last [two] calendar years; [b] All income statements and balance sheets for the Firm for the last [two] calendar years; [c] All federal and state income tax returns filed by the Firm for the last [two] calendar years; [and] [e] All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by the Firm during the last [two] calendar years[.]"—together with **<u>nearly ten years</u>** of **"All Documents"** relating to Firm debts and real property—plus documents showing "all … [Firm] personal property," securities, and retirement accounts **<u>for nearly ten years</u>**—plus **"All** financial institution or brokerage account records on any account the Firm has had any interest or signing privileges in the past year[.]"[25] (Emphasis supplied.) This demand is anything but "narrowly tailored to obtain information relevant only to defendant's current net worth"[26]—the scope of discovery warranted only upon a showing of entitlement to punitive damages.[27]  In *L.S. v. Oliver*,

---

[23] *E.g.*, *Washington v. Farlice* (1991) 1 Cal. App. 4th 766, 777 (following remand for a new trial, court should consider defendant's financial condition at the time of retrial); *Zhadan v. Downtown Los Angeles Motor Distributors, Inc.* (1979) 100 Cal. App. 3d 821, 839 (defendant's financial condition at the time of the second trial is relevant, not at the time of the first trial or at the time of injury).
[24] *E.g.*, *L.S. v. Oliver*, *supra*, at * 8 ("[I]nformation about a defendant's past financial information is not relevant to the claim of punitive damages.").
[25] Subsections (f) through (j) of Request No. 26 do not reference any time-frame for the information sought, and appear to be subject to Mabvax's stated default time-frame of January 1, 2010 through the present.
[26] *L.S. v. Oliver*, *supra*, at *8.
[27] *E.g.*, *Echostar Satellite Ltd. Liab. Co. v. Viewtech, Inc.*, No. 07cv1273 W (AJB),

2019 U.S. Dist. LEXIS 170529 (S.D. Cal. Oct. 1, 2019), for example, the district court found "the types of documents Plaintiff [ ] requested … to be excessive."[28] Notably, the demand found to be excessive in that case was **narrower** than Mabvax's Request No. 26 here. In *L.S. v. Oliver*, the district court ultimately limited production to "balance sheets, statements of income, and statements of cash flow from 2017 to 2019."[29] When, and if, this Court deems Mabvax entitled to discovery in connection with punitive damages relief, the scope of discovery of the Firm's financials should be so limited. The Firm's objections to Mabvax's Request No. 26 should be sustained, as the request is not tied in any manner to the appropriate scope of discovery explicated in the case law.

### C.  Mabvax is Clearly Not Entitled to the Firm's Tax Returns Under the Case Law

For the same reasons identified above, Mabvax is clearly not entitled to two years (or any years) of the Firm's federal and state tax records. Moreover, California district courts specifically sustained objections to the production of tax records in identical circumstances, where plaintiffs sought financial records in connection with punitive damages relief. For example, in *L.S. v. Oliver* (S.D. Cal. 2019), discussed *supra*, the plaintiff's request for two years of federal tax returns was found "excessive." (State tax returns were not even demanded in that case.) The district court in *EEOC v. Cal. Psychiatric Transitions* (E.D. Cal. 2009), *supra*, also reached the same conclusion when the plaintiff demanded only federal tax returns. The case law unequivocally recognizes a privacy interest in litigants' tax returns, and does not order production of the same unless "[1] they are relevant and [2] there is a compelling

---

2009 U.S. Dist. LEXIS 142428, at *4, *14 (S.D. Cal. July 11, 2009) (Motion to compel "documents … sufficient to establish Defendant's net worth" granted).
[28] *Id.*, at * 8 (citing *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. at 395 (Finding "Plaintiff can obtain a picture of Defendant's financial condition adequately without all of the requested information[,]" the court limited production to "balance sheets, statements of income, and statements of cash flow" between 2007 and 2009.)).
[29] *Id.*, at * 8 ("The Court does not find any reason (and Plaintiff has not provided one) as to why the documents identified by Defendant would not provide a reliable indication of Defendant's current net worth, including [ ] assets and liabilities.").

need for the returns because [the] information is not otherwise readily attainable from an alternative source."[30]  Mabvax simply states this standard has been met, while not even making the specter of any such showing.[31]  As it is well-established in a variety of contexts, "[m]erely employing the magic words" in a conclusory manner is insufficient.  *Diehl*, *supra*, at *40.

### D. Conclusion

For the foregoing reasons, the Firm respectfully submits that its objections to Mabvax's Request No. 26 must be sustained.

Dated: October 25, 2019        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Mark K. Anesh
Mark K. Anesh (*pro hac vice*)
Sarah A. Adam (*pro hac vice* forthcoming)
77 Water Street, Suite 2100
New York, NY 10005
Tel.: (212) 232-1411
Fax: (212) 232-1399
Mark.Anesh@lewisbrisbois.com
Sarah.Adam@lewisbrisbois.com
Corinne C. Bertsche (CA Bar No. 174939)
701 B Street, Suite 1900
San Diego, CA 92101
Tel.: (619) 233-1006
Fax: (619) 233-8627
Corinne.Bertsche@lewisbrisbois.com
*Attorneys for Defendant*
*Sichenzia Ross Ference LLP*

---

[30] *See* Plaintiff's *supra* note 14, quoting *Freaner v. Valle*, 2012 WL 4486293, at *1 (S.D. Cal. 2012) (the standard was not met). *See also*, e.g., *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions[s].'"); *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).
[31] Mabvax citation to *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006) is uninformative because *A.Farber* was a RICO case; defendants' tax records have been held to be specifically relevant in RICO cases. *See id.* at 190-91.

## III. DEFENDANT HARVEY KESNER'S POSITION

### 1. *Plaintiff is not entitled to punitive damages.*

Plaintiff seeks punitive damages on its claims for breach of fiduciary duty and fraud. (ECF No. 1-2 at ¶¶ 102, 128). These claims are based on the same facts as Plaintiff's claim for legal malpractice. (ECF No. 1-2 at ¶¶ 91-98). Plaintiff does not seek punitive damages on its legal malpractice claim and under that claim describes Defendants' conduct as "negligent". (ECF No. 1-2 at ¶¶ 91-98). Under New York[32] and California[33] law, Plaintiff cannot recover additional damages by adding duplicative claims.[34]  New York and California law further provide the measure of damages in a malpractice action is the value of the claim lost and that plaintiff is entitled only to be made whole.[35] By definition, punitive damages are not intended to make the plaintiff whole by compensating for a loss suffered.[36]

Further, Plaintiff's allegations track an SEC proceeding that had directed subpoenas to Plaintiff and its management, but two years after issuing the subpoenas, the SEC proceeding has not resulted in any findings supporting Plaintiffs

---

[32] *Postiglione v. Castro*, 990 N.Y.S.2d 257, 259 (N.Y. App. Div. 2014; *Sonnenschine v. Giacomo,* 295 A.D.2d 287, 288 (1st Dept.2002) (breach of fiduciary duty dismissed as duplicative of malpractice claim). *Betz v. Blatt*, 984 N.Y.S.2d 378, 382 (N.Y. App. Div. 2014) (breach of fiduciary duty and fraud dismissed as duplicative of malpractice claim").
[33] *Kracht v. Perrin, Gartland & Doyle*, 219 Cal.App.3d 1019, 1022 (1990) (where injury is by attorney's negligence, "the gravamen of the claim is legal malpractice, regardless of whether it is pled in tort or contract."); *Afont v. Poynter Law Group,* 2018 WL 6136147 *6 (C.D. Cal. 2018) (granting summary judgment to defendant on plaintiff's breach of fiduciary duty claim because it was duplicative of plaintiff's malpractice claim); *Jackson v. Rogers & Wells*, 210 Cal. App.3d 336, 347 (1989)( claims for fraud and punitive damages could not be assigned because they could not be distinguished from a malpractice claim); *Southland Mechanical Constructors Corp. v. Nixen* 19 Cal.App.3d 417, 428–429 (1981) (statute of limitation governing malpractice claims applied whether pled as breach of contract or tort claim.)
[34] New York law applies because the law firm is in New York and its attorneys performed all services for Plaintiff in New York; the engagement letters state they were provided as required by the courts of New York, and that if Plaintiff disputes the firm's fees, under the Rules of New York Courts, Plaintiff is entitled to arbitration.
[35] *Wolkstein v. Morgenstern,* 713 N.Y.S.2d 171, 173 (N.Y. App. Div. 2000); *Ferguson v. Lieff,* 30 Cal. 4th 1037, 1050 (2003).
[36] *Ferguson v. Lieff,* 30 Cal. 4th at 1051 (2003) (*citing Lakin v. Watkins Associated Industries*, 6 Cal.4th 644,664 (1993).

claims or any allegations of wrongdoing against Plaintiff, its management, or Defendants. Mere SEC investigations where no charges or claims of fraud or other impermissible actions are alleged simply do not and cannot form the basis for a punitive damages claim.[37] Additionally, the mere issuance of a SEC subpoena to Plaintiff does not suggest Defendants engaged in fraud. "An SEC investigation that has not resulted in charges or any finding of wrongdoing does not support an inference of scienter [intent to deceive]."[38]

### 2. *Plaintiff makes no initial showing of its right to punitive damages.*

"Plaintiff must at least make some showing of entitlement to [punitive] damages before the Court consider[s] ordering disclosure of [financial] information."[39] In *Garcia v. City of Imperial*, the Court denied plaintiff's discovery request because plaintiff had not submitted any "evidence" showing it was entitled to punitive damages.[40] Requiring an initial showing is further recognized by California statute that requires plaintiff to show a "substantial probability" it will prevail on punitive damages before it can conduct financial discovery.[41] A delay of financial discovery until a prima facie showing of entitlement to punitive damages is justified.[42] "It would seldom seem necessary to the integrity of discovery proceedings that extensive discovery be permitted over objection into financial

---

[37] *Washtenaw Cty. Emps. Ret. Sys. v. Avid Tech., Inc.*, 28 F. Supp. 3d 93, 114 (D. Mass. 2014) (governmental investigations insufficient in and of itself to show scienter.); *In re Gentiva Secs. Litig.*, 932 F. Supp. 2d 352, 380 (E.D.N.Y. 2013) (same); *Eastwood Enters., LLC v. Farha*, 2009 WL 3157668, at *4 (M.D. Fla. Sept. 28, 2009) (inference of scienter bolstered by investigations by multiple agencies, confidential witnesses and company's admissions of wrongdoing).
[38] *In re Hertz Glob. Holdings, Inc. Secs. Litig.*, 2017 WL 1536223, at *17 (D.N.J. Apr. 27, 2017), aff'd sub nom. 905 F.3d 106 (3d Cir. 2018) (listing cases).
[39] *Garcia v. City of Imperial,* 270 F.R.D. 566, 573 (S.D. Cal. 2010).
[40] *Id.; see also*, *Cobb v. Superior Court*, 99 Cal. App. 3d 543, 551 (1980) ("Even though the plaintiff may not be compelled to prove his case for punitive damages by a preponderance of the evidence prior to financial discovery, this does not preclude a requirement that he lay a foundation as to his case before proceeding into such discovery.")
[41] Cal. Civ. Code § 3295(c).
[42] *Echostar Statellite LLC v. Viewtech, Inc.*, 2009 WL 10672432 *3 (S.D. Cal. 2009).

affairs of a defendant ahead of discovery on the merits of the underlying cause of action….[T]he trial court should consider the advisability of requiring a prima facie showing into the right to punitive damages…."[43] In *Brooks*, the Court found that while Plaintiffs are entitled to financial discovery, "requiring the extensive production at this point in the litigation appears to be an inefficient use of the parties' resources" and that Plaintiffs "do not need the information at this time to prepare the heart of their case" and that "Plaintiffs will suffer no prejudice in postponing the production of Defendants' financial information until after the ruling on the summary judgment motion…."[44]

Here, Plaintiff provides no showing it is entitled to punitive damages. Plaintiff cites the Court's order finding Plaintiff sufficiently plead its claims to survive a motion to dismiss, before any evidence was gathered, but the Court did *not* rule that Plaintiff had adequately pled a plausible request for punitive damages. Plus, Plaintiff cites no actual evidence in support of its request and discovery has just begun. No depositions have occurred, no documents have been produced, and no other discovery has issued. Further, Plaintiff does not need Defendant's financial information to prepare the heart of its case, and the financial information Plaintiff requests now will be irrelevant to a jury in 2021.

### 3. *Kesner's right to privacy protects him from disclosure*

In California, a constitutional amendment [Cal. Const. art. I, § 1] elevated the right of privacy to an "inalienable right".[45] The right of privacy is substantive and a form of privilege, therefore, the Court applies the forum's state law.[46] The right of privacy extends to one's financial affairs and plaintiff "must make a higher showing

---

[43] *Cobb v. Superior Court*, 99 Cal. App. 3d at 551.
[44] *Brooks v. Motsenbocker*, 2008 WL 2446205 *4 (S.D. Cal. 2008).
[45] *Valley Bank of Nevada v. Superior Court,* 15 Cal.3d 652, 656, 125 Cal.Rptr. 553, 542 P.2d 977 (Cal. 1975)*; Garcia v. City of Imperial,* 270 F.R.D. 566, 572 (S.D. Cal. 2010).
[46] *LL B Sheet v. Loskutoff*, 2016 WL 7451632 *2 (N.D. Cal. 2016).

of relevance and materiality than would be necessary for less sensitive material."[47] The privacy rights of individuals are accorded more weight than businesses.[48] Further, balancing of competing interests in analyzing the right of privacy is underscored by the balancing provisions in Rule 26(b) which allow the court to limit discovery based on the needs of the case.[49]

Here, Defendant Kesner right of privacy under the California state constitution outweighs the public interest in disclosure of his personal financial information because, as discussed above, Plaintiff is not entitled to punitive damages and has not made any initial showing of evidence that it is so entitled. Further, discovery is in its very early stages and Plaintiff does not need Defendant's financial information at this time to prepare the heart of its case. Plaintiff contends Defendant's right to privacy is protected because a protective order exists, but a protective order does not always protect a party, and in such cases, the Court should consider a delay in financial discovery until plaintiff makes a prima facie showing of entitlement to punitive damages.[50]

### 4. Plaintiff's request is overbroad and unduly burdensome

Plaintiff's requests are excessive in time frame and type of information. Punitive damages requires only an ascertainment of the defendant's net worth.[51] Defendant's *past* financial information is not relevant.[52] Here, Plaintiff's request

---

[47] *Valley Bank of Nevada v. Superior Court,* 15 Cal.3d at 656-657; *see also, Brooks v. Motsenbocker*, 2008 WL 2446205 at *4; *LL B Sheet v. Loskutoff,* 2016 WL 7451632 at *2.
[48] *Echostar Statellite LLC v. Viewtech, Inc.*, 2009 WL 10672432 at *2.
[49] *Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 698 (E.D. Cal. 1993).
[50] *Echostar Statellite LLC v. Viewtech, Inc.*, 2009 WL 10672432 at *3.
[51] *Cobb v. Superior Court*, 99 Cal. App. 3d at 551 (questions dealing with assets, liabilities, property ownership and cash on hand constitute "unnecessary harassment.")
[52] *Toranto v. Jaffurs*, 2018 WL 6062516 *3 (S.D. Cal. 2018); *Ritchie v. Sempra Energy*, No. 10CV1513-CAB (KSC), 2014 WL 12639317, at *8 (S.D. Cal. July 11, 2014) ("non-current financial information is irrelevant to a punitive damages determination.") (quoting *Equal Emp't Opportunity Comm'n v. Ca. Psychiatric Transitions,* 258 F.R.D. 391, 395 (E.D. Cal. 2009)).

seeks information, in some instances for nearly ten years[53], about Defendant's taxes, income, credit card and loan applications, deeds, appraisals, debts, vehicle/boat titles, retirement plans and brokerage accounts. Plaintiff agrees to reduce the time frame to two years for requests nos. (a)-(c)[54] and (e), but two years of past information will not be "current" at time of trial which will not occur before 2021. Defendant's financial information for 2010 – 2019 will not benefit a jury in evaluating Defendant's net worth in 2021.

5. **Plaintiff cannot meet the standard to obtain Kesner's personal tax returns.**

The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns.[55] "… [T]he Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available."[56] Request no. 22(a) seeks five years of Defendant's federal and state tax returns. Plaintiff agrees to reduce the time frame to two years—tax returns for 2017 and 2018. These tax returns are not relevant for the reasons discussed above including that Plaintiff is not entitled to punitive damages; Plaintiff has made no showing it is entitled to punitive damages; Defendant's right to privacy; and because Defendant's 2017 and 2018 tax returns will not guide a jury *in 2021* as to Defendant's net worth in 2021, if Plaintiff's request for punitive damages still exists at that time.

## Conclusion

This Court should sustain Defendant's objections and issue a protective order protecting Defendant from responding to Plaintiff's Request For Documents No. 22.

---

[53] Subparts (e)-(h) seek ten years of information as they do not contain a date restriction and default to Plaintiff's general time frame of January 1, 2010 to present. Subparts (a), (b) and (d) seek five years of documents. Subparts (c), (i), and (j) seek information for only 2019.

[54] Request no. 22(c) requests documents for the "current calendar year" so Plaintiff's reduction to two years appears to be an error.

[55] *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

[56] *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

Dated: October 25, 2019  GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Tamara A. Seelman*

JOHN M. PALMERI *(pro hac vice)*
jpalmeri@grsm.com
TAMARA A. SEELMAN *(pro hac vice)*
tseelman@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161

MAHA SARAH, (SBN: 218981)
msarah@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
Harvey Kesner

**Appendix A (Complete Request To and Objection By The Firm)**

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning the Firm's income and assets, including:

a. All income statements and balance sheets for the Firm for the last five calendar years;
b. All federal and state income tax returns filed by the Firm for the last five calendar years;
c. All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by the Firm during the last five calendar years;
d. All records showing any income earned or received by the Firm for the current calendar year;
e. All financial statements and credit card and loan applications prepared by or for the Firm during the last five calendar years;
f. All Documents relating to real property in which the Firm has any interest, such as deeds, real estate contracts, appraisals and statements of assessed value of such property;
g. All Documents showing the Firm's debts, including the most recent statement of all loan, credit or charge card balances due;
h. Certificates of title or registrations of all automobiles, motor vehicles, boats, or other personal property registered in the Firm's name or in which the Firm has any interest, including documentation sufficient to show the vehicle identification number or other unique identifying number;
i. Documents showing stocks, bonds, secured notes, mutual funds and other investments in which the Firm has any interest;
j. The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which the Firm sponsors, administrates, or otherwise has any interest; and
k. All financial institution or brokerage account records on any account in which the Firm has had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objections: This request is overbroad, unduly burdensome and oppressive and harassing, and seeks confidential financial documents protected by the right to privacy and tax payer privileges as to SRF and all persons included in propounding party's

definition of the "Firm." This request is also premature as plaintiff's claim for punitive damages is spurious at this stage of the litigation. This request also seeks documents which are irrelevant and not likely to lead to the discovery of admissible evidence. Given said objections, SRF is unable to comply with this request.

**Appendix B (Complete Request To and Objection by Kesner)**

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning Your income and assets, including:

    a.    All federal and state income tax returns filed by You for the last five calendar years;

    b.    All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by You during the last five calendar years.

    c.    All records showing any income earned or received by You for the current calendar year.

    d.    All financial statements, statements of net worth, and credit card and loan applications prepared by or for You during the last five calendar years;

    e.    All Documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which You have any interest;

    f.    All Documents showing Your debts, including the most recent statement of all loan, credit line or charge card balances due;

    g.    Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in Your name or in which You have any interest including documentation sufficient to show the vehicle identification number or other unique identifying number;

    h.    Documents showing stocks, bonds, secured notes, mutual funds and other investments in which You have any interest;

    i.    The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which You have any interest; and

    j.    All financial institution or brokerage account records on any account in which You have had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects because the Request is overbroad and unduly burdensome as it is not limited by scope or subject matter. Defendant objects because the Request seeks documents not relevant to the claims and defenses in this case. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004). Defendant further objects because the Request seeks information that is private and confidential. Private financial

information is protected from discovery. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656–657, 125 Cal. Rptr. 553, 542 P.2d 977. "When seeking to discover such material, the proponent must make a higher showing of relevance and materiality than would be necessary for less sensitive material." *Id*. at p. 657, 125 Cal. Rptr. 553, 542 P.2d 977. In addition, the Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). "...[T]he Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).