1   Jason M. Leviton (*pro hac vice*)
    Joel A. Fleming (CA Bar No. 281264)
2   Jacob A. Walker (CA Bar No. 271217)
    Lauren Godles Milgroom (*pro hac vice* forthcoming)
3   Amanda R. Crawford (*pro hac vice* forthcoming)
4   **BLOCK & LEVITON LLP**
    260 Franklin Street, Suite 1860
5   Boston, MA 02110
6   (t) (617) 398-5600
    (f) (617) 507-6020
7   jason@blockesq.com
8   joel@blockesq.com
    jake@blockesq.com
9   lauren@blockesq.com
10  amanda@blockesq.com

11  *Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

12  [Additional counsel appear on signature page.]

13
14              **UNITED STATES DISTRICT COURT**

15            **SOUTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17 MABVAX THERAPEUTICS HOLDINGS, INC., | Case No.: 3:18-cv-02494-WQH-MSB |
| 18 Plaintiff, | **DECLARATION OF JOEL FLEMING IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
| 20 v. | |
| 21 SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER, | **RE: MOTION BY PLAINTIFF TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS CONTAINING DEFENDANTS' FINANCIAL INFORMATION** |
| 24 Defendants. | |
| 25 | Before: Magistrate Judge Michael S. Berg |
| 27 | Date/Time: To Be Set By Court |
| 28 | |

I, Joel Fleming, declare as follows:

1. I am a partner of Block & Leviton LLP, counsel to Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax"). I am a member in good standing of the State Bar of California and admitted to practice before this Court. I have personal knowledge of the facts set forth below and could, if called as a witness, provide competent and truthful testimony as follows.

2. MabVax served Defendant Sichenzia Ross Ference LLP (the "Firm") and Defendant Harvey Kesner ("Kesner") (collectively, "Defendants") with separate requests for production of documents (the "Firm Requests" and "Kesner Requests") on July 31, 2019. On September 17, 2019, both the Firm and Kesner served their responses on MabVax.

3. MabVax has met and conferred with Defendants separately regarding the instant dispute but has been unable to reach a resolution. MabVax sent meet and confer letters to Defendants on September 24, 2019. MabVax then engaged in telephonic meet and confer sessions with counsel for Kesner on September 26, 2019 and counsel for the Firm on October 2, 2019 and received meet-and-confer correspondence from defense counsel after those calls. Despite the parties' best efforts, this dispute remains unresolved.

4. The parties are continuing to meet-and-confer regarding other issues related to MabVax's document requests, but, on this issue, the parties are at

FLEMING DECLARATION                    CASE NO. 3:18-CV-02494-WQH-MSB

an impasse and require the Court to resolve the dispute.

5. Exhibit A is a true and accurate copy of Plaintiff's First Request for Production of Documents to Defendant Sichenzia Ross Ference LLP (the "Firm Requests").

6. Exhibit B is a true and accurate copy of Plaintiff's First Request for Production of Documents to Defendant Harvey Kesner (the "Kesner Requests").

7. Exhibit C is a true and accurate copy of Defendant Sichenzia Ross Ference LLP's Responses to Plaintiff's First Request for Production of Documents (the "Firm Responses").

8. Exhibit D is a true and accurate copy of Harvey Kesner's Responses to Plaintiff's First Request for Production of Documents (the "Kesner Responses").

9. As a compromise, MabVax proposed limiting Firm Request No. 26/Kesner Request No. 22 to include two, rather than five, years of responsive documents. Both Defendants rejected this proposal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of October, 2019 in Newport Beach, California.

/s/ Joel Fleming
Joel Fleming

FLEMING DECLARATION                    CASE NO. 3:18-CV-02494-WQH-MSB

# **Table of Contents**

**Exhibit A**                                                    Ex-001

**Exhibit B**                                                    Ex-019

**Exhibit C**                                                    Ex-036

**Exhibit D**                                                    Ex-063

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Amanda R. Crawford (*pro hac vice forthcoming*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER,<br><br>                      Defendants. | Case No.:  3:18-cv-02494-WQH-MSB<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SICHENZIA ROSS FERENCE LLP** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") hereby demands that Defendant Sichenzia Ross Ference LLP produce the Documents described below for inspection and copying at the law offices of Block & Leviton LLP, 100 Pine Street, Suite 1250, San Francisco, CA 94111, within thirty (30) days after service of these Requests, at 10:00 a.m., or at such other location and date upon which the parties may mutually agree.

## I.    DEFINITIONS

1.     "13D Group" shall refer to the requirement, under the Securities Exchange Act of 1934, that a person or group of persons who acquire beneficial ownership of more than 5% of a voting class of publicly traded securities in a company file a Schedule 13D form with the SEC (defined herein).

2.     "All" and "each" shall be construed as "all and each."

3.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

4.     "Baker Botts LLP" shall mean Baker Botts LLP and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor company.

5.     "Communication" or "Communications" means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speech, writings, Documents, language (machine, foreign, or otherwise) of any kind, computer electronics or electronic data, sound, radio, or video signals, telecommunication, telephone, text message, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind. "Communication" also includes, but is not limited to, all inquiries, discussions, conversations, correspondence,

2

negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases.

6.     The terms "concerning" and "relating to" mean referring to, referencing, describing, evidencing, or constituting.  Requests for Documents "concerning" or "relating to" any subject matter include Documents concerning Communications regarding that subject matter.

7.     "Consent Right" means any requirement that MabVax obtain the approval of any Investor in connection with any financing.

8.     "Document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all Communications which are stored, or retrievable, or recorded in any manner and also includes, but is not limited to, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "email," text messages (including, but not limited to, messages sent through instant messaging apps such as, but not limited to, Apple iMessage, Google Chat or WhatsApp), compact discs, CD-ROMs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates, and securities.  "Document" also includes preliminary drafts, revisions, or copies of any such Document, if the copy is in any way different from the original,

Ex-004

now in Your possession, custody, or control, or in the possession, custody, or control of Your advisors, agents, employees, representatives, trustees, counsel, or other persons acting or purporting to act on Your behalf.

9.   "Document Request" or "Request" means each of the specific document requests set forth herein.

10.   "Electronic data" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "email," text message, personal digital assistant messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts, and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file, or file fragment.  "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROMs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM, or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers, and labels appended to or associated with any physical storage device associated with each original and each copy.

11.   "EST" shall mean Equity Stock Transfer, LLC and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or

bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor company.

12.     "Fee Conversion Agreement" shall mean the Fee Conversion Agreement between MabVax and Sichenzia Ross Ference LLP, dated July 31, 2017, by which MabVax issued Sichenzia Ross Ference LLP 46,574 shares of MabVax common stock in exchange for Sichenzia Ross Ference LLP's write off of $80,000 owed in legal fees.

13.     "FINRA" means the Financial Industry Regulatory Authority, Inc.

14.     "Investor" or "Investors" means any and/or all of Barry Honig, Renee Honig, Jonathan Honig, John Stetson, Michael Brauser, John O'Rourke III, Phillip Frost, Mark Groussman, Steven Rubin, John H. Ford, Robert Prag, Robert Haag, and Andrew Haag, as well as Harvey Kesner, Michael Ference and any other person or entity controlled by the Investors or in which any of the Investors has a beneficial interest, including, without limitation, GRQ Consultants, Inc. ("GRQ"), GRQ Consultants, Inc. 401K ("GRQ 401K"), GRQ Consultants, Inc. Roth 401K FBO Barry Honig ("GRQ Barry"), GRQ Consultants, Inc. Roth 401K FBO Renee Honig ("GRQ Renee"), Barry and Renee Honig Charitable Foundation, Inc. ("Honig Foundation"), Southern Biotech, Inc. ("Southern Biotech"), HS Contrarian Investments, LLC ("HSCI"), Grander Holdings, Inc. ("Grander"), Grander Holdings, Inc. 401K ("Grander 401K"), Airy Properties ("Airy"), 11 East Airy Street Partnership ("11 East"), ATG Capital, LLC ("ATG"), OPKO, Inc. ("Opko"), Frost Gamma Investments Trust ("FGIT"), Melechdavid, Inc. ("Melechdavid"), Melechdavid, Inc. Retirement Plan ("MRP"), Alpha Capital Anstalt ("Alpha"), The Del Mar Consulting Group, Inc. ("Del Mar"), The Del Mar Consulting Group, Inc. Retirement Plan Trust ("Del Mar Trust"), IRTH Communications, LLC ("Irth"), Stetson Capital Investments Inc. ("SCI"), Paradox Capital Partners, LLC ("Paradox"); Darwin Investments, LLC ("Darwin"); Darwin  Retirement Investments, LLC ("Darwin Retirement"), Darwin Ret LLC ("Darwin Ret"), and Denville and Dover Fund LLC ("Denville").

15.     "Laidlaw" means Laidlaw & Company (UK) Ltd. and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or

bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

16.     "MDM" means MDM Worldwide Solutions, Inc. and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

17.     "SEC" means the U.S. Securities and Exchange Commission.

18.     "Sichenzia Ross Ference LLP" or the "Firm" shall mean Sichenzia Ross Ference LLP and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor law firm.

19.     "The SEC Action" means the lawsuit filed by the SEC against, among others, Honig, Stetson, Groussman, and Frost, captioned *Securities and Exchange Commission v. Honig, et al.*, 1:18-cv-08175 (S.D.N.Y.), pending in the Southern District of New York.

20.     The terms "You" and "Your" mean Sichenzia Ross Ference LLP and all of its present and former partners, associates, employees, officers, directors, parent companies, subsidiaries, representatives, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), affiliates, any predecessor or successor law firm, and any other person or entity acting on its behalf.

**II.     INSTRUCTIONS**

1.     You shall produce all Documents described below that are in Your possession, custody, or control or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions, affiliates or partners, associates, directors, officers, agents, employees, attorneys, accountants or other representatives.  The Documents are to be produced in the form and in the same order within each file in which they were located prior to production.  The file folders, boxes, binders, or other containers in which such Documents are

Ex-007

found are also requested to be produced intact, including the title, labels, or other description of each such folder, box, binder, or container.

2.     You shall produce the original of each Document described below or, if the original is not in Your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

3.     If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested Document, please furnish a list identifying each Document for which the privilege or other objection is claimed together with the following information:

   a.     the privilege being asserted;

   b.     the person on whose behalf the privilege is asserted;

   c.     a precise statement of the facts upon which the claim of privilege is based; and

   d.     the following information describing each purported privileged Document:

      i.     a brief description sufficient to identify its nature, *e.g.*, agreement, letter, memorandum, etc.;

      ii.     the subject matter and purpose of the Document;

      iii.     the date the Document was prepared;

      iv.     the date the Document bears;

      v.     the date the Document was sent;

      vi.     the date the Document was received;

      vii.     the identity of the person preparing the Document;

      viii.     the identity of the person sending the Document;

      ix.     the identity of each person to whom the Document was sent or was intended to have been sent, including all addressees and all recipients of copies;

7

x.      all persons to whom the Document's contents have been disclosed; and

xi.      a precise description of the place where each copy of the Document is kept, including the title or description of the file in which the Document may be found, and the location of such a file.

4.      If You claim privilege or any other objection with regard to only part of a Document, produce the part(s) to which there is no objection and furnish a list identifying each item that is partially withheld based on a claim of privilege, or other objection together with the information listed in the preceding paragraph.

5.      You are to produce each Document requested herein in its entirety, with attachments and enclosures and without deletion or excision, regardless of whether You consider the entire Document to be relevant or responsive to these Requests.  All pages now stapled or fastened together should be produced stapled or fastened together, and each Document that You cannot legibly copy should be produced in its original form.  Documents not otherwise responsive to any of these Requests herein must be produced if such Documents are attached to a Document called for by these Requests.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of Documents.

6.      If a Document responsive to these requests was at any time in Your possession, custody or control but now is no longer available for production, as to each such Document state the following information:

a.      whether the Document is missing or lost;

b.      whether it has been destroyed;

c.      whether the Document has been transferred or delivered to another person and, if so, which person and at whose request;

d.      whether the Document has been otherwise disposed of; and

e.      a precise statement of the circumstances surrounding the disposition of the document and the date of the Document's disposition.

7.      If in responding to these Requests, You claim any ambiguity in interpreting a Request, or definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents.  Instead, there shall be set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      If in responding to these Requests, You contend that the production of any category is in some way "burdensome," please state the specific reason for that objection.

9.      If there are no Documents or Communications responsive to any particular Request or subpart thereof, you shall state so in writing.

10.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

11.      In making production, produce all Documents as kept in the normal course of business and identify the file from which each document was taken.

12.      Hardcopy Documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "PAGES," and "CUSTODIAN."  The Documents should be logically unitized (*i.e.*, distinct Documents shall not be merged into a single record, and a single Document shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original Document contains color necessary to understand the meaning or content of the Document, the Document shall be produced as single-page, 300 DPI, color JPG images.  Multi-page Optical Character Recognition ("OCR")

Ex-010

text for each Document should also be provided. The OCR software shall maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

13.     Electronically stored information ("ESI") will be produced as single-page, Group IV, 300 DPI TIFF images with the exception of source code, audio, video, and spreadsheet-type files including, but not limited to, Microsoft Excel or CSV, which shall be produced in native format. All ESI will be produced with a delimited, database load file that contains the appropriate metadata fields. Metadata conveying date and/or time will be set at the custodian's time zone. An .opt image cross reference file will also be provided for all TIFF images.

14.     TIFFS will show any and all text and images which would be visible to the reader using the native software that created the Document. For example, TIFFS of email messages should include the BCC line. PowerPoint Documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image. If an original Document contains color, the Document shall be produced as single-page, 300 DPI, color JPG images.

15.     If a Document is produced in native format, a single-page Bates stamped TIFF image slip-sheet containing the confidential designation and text stating the Document has been produced in native format will also be provided. If Documents requested in native format require redactions, the parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that native files should be produced for a specific document or class of Documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native or TIFF format (*i.e.*, structured data), the parties agree to meet and confer in good faith.

16.     Removal of duplicate Documents shall only be done on exact duplicate Documents (based on MD5 or SHA-1 hash values, at the family level).  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate Documents is not acceptable.  De-duplication will be done across the entire collection (*i.e.*, global level) and the custodian field will list each custodian, separated by a semicolon, who was a source of that Document.  To accommodate for rolling productions, for ESI that is removed as duplicate from earlier productions, the producing party will provide an overlay file no later than three days after the date of each rolling production that includes the duplicate custodian names.

17.     Prior to use, the parties shall meet and confer to disclose and discuss any proposed use of technologies to reduce the number of Documents to be reviewed or produced (*i.e.*, file type culling, near de-duplication, email thread suppression, or technology assisted review).  Use of these technologies to reduce the reviewable collection or production, other than as described within this Document, requires the consent of the receiving party.

18.     These requests are continuing and all Documents coming into Your possession, custody or control which would have been produced had they been available earlier shall be produced forthwith.

## III.     RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period for this request is from January 1, 2010, through the date of production (the "Relevant Time Period").  If a Document prepared or created before this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier and/or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## IV.     DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-cv-02494-WQH-MSB

Ex-012

1.  All Documents and Communications concerning any of the allegations in the complaint filed in the above-captioned action or any affirmative defense.

2.  All Documents and Communications concerning any of the allegations in the complaint filed in the SEC Action or any affirmative defense.

3.  Documents sufficient to identify all entities in which (A) any Investor owns or owned a beneficial interest and (B) (i) You own or owned a beneficial interest or (ii) You serve or served as legal counsel.

4.  Documents sufficient to show (A) all invoices sent to MabVax for Your legal representation and (B) all monies and/or other consideration paid by MabVax to You.

5.  All Documents and Communications concerning the Fee Conversion Agreement.

6.  All Documents and Communications concerning MabVax's hiring and retention of the Firm.

7.  All Documents and Communications concerning any actual or potential conflict of interest relating to Your legal representation of MabVax.

8.  All Documents and Communications concerning any actual or potential conflict of interest between MabVax and any Investor.

9.  All Documents and Communications concerning any actual or contemplated transaction or agreement involving both (a) MabVax and (b) an Investor, MDM Worldwide, EST, and/or Laidlaw.

10.  All Documents and Communications concerning MabVax's actual or potential reporting requirements under securities laws, including, without limitation, Communications concerning whether any or all of the Investors would be considered a 13D Group under the Securities Exchange Act of 1934 and Communications concerning the effect of any beneficial ownership "blockers" contained in any MabVax securities.

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-CV-02494-WQH-MSB

Ex-013

11.     All Documents and Communications concerning any transactions involving MabVax securities or derivative instruments, including any purchases, acquisitions, sales, or dispositions, performed by or on behalf of You.

12.     All Documents and Communications concerning the termination of the Firm's representation of MabVax.

13.     All Documents and Communications concerning the transition from the Firm's representation of MabVax to Baker Botts LLP's representation of MabVax.

14.     All Documents and Communications concerning Harvey Kesner's departure from the Firm.

15.     All Documents and Communications between or among the Firm and any of the Investors concerning MabVax.

16.     All Documents and Communications relating to any conversion of MabVax preferred stock to common stock by any Investor.

17.     All Documents and Communications concerning a Consent Right.

18.     All Documents and Communications concerning the beneficial ownership of GRQ, GRQ 401K, GRQ Barry, GRQ Renee, Honig Foundation, Southern Biotech, HSCI, Grander, Grander 401K, Airy, 11 East, ATG, Opko, FGIT, Melechdavid, MRP, Alpha, Del Mar, Del Mar Trust, Irth, SCI, Paradox, Darwin, Darwin Retirement, Darwin Ret, and Denville.

19.     All engagement letters and/or retention agreements signed by Harvey Kesner on behalf of the Firm.

20.     All Documents and Communications concerning any inquiries or investigations of MabVax from or by FINRA, the SEC, or any other local, state, or federal regulator or law enforcement agency.

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-cv-02494-WQH-MSB

Ex-014

21.      All timesheets, calendars, personal files, expense reports or logs, diaries, notebooks, notes, calendars, appointment books, address books, or records, maintained by or for any Firm employee who worked on any MabVax related matters, including, but not limited to, Harvey Kesner.

22.      The personnel files, including any resumes, curriculum vitae, and performance evaluations, for all Firm employees who worked on any MabVax related matters, including, but not limited to, Harvey Kesner.

23.      All Documents and Communications concerning any other accusation, complaint, or lawsuit, whether formal or informal, that has been made against You and/or Harvey Kesner.

24.      All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold policies You have or had in place, including all current and former versions, as well as any retention policies by third parties relating to electronic Communications utilized by any of Your employees.

25.      All certificates of registration and certificates of publication filed with the New York Department of State's Division of Corporations on behalf of the Firm.

26.      All Documents concerning the Firm's income and assets, including:

     a.      All income statements and balance sheets for the Firm for the last five calendar years;

     b.      All federal and state income tax returns filed by the Firm for the last five calendar years;

     c.      All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by the Firm during the last five calendar years;

Ex-015

d.      All records showing any income earned or received by the Firm for the current calendar year;

e.      All financial statements and credit card and loan applications prepared by or for the Firm during the last five calendar years;

f.      All Documents relating to real property in which the Firm has any interest, such as deeds, real estate contracts, appraisals and statements of assessed value of such property;

g.      All Documents showing the Firm's debts, including the most recent statement of all loan, credit line or charge card balances due;

h.      Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in the Firm's name or in which the Firm has any interest, including documentation sufficient to show the vehicle identification number or other unique identifying number;

i.      Documents showing stocks, bonds, secured notes, mutual funds and other investments in which the Firm has any interest;

j.      The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which the Firm sponsors, administrates, or otherwise has any interest; and

k.      All financial institution or brokerage account records on any account in which the Firm has had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-cv-02494-WQH-MSB

Ex-016

1  DATED:  July 31, 2019

2                                     BLOCK & LEVITON LLP

3                            By: */s/ Joel Fleming*
                                 Jason M. Leviton (*pro hac vice*)
4                                Joel A. Fleming (CA Bar No. 281264)
                                 Jacob A. Walker (CA Bar No. 271217)
5                                Amanda R. Crawford (*pro hac vice forthcoming*)
                                 260 Franklin Street, Suite 1860
6                                Boston, MA 02110
                                 (t) (617) 398-5600
7                                (f) (617) 507-6020
                                 jason@blockesq.com
8                                joel@blockesq.com
                                 jake@blockesq.com
9                                amanda@blockesq.com
10
                                 *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-cv-02494-WQH-MSB
Ex-017

<u>**CERTIFICATE OF SERVICE**</u>

I, Joel A. Fleming, hereby certify under penalty of perjury that on the 31st day of July, 2019, I served the foregoing document via the United States Postal Service on the following counsel:

Mark K. Anesh
**Lewis Brisbois Bisgaard & Smith LLP**
77 Water Street, Suite 2100
New York, NY 10005
Telephone: (212) 232-1411
Facsimile: (212) 232-1399
Mark.Anesh@lewisbrisbois.com

Corinne C. Bertsche
Charles S. Haughey, Jr.
**Lewis Brisbois Bisgaard & Smith LLP**
701 B Street, Suite 1900
San Diego, CA 02101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627
Corinne.Bertsche@lewisbrisbois.com
Charles.Haughey@lewisbrisbois.com

*Attorneys for Defendant Sichenzia Ross Ference LLP*

John M. Palmeri
Tamara A. Seelman
Adrien K. Anderson
**Gordon Rees Scully Mansukhani, LLP**
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161
jpalmeri@grsm.com
tseelman@grsm.com
aanderson@grsm.com

Maha Sarah
**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 02101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
msarah@grsm.com

*Attorneys for Defendant Harvey Kesner*

Dated: July 31, 2019

BLOCK & LEVITON LLP

By: */s/ Joel Fleming*
      Joel A. Fleming (CA Bar No. 281264)
      260 Franklin Street, Suite 1860
      Boston, MA 02110
      (t) (617) 398-5600
      (f) (617) 507-6020
      joel@blockesq.com

1

Ex-018

**Exhibit B**

Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Amanda R. Crawford (*pro hac vice forthcoming*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., | Case No.:  3:18-cv-02494-WQH-MSB |
| Plaintiff, | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HARVEY KESNER** |
| v. | |
| SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a  SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER, | |
| Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") hereby demands that Defendant Harvey Kesner ("Kesner") produce the Documents described below for inspection and copying at the law offices of Block & Leviton LLP, 100 Pine Street, Suite 1250, San Francisco, CA 94111, within thirty (30) days after service of these Requests, at 10:00 a.m., or at such other location and date upon which the parties may mutually agree.

**I.      DEFINITIONS**

1.      "13D Group" shall refer to the requirement, under the Securities Exchange Act of 1934, that a person or group of persons who acquire beneficial ownership of more than 5% of a voting class of publicly traded securities in a company file a Schedule 13D form with the SEC (defined herein).

2.      "All" and "each" shall be construed as "all and each."

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

4.      "Baker Botts LLP" shall mean Baker Botts LLP and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor company.

5.      "Communication" or "Communications" means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speech, writings, Documents, language (machine, foreign, or otherwise) of any kind, computer electronics or electronic data, sound, radio, or video signals, telecommunication, telephone, text message, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind. "Communication" also includes, but is not limited to, all inquiries, discussions, conversations, correspondence,

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-cv-02494-WQH-MSB

Ex-021

negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases.

6. The terms "concerning" and "relating to" mean referring to, referencing, describing, evidencing, or constituting. Requests for Documents "concerning" or "relating to" any subject matter include Documents concerning Communications regarding that subject matter.

7. "Consent Right" means any requirement that MabVax obtain the approval of any Investor in connection with any financing.

8. "Document" or "Documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all Communications which are stored, or retrievable, or recorded in any manner and also includes, but is not limited to, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," text messages (including, but not limited to, messages sent through instant messaging apps such as, but not limited to, Apple iMessage, Google Chat or WhatsApp), compact discs, CD-ROMs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates, and securities. "Document" also includes preliminary drafts, revisions, or copies of any such Document, if the copy is in any way different from the original, now in Your possession, custody,

Ex-022

or control, or in the possession, custody, or control of Your advisors, agents, employees, representatives, trustees, counsel, or other persons acting or purporting to act on Your behalf.

9.      "Document Request" or "Request" means each of the specific document requests set forth herein.

10.     "Electronic data" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," text message, personal digital assistant messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts, and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file, or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROMs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, but not limited to, EPROM, PROM, ROM, or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers, and labels appended to or associated with any physical storage device associated with each original and each copy.

11.     "EST" shall mean Equity Stock Transfer, LLC and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor company.

REQUEST FOR PRODUCTION OF DOCUMENTS                 CASE NO. 3:18-CV-02494-WQH-MSB

12.    "Fee Conversion Agreement" shall mean the Fee Conversion Agreement between MabVax and  Sichenzia Ross Ference LLP, dated July 31, 2017, by which MabVax issued Sichenzia Ross Ference LLP  46,574 shares of MabVax common stock in exchange for Sichenzia Ross Ference LLP 's write off of $80,000 owed in legal fees.

13.    "FINRA" means the Financial Industry Regulatory Authority, Inc.

14.    "Investor" or "Investors" means any and/or all of Barry Honig, Renee Honig, Jonathan Honig, John Stetson, Michael Brauser, John O'Rourke III, Phillip Frost, Mark Groussman, Steven Rubin, John H. Ford, Robert Prag, Robert Haag, and Andrew Haag, as well as Harvey Kesner, Michael Ference and any other person or entity controlled by the Investors or in which any of the Investors has a beneficial interest, including, without limitation, GRQ Consultants, Inc. ("GRQ"), GRQ Consultants, Inc. 401K ("GRQ 401K"), GRQ Consultants, Inc. Roth 401K FBO Barry Honig ("GRQ Barry"), GRQ Consultants, Inc. Roth 401K FBO Renee Honig ("GRQ Renee"), Barry and Renee Honig Charitable Foundation, Inc. ("Honig Foundation"), Southern Biotech, Inc. ("Southern Biotech"), HS Contrarian Investments, LLC ("HSCI"), Grander Holdings, Inc. ("Grander"), Grander Holdings, Inc. 401K ("Grander 401K"), Airy Properties ("Airy"), 11 East Airy Street Partnership ("11 East"), ATG Capital, LLC ("ATG"), OPKO, Inc. ("Opko"), Frost Gamma Investments Trust ("FGIT"), Melechdavid, Inc. ("Melechdavid"), Melechdavid, Inc. Retirement Plan ("MRP"), Alpha Capital Anstalt ("Alpha"), The Del Mar Consulting Group, Inc. ("Del Mar"), The Del Mar Consulting Group, Inc. Retirement Plan Trust ("Del Mar Trust"), IRTH Communications, LLC ("Irth"), Stetson Capital Investments Inc. ("SCI"), Paradox Capital Partners, LLC ("Paradox"); Darwin Investments, LLC ("Darwin"); Darwin  Retirement Investments, LLC ("Darwin Retirement"), Darwin Ret LLC ("Darwin Ret"), and Denville and Dover Fund LLC ("Denville").

15.    "Laidlaw" means Laidlaw & Company (UK) Ltd. and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-CV-02494-WQH-MSB

16.     "MDM" means MDM Worldwide Solutions, Inc. and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

17.     "SEC" means the U.S. Securities and Exchange Commission.

18.     "Sichenzia Ross Ference LLP" or the "Firm" shall mean Sichenzia Ross Ference LLP and its directors, officers, agents (including, but not limited to, attorneys, accountants, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, affiliates, and any other person or entity purporting to act on their behalf and any predecessor or successor law firm.

19.     "The SEC Action" means the lawsuit filed by the SEC against, among others, Honig, Stetson, Groussman, and Frost, captioned *Securities and Exchange Commission v. Honig, et al.*, 1:18-cv-08175 (S.D.N.Y.), pending in the Southern District of New York.

20.     The terms "You" and "Your" mean the party to whom this request is directed, their agents, employees, officers, directors, parent companies, subsidiaries, representatives, attorneys, and any other person or entity acting on their behalf.

## II.    INSTRUCTIONS

1.     You shall produce all Documents described below that are in Your possession, custody, or control or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, directors, officers, agents, employees, attorneys, accountants or other representatives.  The Documents are to be produced in the form and in the same order within each file in which they were located prior to production.  The file folders, boxes, binders, or other containers in which such Documents are found are also requested to be produced intact, including the title, labels, or other description of each such folder, box, binder, or container.

2.     You shall produce the original of each Document described below or, if the original is not in Your custody, then a copy thereof, and in any event, all non-identical copies

which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

   3.  If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested Document, please furnish a list identifying each Document for which the privilege or other objection is claimed together with the following information:

      a.  the privilege being asserted;

      b.  the person on whose behalf the privilege is asserted;

      c.  a precise statement of the facts upon which the claim of privilege is based; and

      d.  the following information describing each purported privileged Document:

        i.  a brief description sufficient to identify its nature, e.g., agreement, letter, memorandum, etc.;

        ii.  the subject matter and purpose of the Document;

        iii.  the date the Document was prepared;

        iv.  the date the Document bears;

        v.  the date the Document was sent;

        vi.  the date the Document was received;

        vii.  the identity of the person preparing the Document;

        viii.  the identity of the person sending the Document;

        ix.  the identity of each person to whom the Document was sent or was intended to have been sent, including all addressees and all recipients of copies;

        x.  all persons to whom the Document's contents have been disclosed; and

        xi.  a precise description of the place where each copy of the Document is kept, including the title or description of the file in which the Document may be found, and the location of such a file.

4.     If You claim privilege or any other objection with regard to only part of a Document, produce the part(s) to which there is no objection and furnish a list identifying each item that is partially withheld based on a claim of privilege, or other objection together with the information listed in the preceding paragraph.

5.     You are to produce each Document requested herein in its entirety, with attachments and enclosures and without deletion or excision, regardless of whether You consider the entire Document to be relevant or responsive to these Requests.  All pages now stapled or fastened together should be produced stapled or fastened together, and each Document that You cannot legibly copy should be produced in its original form.  Documents not otherwise responsive to any of these Requests herein must be produced if such Documents are attached to a Document called for by these Requests.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the Document or group of Documents.

6.     If a Document responsive to these requests was at any time in Your possession, custody or control but now is no longer available for production, as to each such Document state the following information:

a.     whether the Document is missing or lost;

b.     whether it has been destroyed;

c.     whether the Document has been transferred or delivered to another person and, if so, which person and at whose request;

d.     whether the Document has been otherwise disposed of; and

e.     a precise statement of the circumstances surrounding the disposition of the Document and the date of the Document's disposition.

7.     If in responding to these Requests, You claim any ambiguity in interpreting a Request, or definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents.  Instead, there shall be set forth as part of

REQUEST FOR PRODUCTION OF DOCUMENTS                CASE NO. 3:18-cv-02494-WQH-MSB

Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      If in responding to these Requests, You contend that the production of any category is in some way "burdensome," please state the specific reason for that objection.

9.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

10.      In making production, produce all Documents as kept in the normal course of business and identify the file from which each Document was taken.

11.      Hardcopy Documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "PAGES," and "CUSTODIAN."  The Documents should be logically unitized (*i.e.*, distinct Documents shall not be merged into a single record, and a single Document shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original Document contains color necessary to understand the meaning or content of the Document, the Document shall be produced as single-page, 300 DPI, color JPG images.  Multi-page Optical Character Recognition ("OCR") text for each Document should also be provided.  The OCR software shall maximize text quality over process speed.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

12.      Electronically stored information ("ESI") will be produced as single-page, Group IV, 300 DPI TIFF images with the exception of source code, audio, video, and spreadsheet-type files including, but not limited to, Microsoft Excel or CSV, which shall be produced in native format.  All ESI will be produced with a delimited, database load file that contains the appropriate

9

Ex-028

metadata fields.  Metadata conveying date and/or time will be set at the custodian's time zone. An .opt image cross reference file will also be provided for all TIFF images.

13.     TIFFS will show any and all text and images which would be visible to the reader using the native software that created the Document.  For example, TIFFS of email messages should include the BCC line.  PowerPoint Documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.  If an original Document contains color, the Document shall be produced as single-page, 300 DPI, color JPG images.

14.     If a Document is produced in native format, a single-page Bates stamped TIFF image slip-sheet containing the confidential designation and text stating the Document has been produced in native format will also be provided.  If Documents requested in native format require redactions, the parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.  Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  To the extent that either party believes that native files should be produced for a specific Document or class of Documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native or TIFF format (*i.e.*, structured data), the parties agree to meet and confer in good faith.

15.     Removal of duplicate Documents shall only be done on exact duplicate Documents (based on MD5 or SHA-1 hash values, at the family level).  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate Documents is not acceptable.  De-duplication will be done across the entire collection (*i.e.*, global level) and the Custodian field will list each Custodian, separated by a semicolon, who was a source of that

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-CV-02494-WQH-MSB

document.  To accommodate for rolling productions, for ESI that is removed as duplicate from earlier productions, the producing party will provide an overlay file no later than three days after the date of each rolling production that includes the duplicate custodian names.

16.     Prior to use, the parties shall meet and confer to disclose and discuss any proposed use of technologies to reduce the number of Documents to be reviewed or produced (*i.e.*, file type culling, near de-duplication, email thread suppression, or technology assisted review).  Use of these technologies to reduce the reviewable collection or production, other than as described within this Document, requires the consent of the receiving party.

17.     These requests are continuing and all Documents coming into Your possession, custody or control which would have been produced had they been available earlier shall be produced forthwith.

## III.     RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period for this request is from January 1, 2010, through the date of production (the "Relevant Time Period").  If a Document prepared or created before this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier and/or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents and Communications concerning any of the allegations in the complaint filed in the above-captioned action or any affirmative defense.

2.     All Documents and Communications concerning any of the allegations in the complaint filed in the SEC Action or any affirmative defense.

3.     Documents sufficient to identify all entities in which (A) any Investor owns or owned a beneficial interest and (B) (i) You own or owned a beneficial interest or (ii) You serve or served as an attorney, officer, director, employee, manager, or agent.

4.      Documents sufficient to show (A) all invoices sent to MabVax for Your legal representation and (B) all monies and/or other consideration paid by MabVax to You.

5.      All Documents and Communications concerning MabVax's hiring and retention of You and/or the Firm.

6.      All Documents and Communications concerning any actual or potential conflict of interest relating to Your legal representation of MabVax.

7.      All Documents and Communications concerning any actual or potential conflict of interest between MabVax and any Investor.

8.      All Documents and Communications concerning any actual or contemplated transaction or agreement involving both (A) MabVax and (B) an Investor, MDM Worldwide, EST, or Laidlaw.

9.      All Documents and Communications concerning MabVax's actual or potential reporting requirements under securities laws, including, without limitation, Communications concerning whether any or all of the Investors would be considered a 13D Group under the Securities Exchange Act of 1934 and Communications concerning the effect of any beneficial ownership "blockers" contained in any MabVax securities.

10.      All Documents and Communications concerning any transactions in MabVax securities or derivative instruments including any purchases, acquisitions, sales, or dispositions owned by or on behalf of You.

11.      All Documents and Communications concerning the Fee Conversion Agreement.

12.      All Documents and Communications concerning the termination of the Firm's representation of MabVax.

13.      All Documents and Communications concerning Your departure from the Firm.

14.      All Documents and Communications between or among You and any of the Investors concerning MabVax.

15.      All Documents and Communications relating to any conversion of MabVax preferred stock to common stock by any Investor.

16.     All Documents and Communications concerning a Consent Right.

17.     All Documents and Communications concerning the beneficial ownership of GRQ, GRQ 401K, GRQ Barry, GRQ Renee, Honig Foundation, Southern Biotech, HSCI, Grander, Grander 401K, Airy, 11 East, ATG, Opko, FGIT, Melechdavid, MRP, Alpha, Del Mar, Del Mar Trust, Irth, SCI, Paradox, Darwin, Darwin Retirement, Darwin Ret, and Denville.

18.     All Documents and Communications concerning any inquiries or investigations of MabVax from or by FINRA, the SEC, or any other local, state, or federal regulator or law enforcement agency.

19.     All timesheets, calendars, personal files, expense reports or logs, diaries, notebooks, notes, calendars, appointment books, address books, or records, maintained by or for You.

20.     All Documents and Communications concerning any other accusation, complaint, or lawsuit, whether formal or informal, that has been made against You and/or the Law Firm.

21.     All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold policies You have or had in place, including all current and former versions, as well as any retention policies by third parties relating to electronic Communications utilized by You.

22.     All Documents concerning Your income and assets, including:

a.     All federal and state income tax returns filed by You for the last five calendar years;

b.     All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by You during the last five calendar years;

c.     All records showing any income earned or received by You for the current calendar year;

13

Ex-032

d.      All financial statements, statements of net worth, and credit card and loan applications prepared by or for You during the last five calendar years;

e.      All Documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which You have any interest;

f.      All Documents showing Your debts, including the most recent statement of all loan, credit line or charge card balances due;

g.      Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in Your name or in which You have any interest, including documentation sufficient to show the vehicle identification number or other unique identifying number;

h.      Documents showing stocks, bonds, secured notes, mutual funds and other investments in which You have any interest;

i.      The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which You have any interest; and

j.      All financial institution or brokerage account records on any account in which You have had any interest or signing privileges in the past year, whether or not the account is currently open or closed.


DATED:  July 31, 2019

14

REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO. 3:18-CV-02494-WQH-MSB

BLOCK & LEVITON LLP

By: */s/ Joel Fleming*
  Jason M. Leviton (*pro hac vice*)
  Joel A. Fleming (CA Bar No. 281264)
  Jacob A. Walker (CA Bar No. 271217)
  Amanda R. Crawford (*pro hac vice forthcoming*)
  260 Franklin Street, Suite 1860
  Boston, MA 02110
  (t) (617) 398-5600
  (f) (617) 507-6020
  jason@blockesq.com
  joel@blockesq.com
  jake@blockesq.com
  amanda@blockesq.com

  *Attorneys for Plaintiff*

REQUEST FOR PRODUCTION OF DOCUMENTS     CASE NO. 3:18-CV-02494-WQH-MSB

Ex-034

1

## <u>CERTIFICATE OF SERVICE</u>

2       I, Joel A. Fleming, hereby certify under penalty of perjury that on the 31st day of July,

3  2019, I served the foregoing document via the United States Postal Service on the following

4  counsel:

5  Mark K. Anesh

6  **Lewis Brisbois Bisgaard & Smith LLP**
    77 Water Street, Suite 2100
    New York, NY 10005

7  Telephone: (212) 232-1411
    Facsimile: (212) 232-1399

8  Mark.Anesh@lewisbrisbois.com

9  Corinne C. Bertsche
    Charles S. Haughey, Jr.

10  **Lewis Brisbois Bisgaard & Smith LLP**
    701 B Street, Suite 1900

11  San Diego, CA 02101
    Telephone: (619) 233-1006

12  Facsimile: (619) 233-8627
    Corinne.Bertsche@lewisbrisbois.com

13  Charles.Haughey@lewisbrisbois.com

14  *Attorneys for Defendant Sichenzia Ross*
    *Ference LLP*

15

John M. Palmeri
Tamara A. Seelman
Adrien K. Anderson
**Gordon Rees Scully Mansukhani, LLP**
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161
jpalmeri@grsm.com
tseelman@grsm.com
aanderson@grsm.com

Maha Sarah
**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 02101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
msarah@grsm.com

*Attorneys for Defendant Harvey Kesner*

16

17

18  Dated: July 31, 2019

19                      BLOCK & LEVITON LLP

20

               By: */s/ Joel Fleming*

21                   Joel A. Fleming (CA Bar No. 281264)
                   260 Franklin Street, Suite 1860

22                   Boston, MA 02110
                   (t) (617) 398-5600

23                   (f) (617) 507-6020
                   joel@blockesq.com

24

25

26

27

28

Ex-035

**Exhibit C**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARK K. ANESH, (*pro hac vice*)
  E-Mail: Mark.Anesh@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1411
Facsimile: 212.232.1399

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CORINNE C. BERTSCHE, SB # 174939
  E-Mail:  Corinne.Bertsche@lewisbrisbois.com
CHARLES S. HAUGHEY, JR., SB # 66148
  E-Mail: Chuck.Haughey@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendant SICHENZIA ROSS
FERENCE LLP

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., | CASE NO. 3:18-cv-02494-WQH-MSB |
| Plaintiff, | **DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, | The Hon. William Q. Hayes |
| | Date:          February 11, 2019 |
| | Trial Date:    None Set |
| Defendants. | |

PROPOUNDING PARTY:      Plaintiff, MABVAX THERAPEUTICS

                        HOLDINGS, INC.

RESPONDING PARTY:       Defendant, SICHENZIA ROSS FERENCE LLP

SET NO.:                ONE (1)

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## **PRELIMINARY STATEMENT**

Discovery is ongoing at this time, and responding party reserves the right to amend its responses if additional facts, documents, or information are discovered. The following responses are given solely for the purpose of this litigation, and without prejudice to responding party's right to produce or introduce evidence of subsequently discovered documents and facts.

Responding party (also referred to as "SRF") has not yet completed its investigation of facts relating to this litigation, nor has it completed discovery in this action or preparation for trial. Therefore, the following responses are given without prejudice to its right to amend, supplement or modify such responses, and are subject to responding party's right to produce at the time of trial or otherwise, subsequently discovered evidence related to the proof of any material facts and to produce all evidence whenever discovered relating to the proof of facts subsequently discovered to be material. Responding party's responses are made in good faith effort to supply as much factual information as presently known.

## **PRELIMINARY OBJECTIONS**

The document demands, in their entirety, are objected to as vague, ambiguous, unintelligible, overbroad as to time and scope, invasive of the attorney-client and/or work product privileges, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the force and effect of the foregoing objections, responding party's responses and objections to the requests are made solely for the purposes of this action. Each response, if any, is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion from evidence of any statement or other matter contained in any response. All objections and grounds are hereby reserved and may be interposed at the time of trial.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    The following responses are made on information presently available to

2  responding party, and, except for explicit facts admitted herein, no incidental or

3  implied admissions are intended hereby.  The fact that responding party has

4  responded to or objected to any demand or a part thereof should not be taken as an

5  admission that responding party admits or accepts the existence of any facts set forth

6  or assumed by such demand, or that such response or objection or document or thing

7  produced constitutes relevant or admissible evidence.  The fact that responding party

8  has responded to part or all of any such demand is not intended and shall not be

9  construed to be a waiver by respondent of all or any part of any objections to any

10  such request made by plaintiffs.

11                          **GENERAL OBJECTIONS**

12    1.    Each of the following General Objections shall be deemed to apply to

13  each of Defendant's responses set forth below, notwithstanding the fact that

14  Defendant has supplied specific responses to the Requests.  The fact that a specific

15  response may mention one or more of the General Objections does not mean that the

16  other General Objections do not apply to that Request.  Each of the foregoing

17  General Objections is incorporated into each of the following Specific Objections

18  and Responses.

19    2.    Defendant generally objects to each Request to the extent it seeks

20  documents containing or constituting confidential business or other proprietary

21  information, or information protected from disclosure by law, court order, or

22  agreement respecting confidentiality or non-disclosure without the benefit of a

23  Stipulated Protective Order to protect the confidentiality of Defendant's

24  information.

25    3.    By responding hereto, Defendant agrees to produce such documents as

26  actually exist and can be reasonably located after a reasonable search without undue

27  burden or expense, to the extent (if any) indicated in response to the particular

28  Request.  With respect to emails and other electronically stored information,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendant objects to any Request that purports to request that Defendant search all

2   emails and electronically stored information which is archived and/or not readily

3   accessible as overbroad, unduly burdensome, and oppressive.  Where Defendant has

4   agreed to produce documents, Defendant will limit its search of emails and other

5   electronically stored information to a search involving a reasonable list of

6   custodians and reasonable search terms.

7       4.      These responses and objections, including any agreement to produce

8   responsive documents, should not be construed as confirming the existence, or

9   continued existence, of any requested documents.

10      5.      Defendant generally objects to the Requests to the extent that they seek

11  information protected from disclosure by the attorney-client privilege, work product

12  protection, or any other applicable privilege or protection.  Defendant will provide

13  documents which it believes are non-privileged and are otherwise properly

14  discoverable.  By providing such information, Defendant does not waive any

15  privileges.  Defendant makes its production of documents on the condition that an

16  inadvertent production of documents covered by such privileges or doctrines does

17  not waive any of its rights to assert such privileges or doctrines and that it may

18  withdraw from production any such document inadvertently produced.  To the

19  extent that any Request may be construed as seeking such privileged or protected

20  documents, Defendant hereby claims such privilege and invokes such protection.

21  The fact that Defendant  does not specifically object to an individual request on the

22  ground that it seeks such privileged or protected documents shall not be deemed a

23  waiver of the protection afforded by the attorney-client privilege, the attorney work

24  product doctrine, or other applicable privilege or protection.  Inadvertent production

25  of any document subject to any applicable privilege shall not operate as a waiver of

26  the right to object to any use of such document or of the information contained

27  therein.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                                          3:18-cv-02494-WQH-MSB
4
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-040

6.       Defendant generally objects to the Requests to the extent that they call for the disclosure of third-party confidential information, and to the extent they call for production of documents that would constitute an invasion of the right to privacy of third parties.

7.       Defendant  generally objects to the Requests to the extent that they seek production of documents that are within the Plaintiff's possession, custody, or control, or that are equally or more accessible to the Plaintiff than to Defendant.  In responding to the Requests, Defendant will not re-produce documents produced by the Plaintiff in this case.

8.       Defendant objects to instruction numbers 11 through 16 to the extent they are not required by the Federal Rules of Civil Procedure and/or are inconsistent with the ESI protocol entered in this action, or as set forth in this response.

9.       Defendant objects to instructions 3 and 4 requiring a privilege log as to each document claimed privileged or any other objection, as these instructions request more than is required under the Federal Rules of Civil Procedure, and is also premature given the Parties' motion to compel return of privileged documents.

10.      Defendant objects that this Request for Production of Documents is premature given the parties' dispute as to privileged and immaterial documents inadvertently previously produced to counsel for Mabvax, which are the subject of the parties' joint motion for return of documents which will be filed shortly based on plaintiff's counsel's request for extended time to respond to defendant's joint motion.  Defendant will not produce any documents implicated in the joint motion for return of documents.

Subject to and without waving the foregoing general objections, this Defendant provides the following responses to Plaintiff's separately numbered Requests as follows:

/ / /

/ / /

4813-3212-8415.1                                           5                        3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-041

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     **<u>RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

2        SRF will produce copies of documents and of electronically stored

3 information as indicated below instead of inspection, as able on a rolling basis

4 beginning 30 days after reasonable search terms and custodians are agreed upon and

5 a Stipulated Order Governing Discovery of Electronically Stored Information and a

6 Protective Order Governing Confidential Information are entered in this action.

7 SRF will produce e-mails and electronically stored information pursuant to its

8 reasonable search of accessible data and in the format set forth in the Stipulated

9 Order Governing Discovery of Electronically Stored Information. Defendant will

10 conduct an inclusive only review of e-mails (thread suppression), namely, only the

11 most recent in time emails (which contain all unique text) and emails with unique

12 attachments will be reviewed.  Email families where all text is included in another

13 email and that do not have a unique attachment will be excluded from review.

14 **<u>REQUEST FOR PRODUCTION NO. 1:</u>**

15        All Documents and Communications concerning any of the allegations in the

16 complaint filed in the above-captioned action or any affirmative defense.

17 **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>**

18        Objections:  This request is overbroad, unduly burdensome and oppressive,

19 and fails to describe with reasonable particularity each item or category of items to

20 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

21 request is also overbroad as to time, and vague and ambiguous as to "concerning

22 any of the allegations in the complaint….or any affirmative defenses." It is unclear

23 what specific information or documents this request is seeking. Based on the

24 definition of "concerning," the request also potentially seeks information protected

25 by the attorney-client and work product privileges in this action pertaining to

26 communications between SRF and its defense counsel.  Given said objections, SRF

27 is unable to respond to this request as stated.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-042

1 **REQUEST FOR PRODUCTION NO. 2:**

2      All Documents and Communications concerning any of the allegations in the

3 complaint filed in the SEC Action or any affirmative defense.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5      Objections:  This request is overbroad, unduly burdensome and oppressive,

6 and fails to describe with reasonable particularity each item or category of items to

7 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

8 request is also overbroad as to time, and vague and ambiguous as to "concerning

9 any of the allegations in the complaint filed in the SEC Action or any affirmative

10 defense."  It is unclear what specific information or documents this request is

11 seeking.  Based on the overbroad definition of "concerning," the request also

12 potentially seeks information protected by the attorney-client and work product

13 privileges in this action pertaining to communications between SRF and its defense

14 counsel in this action, as well as internal communications between SRF attorneys.

15 Given said objections, SRF is unable to respond to this request as stated.

16 **REQUEST FOR PRODUCTION NO. 3:**

17      Documents sufficient to identify all entities in which (A) any Investor owns

18 or owned a beneficial interest and (B) (i) You own or owned a beneficial interest or

19 (ii) You serve or served as legal counsel.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

21      Objections:  This request is overbroad, unduly burdensome and oppressive,

22 unintelligible as phrased, and fails to describe with reasonable particularity each

23 item or category of items to be inspected or produced, as required by Fed. R. Civ.

24 Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and

25 ambiguous as to "documents sufficient to identify all entities in which (A) any

26 Investor owns or owned a beneficial interest" and as to "documents sufficient to

27 identify all entities in which…(B) (i) You own or owned a beneficial interest or (ii)

28 You served or served as legal counsel."  It is unclear what specific information or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-043

1    documents this request is seeking, and appears to request documents showing any

2    interest owned by any Investor in any and all entities and to identify all clients

3    represented by SRF, regardless of whether related to this matter or not. This request

4    also potentially invades SRF and third party's rights to privacy, including privacy

5    rights of Investors and Sichenzia Ross Ference LLP and "its present and former

6    partners, associates, employees, officers, directors, parent companies, subsidiaries,

7    representatives, agents (including, but not limited to, attorneys, accountants,

8    consultants, investment advisors or bankers), affiliates, any predecessor or successor

9    law firm, and any other person or entity acting on its behalf" as "you" is defined in

10   the document request.  This request also may seek information which is protected by

11   the attorney-client and work product privileges as to other clients unrelated to

12   Mabvax, and may also seek information which is irrelevant to this action and is not

13   calculated to lead to the discovery of admissible evidence.  Given said objections,

14   SRF is unable to respond to this request as stated.

15   **REQUEST FOR PRODUCTION NO. 4:**

16        Documents sufficient to show (A) all invoices sent to MabVax for Your legal

17   representation and (B) all monies and/or other consideration paid by MabVax to

18   You.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20        Objections:  This request is overbroad, unduly burdensome and oppressive,

21   and vague and ambiguous as to "Documents sufficient to show."  It is unclear what

22   specific documents this request is seeking. Without waiving said objections, SRF

23   will produce copies of all of its invoices to Mabvax and fee conversion agreements

24   with Mabvax, which show monies and/or other consideration paid by MabVax to

25   SRF.

26   **REQUEST FOR PRODUCTION NO. 5:**

27        All Documents and Communications concerning the Fee Conversion

28   Agreement.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objections: This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A). This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning the Fee Conversion Agreement." Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, as well as internal communications between SRF attorneys. Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control generated up and until SRF's representation of Mabvax ended.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning MabVax's hiring and retention of the Firm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objections: This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A). This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning MabVax's hiring and retention of the Firm." Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, as well as internal communications between SRF attorneys, and/or other third party clients. Without waiving said objections, SRF will produce all non-

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

9

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-045

1  privileged documents responsive to this request in its possession, custody or control

2  generated up and until SRF's representation of Mabvax ended.

3  **REQUEST FOR PRODUCTION NO. 7:**

4  All Documents and Communications concerning any actual or potential

5  conflict of interest relating to Your legal representation of MabVax.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7  Objections:  This request is overbroad, unduly burdensome and oppressive,

8  and fails to describe with reasonable particularity each item or category of items to

9  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

10  request is also overbroad as to time, and vague and ambiguous as to "All

11  Documents" and "concerning any actual or potential conflict of interest relating to

12  Your legal representation of MabVax."   Based on the overbroad definition of

13  "concerning," the request also potentially seeks information protected by the

14  attorney-client and work product privileges in this action pertaining to

15  communications between SRF and its defense counsel in this action, as well as

16  internal communications between SRF attorneys, and/or other third party clients of

17  SRF.  Without waiving said objections, SRF will produce all non-privileged

18  documents responsive to this request in its possession, custody or control generated

19  up and until SRF's representation of Mabvax ended, which includes retainer

20  agreements between SRF and Mabvax, and any e-mails or other communications

21  between SRF and Mabvax discussing any potential conflict of interest and/or

22  transmitting the retainer agreements.

23  **REQUEST FOR PRODUCTION NO. 8:**

24  All Documents and Communications concerning any actual or potential

25  conflict of interest between MabVax and any Investor.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

27  Objections:  This request is overbroad, unduly burdensome and oppressive,

28  and fails to describe with reasonable particularity each item or category of items to

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-046

1  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

2  request is also overbroad as to time, and vague and ambiguous as to "All

3  Documents" and "concerning any actual or potential conflict of interest between

4  MabVax and any Investor."   Based on the overbroad definition of "concerning," the

5  request also potentially seeks information protected by the attorney-client and work

6  product privileges in this action pertaining to communications between SRF and its

7  defense counsel in this action, as well as internal communications between SRF's

8  attorneys, and/or other third party clients of SRF.  Without waiving said objections,

9  SRF will produce all non-privileged documents responsive to this request in its

10  possession, custody or control generated up and until SRF's representation of

11  Mabvax ended, which includes retainer agreements between SRF and Mabvax, and

12  any e-mails or other communications between SRF and Mabvax discussing any

13  potential conflict of interest and/or transmitting the retainer agreements.

14  **REQUEST FOR PRODUCTION NO. 9:**

15          All Documents and Communications concerning any actual or contemplated

16  transaction or agreement involving both (a) MabVax and (b) an Investor, MDM

17  Worldwide, EST, and/or Laidlaw.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19          Objections:  This request is overbroad, unduly burdensome and oppressive,

20  and fails to describe with reasonable particularity each item or category of items to

21  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

22  request is also overbroad as to time, and vague and ambiguous as to "All

23  Documents" and "concerning any actual or contemplated transaction or agreement."

24  Based on the overbroad definition of "concerning," the request also potentially seeks

25  information protected by the attorney-client and work product privileges in this

26  action pertaining to communications between SRF and its defense counsel in this

27  action, as well as internal communications between SRF attorneys, and/or other

28  third party clients of SRF.  Without waiving said objections, SRF will produce all

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                             11                         3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-047

1   non-privileged documents responsive to this request in its possession, custody or

2   control generated up and until SRF's representation of Mabvax ended.

3   **REQUEST FOR PRODUCTION NO. 10:**

4        All Documents and Communications concerning MabVax's actual or

5   potential reporting requirements under securities laws, including, without limitation,

6   Communications concerning whether any or all of the Investors would be

7   considered a 13D Group under the Securities Exchange Act of 1934 and

8   Communications concerning the effect of any beneficial ownership "blockers"

9   contained in any MabVax securities.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11       Objections:  This request is overbroad, unduly burdensome and oppressive,

12  and fails to describe with reasonable particularity each item or category of items to

13  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

14  request also seeks documents which include public filings of the transactions by

15  Mabvax, and are thus already in Mabvax' possession and are equally available as

16  public records.  This request is also overbroad as to time, and vague and ambiguous

17  as to "All Documents" and "concerning MabVax's actual or potential reporting

18  requirements under securities laws…"   Based on the overbroad definition of

19  "concerning," the request also potentially seeks information protected by the

20  attorney-client and work product privileges in this action pertaining to

21  communications between SRF and its defense counsel in this action, as well as

22  internal communications between SRF attorneys.  Without waiving said objections,

23  SRF will produce all non-privileged documents responsive to this request in its

24  possession, custody or control generated up and until SRF's representation of

25  Mabvax ended.

26  / / /

27  / / /

28  / / /



**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning any transactions involving MabVax securities or derivative instruments, including any purchases, acquisitions, sales, or dispositions, performed by or on behalf of You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objections: This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A). This request also seeks documents which include public filings of the transactions by Mabvax, and are thus already in Mabvax' possession and are equally available as public records. This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning any transactions involving MabVax securities or derivative instruments …" This request also seeks information protected by third party's right to privacy and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence. Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, other counsel for SRF, and internal communications between SRF attorneys. Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control generated up and until SRF's representation of Mabvax ended, which includes communications between SRF and Mabvax responsive to this request, as well as documents reflecting work performed by SRF on behalf of Mabvax related to transactions involving MabVax securities or derivative instruments.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning the termination of the Firm's representation of MabVax.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

13

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ex-049

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2       Objections:  This request is overbroad, unduly burdensome and oppressive,

3  and fails to describe with reasonable particularity each item or category of items to

4  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

5  request is also overbroad as to time, and vague and ambiguous as to "All

6  Documents" and "concerning the termination of the Firm's representation of

7  MabVax."   Based on the overbroad definition of "concerning," the request also

8  potentially seeks information protected by the attorney-client and work product

9  privileges in this action pertaining to communications between SRF and its defense

10 counsel in this action, and internal communications between SRF attorneys.

11 Without waiving said objections, SRF will produce all non-privileged documents

12 responsive to this request in its possession, custody or control generated up and until

13 SRF's representation of Mabvax ended, which includes any communications

14 between SRF, on the one hand, and Mabvax or anyone acting on its behalf, on the

15 other, responsive to this request related to SRF's withdrawal from its representation

16 of Mabvax.

17 **REQUEST FOR PRODUCTION NO. 13:**

18      All Documents and Communications concerning the transition from the

19 Firm's representation of MabVax to Baker Botts LLP's representation of MabVax.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21      Objections:  This request is overbroad, unduly burdensome and oppressive,

22 and fails to describe with reasonable particularity each item or category of items to

23 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

24 request is also overbroad as to time, and vague and ambiguous as to "All

25 Documents" and "concerning the termination of the Firm's representation of

26 MabVax."   Based on the overbroad definition of "concerning," the request also

27 potentially seeks information protected by the attorney-client and work product

28 privileges in this action pertaining to communications between SRF and its defense

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-050

1  counsel in this action, and internal communications between SRF attorneys.

2  Without waiving said objections, SRF will produce all non-privileged documents

3  responsive to this request in its possession, custody or control generated up and until

4  SRF's representation of Mabvax ended, which includes communications between

5  SRF, on the one hand, and Mabvax or anyone acting on its behalf, including Baker

6  Botts, on the other, responsive to this request related to the transition from SRF's

7  representation to Baker Botts' representation of Mabvax.

8  **REQUEST FOR PRODUCTION NO. 14:**

9         All Documents and Communications concerning Harvey Kesner's departure

10  from the Firm.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12         Objections:  This request is overbroad, unduly burdensome and oppressive,

13  and fails to describe with reasonable particularity each item or category of items to

14  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

15  request is also overbroad as to time, and vague and ambiguous as to "All

16  Documents" and "concerning Harvey Kesner's departure from the Firm."   Based on

17  the overbroad definition of "concerning," the request also potentially seeks

18  information protected by the attorney-client and work product privileges in this

19  action pertaining to communications between SRF and its defense counsel in this

20  action, and internal communications between SRF attorneys.  This request further

21  seeks documents protected by SRF and Harvey Kesner's rights to privacy, and

22  documents which are irrelevant and unlikely to lead to the discovery of admissible

23  evidence.  Given said objections, SRF is unable to comply with this request.

24  **REQUEST FOR PRODUCTION NO. 15:**

25         All Documents and Communications between or among the Firm and any of

26  the Investors concerning MabVax.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                              3:18-cv-02494-WQH-MSB
15
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-051

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "between or among the Firm and any of the Investors concerning MabVax."   The request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining other SRF clients, and internal communications between SRF attorneys.  Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control generated up and until SRF's representation of Mabvax ended.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to any conversion of MabVax preferred stock to common stock by any Investor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request also seeks documents which include public filings of the transactions by Mabvax, and are thus already in Mabvax' possession and are equally available as public records.  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "relating to any conversion of MabVax preferred stock to common stock by any Investor."   Based on the overbroad definition of "relating to," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, internal communications between SRF attorneys.  Without waiving said objections, SRF will produce all non-privileged

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-052

1  documents responsive to this request in its possession, custody or control generated

2  up and until SRF's representation of Mabvax ended.

3  **REQUEST FOR PRODUCTION NO. 17:**

4     All Documents and Communications concerning a Consent Right.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

6     Objections:  This request is overbroad, unduly burdensome and oppressive,

7  and fails to describe with reasonable particularity each item or category of items to

8  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

9  request is also overbroad as to time, and vague and ambiguous as to "All

10 Documents" and "concerning a Consent Right."   Based on the overbroad definition

11 of "concerning," the request also potentially seeks information protected by the

12 attorney-client and work product privileges in this action pertaining to

13 communications between SRF and its defense counsel in this action, and internal

14 communications between SRF attorneys.  Without waiving said objections, SRF will

15 produce all non-privileged documents responsive to this request in its possession,

16 custody or control generated up and until SRF's representation of Mabvax ended.

17 **REQUEST FOR PRODUCTION NO. 18:**

18    All Documents and Communications concerning the beneficial ownership of,

19 GRQ, GRQ 401K, GRQ Barry, GRQ Renee, Honig Foundation, Southern Biotech,

20 HSCI, Grander, Grander 401K, Airy, 11 East, ATG, Opko, FGIT, Melechdavid,

21 MRP, Alpha, Del Mar, Del Mar Trust, Irth, SCI, Paradox, Darwin, Darwin

22 Retirement, Darwin Ret, and Denville.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

24    Objections:  This request is overbroad, unduly burdensome and oppressive,

25 and fails to describe with reasonable particularity each item or category of items to

26 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A). This

27 request also seeks documents which include public filings, and are thus already in

28 Mabvax' possession and are equally available as public records.  This request is also

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-053

1  overbroad as to time, and vague and ambiguous as to "All Documents" and

2  "concerning the beneficial ownership of, GRQ, GRQ 401K, GRQ Barry, GRQ

3  Renee, Honig Foundation, Southern Biotech, HSCI, Grander, Grander 401K, Airy,

4  11 East, ATG, Opko, FGIT, Melechdavid, MRP, Alpha, Del Mar, Del Mar Trust,

5  Irth, SCI, Paradox, Darwin, Darwin Retirement, Darwin Ret, and Denville."   Based

6  on the overbroad definition of "concerning," the request also potentially seeks

7  information protected by the attorney-client and work product privileges in this

8  action pertaining to communications between SRF and its defense counsel in this

9  action, internal communications between SRF attorneys, and third party clients of

10  SRF.  Without waiving said objections, SRF will produce any non-privileged

11  documents responsive to this request in its possession, custody or control generated

12  up and until SRF's representation of Mabvax ended.

13  **REQUEST FOR PRODUCTION NO. 19:**

14        All engagement letters and/or retention agreements signed by Harvey Kesner

15  on behalf of the Firm.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

17        Objections:  This request is overbroad, unduly burdensome and oppressive,

18  and fails to describe with reasonable particularity each item or category of items to

19  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

20  request is also overbroad as to time, and vague and ambiguous as to "All

21  engagement letters and/or retention agreements signed by Harvey Kesner on behalf

22  of the Firm."   This request also seeks information protected by the attorney-client

23  and work product privileges pertaining to other clients of SRF.  Without waiving

24  said objections, SRF will produce all engagement letters and/or retention

25  agreements between SRF and Mabvax.

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

18

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-054

1  **REQUEST FOR PRODUCTION NO. 20:**

2       All Documents and Communications concerning any inquiries or

3  investigation of MabVax from or by FINRA, the SEC, or any other local, state, or

4  federal regulator or law enforcement agency.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

6       Objections:  This request is overbroad, unduly burdensome and oppressive,

7  and fails to describe with reasonable particularity each item or category of items to

8  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

9  request is also overbroad as to time, and vague and ambiguous as to "All

10  Documents" and "concerning any inquiries or investigation of MabVax…"   Based

11  on the overbroad definition of "concerning," the request also potentially seeks

12  information protected by the attorney-client and work product privileges in this

13  action pertaining to communications between SRF and its defense counsel in this

14  action, internal communications between SRF attorneys, and other SRF clients.

15  Without waiving said objections, SRF will produce all non-privileged documents

16  responsive to this request in its possession, custody or control, which include and is

17  limited to inquiries to Mabvax by FINRA, the SEC or any other regulator or agency,

18  and does not include any inquiries to other SRF clients by FINRA, the SEC or any

19  other regulator or agency.

20  **REQUEST FOR PRODUCTION NO. 21:**

21       All timesheets, calendars, personal files, expense reports or logs, diaries,

22  notebooks, notes, calendars, appointment books, address books, or records,

23  maintained by or for any Firm employee who worked on any MabVax related

24  matters, including, but not limited to, Harvey Kesner.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

26       Objections:  This request is overbroad, unduly burdensome and oppressive,

27  and fails to describe with reasonable particularity each item or category of items to

28  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-055

1  request is also overbroad as to time, and vague and ambiguous as to "All timesheets,

2  calendars, personal files, expense reports or logs, diaries, notebooks, notes,

3  calendars, appointment books, address books, or records" and "any Firm employee

4  who worked on any MabVax related matters."   This request seeks information

5  which is protected by the right to privacy, and information which is irrelevant and

6  not calculated to lead to the discovery of admissible evidence.   This request also

7  seeks information protected by the attorney-client and work product privilege

8  pertaining to SRF's other clients.  Without waiving said objections, SRF will

9  produce all invoices and a summary excel timesheet data reflecting work performed

10  and logged by SRF for Mabvax.

11  **REQUEST FOR PRODUCTION NO. 22:**

12       The personnel files, including any resumes, curriculum vitae, and

13  performance evaluations, for all Firm employees who worked on any MabVax

14  related matters, including, but not limited to, Harvey Kesner.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16       Objections:  This request is overbroad, unduly burdensome and oppressive,

17  and fails to describe with reasonable particularity each item or category of items to

18  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

19  request is also overbroad as to time, and vague and ambiguous as to "The personnel

20  files, including any resumes, curriculum vitae, and performance evaluations" and

21  "any Firm employee who worked on any MabVax related matters."   This request

22  seeks information which is protected by the right to privacy, and information which

23  is irrelevant and not calculated to lead to the discovery of admissible evidence.

24  Given said objections, SRF is unable to comply with this request.

25  **REQUEST FOR PRODUCTION NO. 23:**

26       All Documents and Communications concerning any other accusation,

27  complaint, or lawsuit, whether formal or informal, that has been made against You

28  and/or Harvey Kesner.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

20

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-056

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "concerning any other accusation, complaint, or lawsuit, whether formal or informal, that has been made against You and/or Harvey Kesner."   This request seeks information which is confidential and protected by the right to privacy, and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.   This request also seeks information protected by the attorney-client and work product privilege between SRF and its counsel, between SRF and other clients, and internal communications between SRF attorneys.  This request further seeks public record information which is equally available to propounding party.  Without waiving said objections, SRF will produce copies of complaints which have been filed against the SRF firm.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold polices You have or had in place, including all current and former versions, as well as any retention policies by third parties relating to electronic Communications utilized by any of Your employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and vague and ambiguous as to "All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold policies…." and "retention policies by third parties relating to electronic Communications utilized by any of Your employees."  This request also potentially seeks information protected by the attorney-client and work product privilege between SRF and its defense counsel in this action.  SRF understands this request to seek any written document

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ex-057

1 | retention policies by SRF.  SRF has performed a diligent search of documents in

2 | response to this request and is unable to comply with this request, as SRF does not

3 | have any written document retention policies as described in this request.

4 | **REQUEST FOR PRODUCTION NO. 25:**

5 | All certificates of registration and certificates of publication filed with the

6 | New York Department of State's Division of Corporations on behalf of the Firm.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8 | Objections:  This request is overbroad, unduly burdensome and oppressive,

9 | and fails to describe with reasonable particularity each item or category of items to

10 | be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

11 | request is also overbroad as to time.  This request seeks information which is

12 | irrelevant and not calculated to lead to the discovery of admissible evidence.  This

13 | request further seeks public record information which is equally available to

14 | propounding party.  Without waiving said objections, SRF will produce copies of

15 | responsive documents filed during its representation of Mabvax, between April

16 | 2015 and May 2018.

17 | **REQUEST FOR PRODUCTION NO. 26:**

18 | All Documents concerning the firms income and assets, including:

19 | a.      All income statements and balance sheets for the Firm for the last five

20 | calendar years;

21 | b.      All federal and state income tax returns filed by the Firm for the last

22 | five calendar years;

23 | c.      All W-2 statements, all K-1 statements, year-end payroll statements,

24 | interest and dividend statements and all other records of income earned or received

25 | by the Firm during the last five calendar years;

26 | d.      All records showing any income earned or received by the Firm for the

27 | current calendar year;

28 | / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

22

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-058

1    e.    All financial statements and credit card and loan applications prepared

2  by or for the Firm during the last five calendar years;

3    f.    All Documents relating to real property in which the Firm has any

4  interest, such as deeds, real estate contracts, appraisals and statements of assessed

5  value of such property;

6    g.    All Documents showing the Firm's debts, including the most recent

7  statement of all loan, credit or charge card balances due;

8    h.    Certificates of title or registrations of all automobiles, motor vehicles,

9  boats, or other personal property registered in the Firm's name or in which the Firm

10  has any interest, including documentation sufficient to show the vehicle

11  identification number or other unique identifying number;

12    i.    Documents showing stocks, bonds, secured notes, mutual funds and

13  other investments in which the Firm has any interest;

14    j.    The most recent statement describing any retirement plan, IRA pension

15  plan, profit-sharing plan, stock option plan or deferred compensation plan in which

16  the Firm sponsors, administrates, or otherwise has any interest; and

17    k.    All financial institution or brokerage account records on any account in

18  which the Firm has had any interest or signing privileges in the past year, whether or

19  not the account is currently open or closed.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

21    Objections:  This request is overbroad, unduly burdensome and oppressive

22  and harassing, and seeks confidential financial documents protected by the right to

23  privacy and tax payer privileges as to SRF and all persons included in propounding

24  party's definition of the "Firm."  This request is also premature as plaintiff's claim

25  for punitive damages is spurious at this stage of the litigation.  This request also

26  / / /

27  / / /

28  / / /

23

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

Ex-059

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  seeks documents which are irrelevant and not likely to lead to the discovery of

2  admissible evidence.  Given said objections, SRF is unable to comply with this

3  request.

4  DATED: September 17, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7  By: _____

8  Mark K. Anesh

   Corinne C. Bertsche

9  Attorneys for Defendant SICHENZIA

   ROSS FERENCE LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                                            3:18-cv-02494-WQH-MSB
                                    24
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
                          PRODUCTION OF DOCUMENTS

Ex-060

## CALIFORNIA STATE COURT PROOF OF SERVICE

MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.
District Court Case No. 3:18-cv-02494-WQH-MSB

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

On September 17, 2019, I served the following document(s):

**DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒       Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 17, 2019**, at San Diego, California.

Sondra J. Bradley

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

1
PROOF OF SERVICE

3:18-cv-02494-WQH-MSB
Ex-061

1

**SERVICE LIST**
**MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.**
**District Court Case No. 3:18-cv-02494-WQH-MSB**

2

3

4   Jason A. Leviton, Esq., *Pro Hac Vice*
Joel A. Fleming, Esq.
Jacob A. Walker, Esq.

5   **Block & Leviton LLP**

6   260 Franklin Street, Suite 1860

Boston, MA 02110

7   Tel: (617) 398-5600

8   Fax: (617) 507-6020

jason@blockesq.com

9   joel@blockesq.com

jake@blockesq.com

10

11   *Attorneys for Plaintiff, MabVax*
*Therapeutics Holdings, Inc.*

12

13

14   Mark Kenneth Anesh, Esq., *Pro Hac Vice*
**Lewis Brisbois, Bisgaard & Smith**

15   77 Water Street, Suite 2100
New York, NY 10005

16   Tel.: 212.232.1411
Fax.: 212.232.1399

17   Mark.Anesh@Lewisbrisbois.com

18   *Attorney for Defendants, Sichenzia Ross*
*Ference LLP; Avital Even-Shoshan*

19   *Perlman; David B. Manno;  Gregory*
*Sichenzia; Marc Ross; Michael Ference;*

20   *Richard J. Babnick, Jr.; Tara Guarneri-*
*Ferrara: and Thomas Rose:*

Adrien K. Anderson, Esq., *Pro Hac Vice*

Tamara A. Hoffbuhr Seelman, Esq. , *Pro Hac Vice*

John M. Palmeri, Esq. , *Pro Hac Vice*

**Gordon Rees Scully Mansukhani**

555 Seventeenth Street, Suite 3400

Denver, CO 80202

Tel.: 303.200.6895

aanderson@grsm.com

tseelman@grsm.com

jpalmeri@grsm.com

*Attorneys for Defendant, Harvey Kesner*

Maha Sarah, Esq.

**Gordon Rees Scully Mansukhani**

101 West Broadway, Suite 1600

San Diego, CA 92101

Tel.: 619.696.6700

Fax.: 619.696.7124

msarah@grsm.com

*Attorneys for Defendant, Harvey Kesner*

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Exhibit D**

1   JOHN M. PALMERI *(pro hac vice)*
    jpalmeri@grsm.com
2   TAMARA A. SEELMAN *(pro hac vice)*
    tseelman@grsm.com
3   **GORDON REES SCULLY MANSUKHANI, LLP**
    555 Seventeenth Street, Suite 3400
4   Denver, CO 80202
    Telephone: (303) 534-5160
5   Facsimile: (303) 534-5161

6   MAHA SARAH, (SBN: 218981)
    msarah@grsm.com
7   **GORDON REES SCULLY MANSUKHANI, LLP**
    101 W. Broadway, Suite 2000
8   San Diego, CA 92101
    Telephone: (619) 696-6700
9   Facsimile: (619) 696-7124

10  Attorneys for Defendant
    HARVEY KESNER

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  MABVAX THERAPEUTICS            CASE NO. 18CV2494-WQH-MSB
    HOLDINGS, INC.,
16                                 **HARVEY KESNER'S RESPONSE**
                    Plaintiff,     **TO PLAINTIFF'S FIRST REQUEST**
17                                 **FOR PRODUCTION OF**
         v.                        **DOCUMENTS**
18
    SICHENZIA ROSS FERENCE LLP
19  (f/k/a SICHENZIA ROSS FERENCE
    KESNER LLP; f/k/a SICHENZIA
20  ROSS FRIEDMAN FERENCE LLP),    Judge: The Hon. William Q. Hayes
    HARVEY KESNER, and DOES 1
21  through 10, inclusive,

22                  Defendants.

23

24       Defendant Harvey Kesner, by and through his attorneys, Gordon Rees

25  Scully Mansukhani, LLP, submits the following Response to Plaintiff's First

26  Request For Production of Documents to Defendant Harvey Kesner:

27

28

*Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101*

-1-

Ex. 064

## GENERAL OBJECTIONS

1.      Defendant Kesner objects to Definition No. 14 of "Investor" and "Investors" and specifically the phrase "and any other person or entity controlled by the Investors or in which any of the Investors has a beneficial interest" as vague, ambiguous, overly broad and unduly burdensome. Defendant cannot determine the persons or entities to which this phrase refers and Defendant is not required to research such information.

2.      Defendant Kesner objects to Instruction Nos. 3 and 4 requesting a privilege log because although Defendant Kesner asserts privileges, the privileged documents and communications are not in his possession, custody and control. Defendant Kesner further objects because the instructions request Defendant Kesner to do more than that required by Federal Rules of Civil Procedure or other applicable law relating to privilege logs. In addition, Plaintiff's request for a privilege log is premature in light of the Parties' forthcoming motion to compel return of privileged documents.

3.      Defendant Kesner objects to Instruction Nos. 11-15 as they are not required by the Federal Rules of Civil Procedure or other applicable law.

4.      Defendant Kesner objects to all Instructions to the extent they request Defendant Kesner to do anything beyond the requirements of the Federal Rules of Civil Procedure or other applicable law.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All Documents and Communications concerning any of the allegations in the complaint filed in the above-captioned action or any affirmative defense.

     **RESPONSE**:  Defendant objects to this Request as over broad and unduly burdensome because it is not limited by time frame, scope or subject matter and it is an improper "blockbuster" request as it requests Defendant to marshall all documentary evidence in response to one written request. "District courts need not

Gordon Rees Scully Mansukhani<br>101 W. Broadway Suite 2000<br>San Diego, CA 92101

Ex. 065

condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004); *Grynberg v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, at *16-18 (D. Colo. May 3, 2006) ("It is proper, of course, to inquire about the material facts supporting specific factual matters raised in the pleadings. But to require [a defendant] first to identify each denial of a material allegation and each affirmative defense in its pleadings and then to … identify all material documents supporting the denial or affirmative defense is unduly burdensome as a matter of law and an abuse of the discovery system.").

Defendant further objects because the Request may seek documents and communications protected by the attorney client and work product privileges, and Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502.

2.   All Documents and Communications concerning any of the allegations in the complaint filed in the SEC Action or any affirmative defense.

**RESPONSE**: Defendant objects on the grounds this Request is vague, ambiguous, over broad, and unduly burdensome because it is not limited by time, scope or matter and it is an improper "blockbuster" request as it requests Defendant to marshall all documentary evidence in response to one written request. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004); *Grynberg v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, at *16-18 (D. Colo. May 3, 2006) ("It is proper, of course, to inquire about the material facts supporting specific factual matters raised in the pleadings. But to require [a defendant] first to identify each denial of a material allegation and each affirmative defense in its pleadings and then to … identify all material documents supporting the denial or affirmative defense is unduly burdensome as a matter of law and an abuse of the discovery system."). Defendant further objects because the Request may seek documents and

-3-

Ex. 066

1   communications protected by the attorney client and work product privileges, and

2   Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S.

3   383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502. Defendant further

4   objects because the Request seeks information not relevant to the claims or

5   defenses in this case as none of the parties in the SEC Action are parties here.

6

7   3.      Documents sufficient to identify all entities in which (A) any Investor owns

8   or owned a beneficial interest and (B)(i) You own or owned a beneficial interest or

9   (ii) You serve or served as an attorney, officer, director, employee, manager, or

10  agent.

11          **RESPONSE**: Defendant objects to this Request because it is vague,

12  ambiguous, overly broad and unduly burdensome because it does not limited by

13  timeframe, scope or subject matter and because as discussed under General

14  Objections, a portion of the definition of "Investor" is unclear. The Request

15  appears to seek documents showing any Investor owns a beneficial interest in

16  *anything* at *any time*. For these same reasons, the Request is also objectionable

17  because it seeks information not relevant to the claims or defenses in this case.

18  "District courts need not condone the use of discovery to engage in 'fishing

19  expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004).

20          Defendant further objects because subsection B(ii) seeks documents and

21  communications protected by the attorney client and work product privileges, and

22  Defendant's duty of confidentiality to clients as some of the Investors were clients

23  of Defendants. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26;

24  Fed. R. Evid. 501 and 502. The Request appears to seek documents showing any

25  corporate entity Mr. Kesner has represented in his entire career, which is privileged

26  and irrelevant.

27

28

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

-4-

Ex. 067

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

1    4.     Documents sufficient to show (A) all invoices sent to MabVax for Your

2    legal representation and (B) all monies and/or other consideration paid by MabVax

3    to you.

4        **RESPONSE**: Defendant did not receive money from MabVax and does not

5    have responsive information. Defendant believes the Firm may have documents

6    responsive to this Request and incorporates the Firm's response by reference.

7

8    5.     All documents and Communications concerning MabVax's hiring and

9    retention of You and/or the Firm.

10       **RESPONSE**: Defendant believes the Firm has the engagement letters signed

11   by MabVax and incorporates the Firm's response by reference.

12

13   6.     All Documents and Communications concerning any actual or potential

14   conflict of interest relating to Your legal representation of MabVax.

15       **RESPONSE**: Defendant objects because the Request is vague and

16   ambiguous. Defendant cannot determine what documents MabVax seeks that

17   "concern[] any actual or potential conflict of interest". Without waiving this

18   objection, Defendant believes the Firm has the engagement letters signed by

19   MabVax, which contain disclosures by the Firm and acknowledgements by

20   MabVax of conflicts of interest and incorporates the Firm's response by reference.

21   To the extent the Request seeks communications or other documents regarding the

22   Defendant's current or former clients, those documents are protected by the

23   attorney client and work product privileges, and Defendant's duty of

24   confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R.

25   Civ. Pro. 26; Fed. R. Evid. 501 and 502.

26

27   7.     All Documents and Communications concerning any actual or potential

28   conflict of interest between MabVax and any Investor.

Ex. 068

**RESPONSE**: Defendant objects to the Request because it is vague and ambiguous. As discussed under General Objections, a portion of the definition of "Investor" is unclear. Also, Defendant cannot determine what documents MabVax seeks that "concern[] any actual or potential conflict of interest". Without waiving this objection, Defendant believes the Firm has the engagement letters signed by MabVax, which contain disclosures by the Firm and acknowledgements by MabVax of conflicts of interest and incorporates the Firm's response by references. To the extent the Request seeks communications or other documents regarding the Defendant's current or former clients, those documents are protected by the attorney client and work product privileges, and Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502.

8.    All Documents and Communications concerning any actual or contemplated transaction or agreement involving both (A) MabVax and (B) an Investor, MDM Worldwide, EST, or Laidlaw.

**RESPONSE**:  Defendant objects because the Request seeks information not relevant to the claims or defenses in this case, and is overly broad and unduly burdensome because it is not limited by timeframe, scope or subject matter. As discussed under General Objections, a portion of the definition of "Investor" is unclear. Defendant objects because agreements in which MabVax is a party should already be in MabVax's possession. Defendant objects to the portion of the Request seeking documents and communications concerning any "contemplated transaction or agreement" as vague, ambiguous, unduly burdensome, and not relevant to the claims and defenses in the case. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004). Further, to the extent the Request seeks communications or other documents regarding the Defendant's current or former

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Ex. 069

clients, those documents are protected by the attorney client and work product privileges, and Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502.

9.   All Documents and Communications concerning MabVax's actual or potential reporting requirements under securities laws, including, without limitation, Communications concerning whether any or all of the Investors would be considered a 13D Group under the Securities Exchange Act of 1934 and Communications concerning the effect of any beneficial ownership "blockers" contained in any MabVax securities.

**RESPONSE**: Defendant objects to this Request as overly broad and unduly burdensome as this Request potentially refers to nearly every communication between Defendants and Plaintiff. Without waiving this objection, emails from Defendant's personal email account between Defendant Kesner and Plaintiff's representatives that may relate to services Defendants performed for Plaintiff will be produced upon entry of a protective order and an ESI protocol.

10.   All Documents and Communications concerning any transactions in MabVax securities or derivative instruments including any purchases, acquisitions, sales, or dispositions owned by or on behalf of You.

**RESPONSE**: Emails between Plaintiff and Mr. Kesner regarding shares owned by Paradox Capital Partners, LLC and a Notice of Conversion by Darwin Investments, LLC will be produced upon entry of a protective order and an ESI protocol.

11.   All Documents and Communications concerning the Fee Conversion Agreement.

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Ex. 070

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

1     **RESPONSE**: Defendant believes the Firm may have documents responsive

2  to this Request and incorporates the Firm's response by reference.

3

4  12.    All Documents and Communications concerning the termination of the

5  Firm's representation of MabVax.

6     **RESPONSE**: Defendant believes the Firm may have documents responsive

7  to this Request and incorporates the Firm's response by reference.

8

9  13.    All Documents and Communications concerning Your departure from the

10 Firm.

11    **RESPONSE**: Defendant objects to this Request because it seeks documents

12 that are not relevant to the claims and defenses in the case. "District courts need

13 not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v.*

14 *NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004). Defendant objects because the

15 Request seeks information that is private and confidential. Further, private

16 financial information is protected from discovery. *Valley Bank of Nevada v.*

17 *Superior Court* (1975) 15 Cal.3d 652, 656–657, 125 Cal.Rptr. 553, 542 P.2d 977.

18

19 14.    All Documents and Communications between or among You and any of the

20 Investors concerning MabVax.

21    **RESPONSE**: Defendant objects to this Request as vague and ambiguous

22 because it is not limited by timeframe, scope or subject matter, and as discussed

23 under General Objections, a portion of the definition of "Investor" is unclear.

24 "District courts need not condone the use of discovery to engage in 'fishing

25 expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004).

26 Defendant further objects because the Request seeks documents regarding the

27 Defendant's current or former clients, which documents are protected by the

28 attorney client and work product privileges, and Defendant's duty of

-8-

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Evid. 501 and 502. Without waiving these objections, emails from Defendant's personal email account between Defendant Kesner and Plaintiff regarding a letter agreement between Plaintiff and HSCI, will be produced upon entry of a protective order and an ESI protocol.

15.     All Documents and Communications relating to any conversion of MabVax preferred stock to common stock by any Investor.

**RESPONSE**: Defendant objects because as discussed under General Objections, a portion of the definition of "Investor" is unclear. Defendant further objects because the Request seeks documents regarding the Defendant's current or former clients, which documents are protected by the attorney client and work product privileges, and Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502. Without waiving this objection, documents reflecting shares owned by Paradox Capital Partners, LLC and Notice of Conversion by Darwin Investments, LLC, will be produced upon entry of a protective order and an ESI protocol. Defendant believes additional responsive documents may be in the possession of MabVax and its transfer agent Computershare Investor Services.

16.     All Documents and Communications concerning a Consent Right.

**RESPONSE**: Defendant believes MabVax and the Firm may have documents responsive to this Request and incorporate the Firm's response by reference.

17.     All Documents and Communications concerning the beneficial ownership of GRQ, GRQ 401K, GRQ Barry, GRQ Renee, Honig Foundation, Southern Biotech, HSCI, Grander, Grander 401K, Airy, 11 East, ATG, Opko, FGIT, Melechdavid,

Ex. 072

MRP, Alpha, Del Mar, Del Mar Trust, Irth, SCI, Paradox, Darwin, Darwin Retirement, Darwin Reg, and Denville.

**RESPONSE**: Defendant objects because the Request seeks documents regarding the Defendant's current or former clients, which documents are protected by the attorney client and work product privileges, and Defendant's duty of confidentiality to clients. *See, e.g.*, *Upjohn v. U.S.*, 449 U.S. 383 (1981); Fed. R. Civ. Pro. 26; Fed. R. Evid. 501 and 502. Without waiving this objection, the following will be produced upon entry of a protective order and ESI protocol: emails from Mr. Kesner's personal email account between MabVax and Mr. Kesner regarding shares owned by Paradox Capital Partners, LLC and a letter agreement between Plaintiff and HSCI; and Notice of Conversion by Darwin Investments, LLC.

Defendant believes additional responsive documents may be in the possession of MabVax and its transfer agent Computershare Investor Services.

18.   All Documents and Communications concerning any inquiries or investigations of MabVax from or by FINRA, the SEC, or any other local, state, or federal regulator or law enforcement agency.

**RESPONSE**: Defendant does not have any responsive documents other than documents publically available relating to the Complaint filed by the SEC against certain Investors.

19.   All timesheets, calendars, personal files, expense reports or logs, diaries, notebooks, notes, calendars, appointment books, address books, or records, maintained by or for You.

**RESPONSE**: Defendants objects to this Request because it is overly broad, unduly burdensome as it is not limited by timeframe, scope or subject matter. Defendant further objects because the Request seeks documents not relevant to the

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Ex. 073

claims and defenses in this case. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004). Defendant objects because the Request seeks information that is private and confidential. Further, private financial information is protected from discovery. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656–657, 125 Cal.Rptr. 553, 542 P.2d 977. Without waiving its objection, Defendant believes the Firm may have possession custody and control of time entries for services performed for MabVax and incorporates the Firm's response by reference.

20.    All Documents and Communications concerning any other accusation, complaint, or lawsuit, whether formal or informal, that has been made against You and/or the Law Firm.

**RESPONSE**: Defendants objects because the Request is vague, ambiguous, overly broad, and unduly burdensome as it is not limited by timeframe, scope or subject matter. Defendant further objects because the Request seeks documents not relevant to the claims and defenses in this case. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004).

21.    All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold policies You have or had in place, including all current and former versions, as well as any retention policies by third parties relating to electronic Communications utilized by You.

**RESPONSE**: Defendant objects because the Request is vague and ambiguous. To the extent Defendant is referring to general document retention of the Firm, Defendant does not have possession, custody or control of any responsive documents.

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Ex. 074

22.     All Documents concerning Your income and assets, including:

a.     All federal and state income tax returns filed by You for the last five calendar years;

b.     All W-2 statements, all K-1 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by You during the last five calendar years.

c.     All records showing any income earned or received by You for the current calendar year.

d.     All financial statements, statements of net worth, and credit card and loan applications prepared by or for You during the last five calendar years;

e.     All Documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which You have any interest;

f.     All Documents showing Your debts, including the most recent statement of all loan, credit line or charge card balances due;

g.     Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in Your name or in which You have any interest including documentation sufficient to show the vehicle identification number or other unique identifying number;

h.     Documents showing stocks, bonds, secured notes, mutual funds and other investments in which You have any interest;

i.     The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which You have any interest; and

j.     All financial institution or brokerage account records on any account in which You have had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

-12-

Ex. 075

**RESPONSE**: Defendant objects because the Request is overbroad and unduly burdensome as it is not limited by scope or subject matter. Defendant objects because the Request seeks documents not relevant to the claims and defenses in this case. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s].' " *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.2004). Defendant further objects because the Request seeks information that is private and confidential. Private financial information is protected from discovery. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656–657, 125 Cal.Rptr. 553, 542 P.2d 977. "When seeking to discover such material, the proponent must make a higher showing of relevance and materiality than would be necessary for less sensitive material." *Id*. at p. 657, 125 Cal.Rptr. 553, 542 P.2d 977. In addition, the Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). "…[T]he Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

Dated:  September 17, 2019          GORDON REES SCULLY MANSUKHANI, LLP

By:  *s/ Tamara A. Seelman*
Attorney for Defendant
HARVEY KESNER

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Ex. 076

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that on the 17th day of September, 2019, a true copy of the foregoing document entitled: **HARVEY KESNER'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION was served** via Electronic Mail to the following counsel of record:

| **Counsel for Plaintiff:** | **Counsel for Defendants SICHENZIA ROSS FERENCE LLP:** |
|---|---|
| Jason A. Leviton *(pro hac vice)* | |
| Joel A. Fleming | Corinne C. Bertsche, Esq. |
| Jacob A. Walker | Charles S. Haughey, Jr. |
| Amanda R. Crawford *(pro hac vice forthcoming)* | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| BLOCK & LEVITON LLP | 701 B Street, Suite 1900 |
| 260 Franklin Street, Suite 1860 | San Diego, CA 92101 |
| Boston, MA 02110 | Tel: (619) 233-1006 |
| Tel: (617) 398-5600 | Fax: (619) 233-8627 |
| Fax: (617) 507-6020 | Corinne.bertsche@lewisbrisbois.com |
| jason@blockesq.com | Chuck.Haughey@lewisbrisbois.com |
| joel@blockesq.com | |
| jacob@blockesq.com | |
| amanda@blockesq.com | |

**Counsel for Defendants SICHENZIA ROSS FERENCE LLP**

Mark K. Anesh, Esq. *(pro hac vice)*
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, NY 10005
Tel: (212) 232-1411
Fax: (212) 232-1399
Mark.anesh@lewisbrisbois.com

Dated September 17, 2019 at Denver, Colorado.

*s/ Linda S. Montoya*
_____
NAME
For Gordon Rees Scully Mansukhani LLP

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

1170042/47381506v.1

Ex. 077