**GORDON REES SCULLY MANSUKHANI, LLP**
JOHN M. PALMERI (*pro hac vice*)
jpalmeri@grsm.com
TAMARA A. SEELMAN (*pro hac vice*)
tseelman@grsm.com
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161

**GORDON REES SCULLY MANSUKHANI, LLP**
JOSEPH W. GOODMAN, (SBN: 230161)
jgoodman@grsm.com
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
HARVEY KESNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:18-cv-02494-WQH-MSB <br><br> **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> **RE: MOTION BY DEFENDANT KESNER TO COMPEL RESPONSES TO KESNER'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF** <br><br> Before: Honorable Magistrate Judge Michael S. Berg <br><br> Date: As determined by the Court. <br> Trial Date: None Set. |

## I. DEFENDANT HARVEY KESNER'S POSITION

On November 6, 2019, Kesner served Plaintiff with discovery requests including interrogatories, requests for production of documents, and requests for admission. Plaintiff's responses were due thirty days later on December 6, 2019. Plaintiff requested a two-week extension of time, until December 23, 2019, to respond, to which Kesner agreed. Plaintiff served its responses on December 23, 2019. (*See* Ex. 1).

Plaintiff's responses contain numerous deficiencies as outlined to Plaintiff in a meet and confer letter to Plaintiff dated January 3, 2020. The most significant deficiency is Plaintiff agreed but failed to produce or identify any documents. Plaintiff also failed to provide a privilege log and failed to provide complete responses to interrogatories. Plaintiff contends it needs additional time to provide documents because it has no employees due to its bankruptcy and has only one person, director David Hansen, assisting it with responding to discovery, and is unable to provide a time frame as to when Plaintiff will be able to produce and identify the requested documents. Plaintiff further contends it has been unable to consider Kesner's concerns regarding the interrogatory responses due to counsels' schedules and because Mr. Hansen is attending a conference from January 13-16.

Plaintiff however only recently (on approximately January 6, 2020) contacted a document vendor to assist it with searching for documents despite receiving Kesner's discovery requests on November 6, 2019 and filing its complaint over one year ago. Given that Plaintiff has produced no documents in this case thus far, and only contacted a document vendor on January 6, Kesner is concerned Plaintiff has not conducted a reasonable inquiry to respond to Kesner's discovery requests and that Plaintiff is not taking its discovery obligations seriously. Under the current circumstances, it will likely be *months* before Plaintiff is able to produce documents and a privilege log which will delay other aspects of this case including depositions and expert disclosures. Plaintiff filed this case sixteen months ago in September 2018,

and thus far has failed to produce any documents that support its allegations and it appears Plaintiff is not even searching for documents that support its case. Kesner is entitled to know the basis for Plaintiff's allegations.

Accordingly, Plaintiff requests the Court to address this matter at the upcoming hearing on February 6 and set forth a schedule according to which Plaintiff is required to produce documents, a privilege log, and a response to other concerns raised in Kesner's January 3 letter.

## **Background**

The parties held a meet and confer on January 6, 2020. Plaintiff indicated it requires additional time to produce and identify documents because Plaintiff is in bankruptcy, has no employees, and has only one person, director David Hansen, to assist in searching for documents and responding to discovery. Plaintiff indicated it had reached out to a document vendor to assist Plaintiff with searching for documents and that it would *try* to produce *some* documents by the end of January. The same day, Kesner's document vendor notified Kesner's counsel that it had been contacted by Plaintiff to act as Plaintiff's document vendor, and asked if Kesner's counsel would waive the conflict. Kesner's counsel promptly notified its vendor that it did not agree to waive the conflict.

One week later, on January 13, Kesner inquired of Plaintiff as to the status of providing the information requested in the January 3 letter. Plaintiff indicated it was working on a response but was hampered by counsel's schedules and because Mr. Hansen was attending a conference (scheduled from January 13-16). Plaintiff further indicated its responses are delayed because Kesner did not waive the conflict with the document vendor that Plaintiff contacted on January 6.

## **Argument**

A party has an "affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). A reasonable inquiry requires,

"at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." *Id*. (quoting *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987). "An earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have been retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009) (citing *A. Farber & Partners*, 234 F.R.D. at 189).

Plaintiff has not conducted a reasonable inquiry because it appears Plaintiff has done nothing to search for documents requested in Kesner's discovery served November 6. Plaintiff did not produce any documents and did not contact a document vendor to assist in its document search until two months later on January 6. Plaintiff's dilatory approach to searching for and producing documents suggests Plaintiff took a similar approach in responding to Kesner's interrogatories. Further, based on the parties' discussions, Plaintiff has no urgency to provide information to Kesner and is taking the position that because it is in bankruptcy, it does not have to provide information until it gets around to it and that Mr. Hansen's attendance at a conference is more important than Plaintiff's discovery obligations to Kesner.

Based on the parties' discussions, the following is Kesner's understanding of the status of the information Kesner requests from Plaintiff per Kenser's meet and confer letter of January 3.

1. Plaintiff agrees to produce responsive information and documents from the Baker Botts documents[1] after Sichenzia identifies the documents to which it is not claiming a privilege. Sichenzia's privilege log is already being addressed at

---

[1] The Baker Botts documents are the documents at issue in Defendants' motion to claw back documents and which this court ordered Plaintiff to produce. They consist of documents Defendant Sichenzia provided to Baker Botts, LLP, Plaintiff's attorneys.

the hearing on February 6, therefore Kesner requests the Court to also address when Plaintiff will be able to review the non-privileged Baker Botts documents and identify documents responsive to Kesner's discovery requests.

2. Plaintiff agrees to produce other responsive documents in its possession, custody or control and needs additional time to do so, but cannot state when it can provide the information.

3. Plaintiff agrees to produce or identify by Bates no., documents identified, referred to, mentioned or relied upon in its responses to Kesner's interrogatories but needs additional time to do so, but cannot state when it can provide the information.

4. Plaintiff agrees to supplement its responses to Interrogatories 16 and 18 but needs additional time to do so, but cannot state when it can provide the information.

5. Plaintiff has not had time to consider and respond to Kesner's request that Plaintiff provide additional information in response to interrogatories 1-5; 7, 8, 12-19, and 22. Kesner has proposed Plaintiff provide the additional information by February 20.

6. Plaintiff has not had time to consider and respond to Kesner's proposals for resolving Plaintiff's objections to Requests for Admissions Nos. 6, 9-11. Kesner has proposed Plaintiff provide supplemental responses by February 20.

Kesner has indicated to Plaintiff he is willing to discuss these matters further and until the February 6 hearing in an attempt to resolve these issues and agree upon a time frame within which Plaintiff will provide the requested information.

**WHEREFORE**, Kesner requests the Court to address the above matters at the upcoming hearing on February 6 and set forth a schedule according to which Plaintiff is required to produce documents, a privilege log, and a response to other concerns raised in Kesner's January 3 letter regarding Plaintiff's responses to Kesner's discovery.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 22, 2020 | GORDON REES SCULLY MANSUKHANI, LLP |
| 3 | | |
| 4 | | By: */s/ Tamara A. Seelman* |
| 5 | | Tamara A. Seelman<br>John M. Palmeri |
| 6 | | Attorneys for Defendant Harvey Kesner |

## II. PLAINTIFF'S POSITION

### A. The Motion Fails To Comply With The Civil Chambers Rules

Kesner was required to file the Motion by January 22, 2020.[1] Chambers Rule IV(F) provides, in bold type, that "the party initiating a joint motion … must provide opposing counsel with a complete draft … **at least five (5) business days**" before it is due and that "motions … that do not contain a declaration" certifying that this process was followed "will be rejected by the Court." (emphasis original). Here, Kesner did not serve MabVax with his portion of the joint motion until January 15, 2020 (**four** business days before the deadline),[2] then served a revised version on January 16 (**three** business days before the deadline). *See* Declaration of Joel Fleming ("Fleming Dec.") ¶18.

### B. The Motion's Central Premise Is False

The central premise of the Motion is that the Court's intervention is necessary because "Plaintiff … only contacted a document vendor on January 6."

That is provably false.

"Common practice governing the discovery of electronically stored information ["ESI"] requires the use of search terms to make an extraordinarily burdensome search comply with the tenets" of Rule 26. *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2012 WL 380048, at *4 (D. Md. Feb. 3, 2012). As a law firm like Gordon Rees surely knows, "[t]he proper and most efficient course of action" in any search of ESI is for the parties to reach "agreement … as to search terms and data custodians **prior to … electronic document retrieval**. Selecting search terms and data custodians should be a matter of cooperation and transparency among parties[.]" *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010).[3] "If the producing party generates the search terms on its own, the inevitable result will be complaints that the

---

[1] *i.e.*, 30 days after MabVax served its objections. *See* Chambers Rule IV(D).

[2] Monday, January 20, 2020 was Martin Luther King Jr. Day, which has been a legal holiday since 1986. Out of caution, MabVax has provided its portion by January 22 but MabVax and its counsel were prejudiced by the truncated time period.

[3] Unless otherwise noted, all emphasis is added here and throughout.

search terms were inadequate." *McCormick & Schmick's*, 2012 WL 380048, at *4. So, the requesting party should make the first proposal. *Id.*; *see also McNulty v. Reddy Ice Holdings, Inc.*, 271 F.R.D. 569, 571 (E.D. Mich. 2011) (ordering the requesting party to "provide for discussion reasonably fashioned search terms and criteria.").

As set forth in the accompanying Fleming Declaration,[4] Defendant SRF did not provide MabVax with proposed parameters for a search of MabVax's ESI until December 3. Kesner did not provide his proposed parameters until the evening of Monday, December 9 (and then, only at MabVax's repeated urging).[5] On the morning of Wednesday, December 11 (after consulting with their client), MabVax's counsel emailed the Noesis Group—a third-party vendor that provides information technology services to MabVax, and which had previously assisted MabVax in producing documents to the SEC—to set up a call.[6] Fleming Dec., Ex. A. Counsel spoke to the Noesis Group on Friday, December 13, and were informed that Noesis could identify the total number of documents responsive to particular search parameters. But Noesis was unable to provide "hit reports"[7] or other traditional litigation-support services

---

[4] Notably, Kesner's counsel did not provide a sworn declaration repeating the falsehoods set forth in the body of his Motion.

[5] MabVax's objections and responses to Kesner's document requests were not due until December 23. On December 3, MabVax asked Kesner to provide proposed ESI search terms to accelerate the process and avoid inefficiencies caused by Defendants' inexplicable decision to issue separate, overlapping requests at different times.

[6] MabVax was forced into bankruptcy by the scheme carried out by Defendants and their co-conspirators. It has sold all of its assets and terminated all of its employees. The Company's only agents are its two directors: David Hansen and Ted Gavin (who acts as a director for the limited purpose of investigating and responding to shareholder derivative actions filed before the bankruptcy).

[7] "Hit reports" showing the number of documents that "hit" on each keyword are a tool routinely used by sophisticated litigants to calibrate the parameters of an ESI search. *See, e.g.*, *Lawson v. Love's Travel Stops & Country Stores, Inc.*, 2019 WL 7102450, at *6 (M.D. Pa. Dec. 23, 2019) ("plaintiffs will propose a narrow set of search terms to the defendant, limiting those search terms to the 25 most relevant terms identified by the plaintiffs through the initial hit reports[.]"); *City of Rockford*

necessary for MabVax to evaluate properly the burden of Defendants' proposed terms and negotiate search parameters.

MabVax's counsel immediately began a process to identify another vendor. On Monday, December 16, MabVax's counsel contacted Epiq, a leading e-discovery vendor. Fleming Dec., Ex. B. Over the two weeks that followed—which included both Christmas and Hanukkah—MabVax's counsel and Epiq negotiated a contract.[8]

On Friday January 3, Epiq's representative wrote to MabVax's counsel "I did forget—in order to get a statement of work for signature, I will need the case caption to run a quick conflicts check." Fleming Dec., Ex. C. MabVax's counsel provided the caption five minutes later. *Id.* On Monday January 6, Epiq informed MabVax that "it appears we are working with Lewis Brisbois and Gordon Rees on the defendant's side of this matter. **We have handled this numerous times before** where we make sure the data is housed in a different datacenter and worked on by separate service teams. We would need your approval however to implement the separation[.]" *Id.* MabVax's counsel replied immediately, consenting to the walling-off procedure. *Id.*

On January 7, Epiq wrote to MabVax's counsel: "I am terribly sad to say that the other law firms were not amenable to the separation procedures and allowing Epiq to work on the MabVax side … This is a **very rare situation** where we cannot take on a matter due to … the inability of the parties to both agree to the Chinese wall." *Id.* MabVax's counsel immediately emailed defense counsel urging them to reconsider this absurd position, explaining it would cause further delays. Kesner and SRF refused.

Now Kesner comes to this Court complaining about the pace of MabVax's ESI production. This is the "classic definition of 'chutzpah': that quality enshrined in a man

---

*v. Mallinckrodt ARD Inc.*, 326 F.R.D. 489, 491 (N.D. Ill. 2018) ("the producing party will provide a hit report, which will include the number of documents that hit on each term, the number of unique documents that hit on each term, and the total number of documents that would be returned by using the proposed search term list.").

[8] MabVax also asked a second vendor to provide a proposal.

who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 129 n.5 (2d Cir. 2009) (cleaned up).

As the table below demonstrates, MabVax has produced significantly more discovery (over 275,000 pages) than Kesner (507 pages) or SRF (14 pages), even though MabVax's document requests were served months earlier. MabVax made a substantial ESI production yesterday (less than a month after serving objections) while Kesner did not make his first ESI production until December 5, 2019 (almost three months after serving objections) and SRF has not produced any ESI. Neither Defendant has agreed to ESI search terms, despite multiple proposals from MabVax:

|  | MabVax Requests To Defendants | SRF Requests To MabVax | Kesner Requests To MabVax |
| --- | --- | --- | --- |
| **Requests Served** | July 31, 2019 | Sept. 20, 2019 | Nov. 6, 2019 |
| **Objections Served** | Sept. 17, 2019 | Nov. 6, 2019 | Dec. 23, 2019 |
| **Search Proposal Sent** | Sept. 24, 2019 | Dec. 3, 2019 | Dec. 9, 2019 |
| **First Hit Report** | Nov. 11, 2019 (SRF) Never (Kesner) | Not yet | Not yet |
| **Agreement re: Terms** | Not yet | | |
| **First ESI Production** | Never (SRF) Dec. 5, 2019 (Kesner) | January 21, 2020 | |
| **Responsive Pages Produced** | 14 (SRF) 507 (Kesner) | Over 275,000 (not including 3-million-page client file) | |

Finally, Kesner's Motion makes vague references to the purported inadequacy of MabVax's interrogatory responses without offering specifics or any citations to supporting authority. In meet-and-confer discussions, Kesner took issue with nearly every interrogatory response, complaining that MabVax's responses were insufficiently "comprehensive." But "tell me more, tell me more" is not an argument. Kesner cannot "require the plaintiff to provide a detailed narrative of its entire case, including the identity [of] every witness and document that supports each described fact. Courts have held … such 'blockbuster' interrogatories are unduly burdensome on their face." *F.T.C. v. Ivy Capital, Inc.*, 2012 WL 1883507, at *9 (D. Nev. May 22, 2012). Moreover, contention interrogatories are premature until the end of discovery. *Sandisk Corp. v. Zurich Am. Ins. Co.*, 2013 WL 4875526, at *2 (N.D. Cal. Sept. 12,

2013) ("courts regularly approve contention interrogatories that are served towards the close of fact discovery, **after document production and deposition[s] are complete.** But those that ask a plaintiff … to lay out its entire case, before much if any substantive discovery has taken place, ask too much.") (collecting cases).

Rather than simply rest on objections and refuse to answer, MabVax provided substantive responses and agreed to supplement those responses before the close of discovery, identifying, by Bates number, the documents on which it intends to rely. It will do so. But MabVax cannot supplement its responses until, among other things, Defendants complete their privilege review of the client file and identify those documents as to which they are not asserting a privilege.[9]

The Court should deny the Motion and award MabVax the fees incurred in responding. Fed. R. Civ. Proc. 37(a)(5)(B) ("If the motion is denied, the court … must … require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses … including attorney's fees[, unless] … the motion was substantially justified or other circumstances make an award of expenses unjust.").

Dated: January 22, 2020          BLOCK & LEVITON LLP
                                 By:   /s/ Joel Fleming
                                       Jason M. Leviton (*pro hac vice*)
                                       Joel A. Fleming (CA Bar No. 281264)
                                       Jacob A. Walker (CA Bar No. 271217)
                                       Lauren Godles Milgroom (*pro hac vice*)

---

[9] Kesner has argued vehemently that MabVax's counsel should be sanctioned if they review documents in the client file before Defendants' privilege review. *See, e.g.*, ECF No. 73 at 1 (SRF arguing that MabVax's counsel have an ethical obligation to refrain from examining documents in the client file); *id.* at 2 (seeking "sanctions against Mabvax [sic] and its counsel"); *id.* at 6 (Kesner joining SRF's motion and "adopt[ing] each and every argument set forth therein"). So, the Court's order requires Defendants "to inform MabVax of the page range of the documents that [Defendants have] reviewed." (ECF No. 90 at 3). The purpose of that provision is to "allow MabVax to **begin reviewing** for their case those documents, knowing which ones are subject to a claim of privilege…" ECF No. 91 (Transcript) at 71-72.

1  
2  
3  
4  
5  
6  
7  
8  
9  

Amanda Crawford (*pro hac vice*)  
260 Franklin Street, Suite 1860  
Boston, MA 02110  
(t) (617) 398-5600  
(f) (617) 507-6020  
jason@blockesq.com  
joel@blockesq.com  
jake@blockesq.com  
lauren@blockesq.com  
amanda@blockesq.com  

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

### III.  DEFENDANT SICHENZIA ROSS FERENCE, LLP'S POSITION

Plaintiff's argument ignores that it has a duty to conduct a reasonable inquiry and search of information in support of its claims in responses to discovery requests. Instead, plaintiff blames defendants for its own significant delay in not gathering information and documents in its own possession.  Plaintiff has not gathered its own electronic documents, despite filing this lawsuit well over one year ago.  Had plaintiff begun this process earlier, it would not be in the position to scramble to find an appropriate vendor.

Plaintiff's opposition focuses only on documents and information it claims are dependent on search terms proposed by defendants, or on the SRF documents subject to the clawback motion, and fails to address the fact that numerous requests require plaintiff to provide information and produce documents supporting its claims which are not dependent on search terms or privileged materials, including communications between the parties to this action.  Plaintiff's recent production of 275,000 documents, which defendants have not yet received, is simply a copy of bate-stamped documents previously produced by MabVax to the SEC, and not in response to requests for documents supporting the claims as requested by defendants.

Although this motion does not relate to any request for production to SRF, Plaintiff erroneously argues that SRF has "Not Yet" agreed to search terms proposed by plaintiff as to documents requested.  During the prior meet and confer conference, SRF counsel discussed that the latest search terms provided were agreeable with the exception of the time frame, which was amended pursuant to a request by plaintiff's counsel to be reciprocal.  SRF counsel revised the search terms to plaintiff over one month ago to provide the same starting time frame proposed to SRF.  However, plaintiff has yet to agree to any search terms or time frame proposed.

| | | |
|---|---|---|
| DATED: January 22, 2020 | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By:     /s/ Corinne C. Bertsche
Mark K. Anesh
Corinne C. Bertsche
Attorneys for Defendant SICHENZIA ROSS FERENCE LLP