Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice*)
Amanda R. Crawford (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:18-cv-02494-WQH-MSB <br><br> **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANT SICHENZIA ROSS FERENCE LLP'S PORTION OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> **RE: MOTION BY DEFENDANT KESNER TO COMPEL RESPONSES TO KESNER'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF** <br><br> Before: Honorable Magistrate Judge Michael S. Berg <br><br> Date: As determined by the Court. <br> Trial Date: None Set. |

## I. APPLICATION

Plaintiff MabVax Therapeutics Holdings, Inc. moves to strike Defendant Sichenzia Ross Ference LLP ("SRF")'s portion of the Joint Motion For Determination of Discovery Dispute filed at ECF No. 110 (the "Joint Motion" and "SRF's Portion").

## II. *EX PARTE* RELIEF IS JUSTIFIED

*Ex parte* relief is justified because the Joint Motion will be heard before the Court could hear a motion seeking this relief on a regular briefing schedule.

## III. ARGUMENT

As set forth in the accompanying Declaration of Joel Fleming ("Fleming Dec."), Kesner served MabVax with his portion of the Joint Motion on January 15, 2020 and a revised version of the Joint Motion on January 16, 2020.[1] The motion related solely to MabVax's responses to Kesner's first set of discovery requests to MabVax.[2]

MabVax sent its portion of the Joint Motion to Kesner on January 22, 2020 and authorized Kesner to file the Joint Motion. About fifty minutes after MabVax served its portion, SRF sent a revised version of the Joint Motion, adding the SRF Portion. Twelve minutes later—before MabVax could object or respond—Kesner filed the Joint Motion, including the SRF Portion, without seeking or obtaining MabVax's renewed authorization to file the Joint Motion with the SRF Portion. MabVax responded to Defendants shortly thereafter, providing email evidence disproving SRF's assertions in the SRF Portion and asked Defendants to file a revised version of the Joint Motion to correct these errors. Defendants refused.

The SRF Portion should be stricken for three reasons.

*First*, Civil Chambers Rule IV(E)(3)-(4) provides that a joint motion should

---

[1] As explained in MabVax's portion of the Joint Motion, Kesner violated Chambers Rule IV(F) through his untimely service of his portion of the Joint Motion. *Id.* at 7.

[2] SRF and Kesner (collectively, "Defendants") inexplicably decided to issue separate, overlapping discovery requests at different times, which has led to inefficiencies in the discovery process. *See id.* at 8, n.5.

include statements by the "propounding party" and the "responding party." SRF was neither. The Civil Chamber Rules do not contemplate a roving amicus role for uninvolved parties.

*Second*, the Civil Chambers Rules require that the responding party have five business days to respond and do not provide for reply briefs.[3] Here, Kesner filed the Joint Motion less than fifteen minutes after SRF provided the SRF Portion, without authorization from MabVax. As a result, MabVax was unable to respond to SRF's misleading recitation of the parties' meet-and-confer discussions.

*Finally*, the SRF Portion relies on two premises that are demonstrably false, to which MabVax had no opportunity to respond.

In the second paragraph, SRF asserts that MabVax's substantial production of "documents previously produced by MabVax to the SEC [was] not in response to requests for documents supporting the claims as requested by defendants." Nonsense. SRF's Demand For Production No. 43 expressly requested "[a]ll Documents produced by You to the SEC as part of or in connection with the SEC's investigation of MabVax…" *See* Fleming Dec., Ex. A. Moreover, most (albeit not all) of the documents supporting MabVax's claims are included in the SEC production.

In the final paragraph, SRF asserts (again, without a supporting declaration as to its veracity) that SRF agreed to MabVax's ESI search terms. That assertion is also untrue. On December 31, 2019, following a meet and confer phone call with Defendants the previous day, MabVax emailed SRF asking it to "please confirm" whether it would accept MabVax's proposed search terms. But SRF never responded before the Joint Motion was filed. *See* Fleming Dec., Ex. B.

The Court should strike the SRF Portion from the Joint Motion.

Dated: January 24, 2020               BLOCK & LEVITON LLP
                                      By:    */s/ Joel A. Fleming*

---

[3] Civil Chambers Rule IV(F).

| | |
|---|---|
| 1 | Jason M. Leviton (*pro hac vice*) |
| 2 | Joel A. Fleming (CA Bar No. 281264) |
|   | Jacob A. Walker (CA Bar No. 271217) |
| 3 | Lauren Godles Milgroom (*pro hac vice*) |
| 4 | Amanda Crawford (*pro hac vice*) |
|   | 260 Franklin Street, Suite 1860 |
| 5 | Boston, MA 02110 |
|   | (t) (617) 398-5600 |
| 6 | (f) (617) 507-6020 |
| 7 | jason@blockesq.com |
|   | joel@blockesq.com |
| 8 | jake@blockesq.com |
| 9 | lauren@blockesq.com |
|   | amanda@blockesq.com |

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*