Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice*)
Amanda R. Crawford (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER, <br><br> Defendants. | Case No.: 3:18-cv-02494-WQH-MSB <br><br> **DECLARATION OF JOEL FLEMING IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANT SICHENZIA ROSS FERENCE LLP'S PORTION OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> Before: Magistrate Judge <br>         Michael S. Berg <br><br> Date/Time: To Be Set By Court |

I, Joel Fleming, declare as follows:

1.   I am a partner of Block & Leviton LLP, counsel to Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax" or the "Company"). I am a member in good standing of the State Bar of California, and admitted to practice before this Court. I have personal knowledge of the facts set forth below and could, if called as a witness, provide competent and truthful testimony as follows.

2.   Attached hereto as Exhibit A is a true and correct copy of Defendant Sichenzia Ross Ference LLP's first set of document requests.

3.   Defendant Harvey Kesner ("Kesner") served his portion of the Joint Motion for Determination of a Discovery Dispute (the "Joint Motion") on January 15, only four business days before the January 22, 2020 filing deadline. Kesner then sent a revised version of his portion the motion on January 16, three business days before the filing deadline.

4.   At 4:01 p.m.[1] on January 22, 2020, my colleague emailed a copy of MabVax's portion of the Joint Motion to defense counsel

5.   At 6:11 p.m. on January 22, 2020, Tamara Seelman (counsel for Kesner) emailed me to confirm my authorization to file the Joint Motion, removing Maha Sarah's name and adding Joe Goodman.

6.   I consented via email one minute later.

7.   At 7:03 p.m., Corinne Bertsche (counsel for Defendant Sichenzia Ross Ference LLP ["SRF" or the "Firm"]) emailed an additional portion of the Joint Motion (the "SRF Portion") to all counsel.

8.   At 7:09 p.m., Ms. Bertsche emailed all counsel, informing me that she would agree to MabVax's proposed search terms on the condition that MabVax agree to change the date parameters of its search. She concluded her email requesting

---

[1] All time references are to Eastern Time.

that MabVax "let [SRF] know if [it] had any questions."

9.      At 7:13 p.m., before I could respond to either email from Ms. Bertsche, Kesner filed the Joint Motion, including the SRF Portion. Neither Defendant sought or obtained MabVax's consent before filing the Joint Motion with the SRF Portion incorporated.

10.      At 7:42 p.m., I emailed Ms. Bertsche explaining that my understanding from our last meet and confer call was that the Firm was likely to agree to MabVax's proposed search terms but was going to get back to us to confirm. As confirmation of that discussion, I attached an email to Ms. Bertsche and Ms. Seelman that I had sent on December 31, 2019, in which I had written: "We do not agree to 'MabVax or MBVX' as a required connector. **The search term list that we sent [Kesner] yesterday is the one that we sent to [the Firm], which (based on yesterday's call) sounds like it may be acceptable to [the Firm] (Corinne, please confirm).** But if you have a different proposal, please let us know." Attached hereto as Exhibit B is a true and correct copy of the December 31, 2019 email.

11.      Also in my 7:42 p.m. email to Ms. Bertsche, I wrote: "If you ever replied to that email or sent another email confirming your agreement [to search terms] before today, please show it to me because I don't remember ever seeing it." Finally, I asked whether Defendants would file a corrected version of the Joint Motion.

12.      In response, at 8:23 p.m., Ms. Bertsche wrote that "to the extent [she] missed this request for confirmation, [she] apologize[d], and would have reiterated what we discussed in our meet and confer." She did not provide any documentation to support her claim that she had previously agreed to the search terms. She also did not agree to revise the Joint Motion.

13.      At 8:34 p.m., I informed Defendants that I understood they were

FLEMING DECLARATION                    CASE NO. 3:18-CV-02494-WQH-MSB

refusing to file a revised Joint Motion without SRF Portion. I received no response. On January 23, 2020, I informed Defendants that we would file the accompanying Ex Parte Application to strike the following day unless they agreed to revise the Joint Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of January, 2020 in Big Sky, Montana.

/s/ Joel Fleming
Joel Fleming

FLEMING DECLARATION                  CASE NO. 3:18-cv-02494-WQH-MSB

# **Table of Contents**

Exhibit A ..................................................................................................... 1

Exhibit B ..................................................................................................... 29

Declaration of Joel Fleming

# Exhibit A

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
2  MARK K. ANESH, (*pro hac vice*)
     E-Mail: Mark. Anesh@lewisbrisbois.com
3  77 Water Street, Suite 2100
   New York, New York 10005
4  Telephone: 212.232.1411
   Facsimile: 212.232.1399

5  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
6  CORINNE C. BERTSCHE, SB # 174939
     E-Mail:  Corinne.Bertsche@lewisbrisbois.com
7  CHARLES S. HAUGHEY, JR., SB # 66148
     E-Mail: Chuck.Haughey@lewisbrisbois.com
   701 B Street, Suite 1900
8  San Diego, California 92101
   Telephone: 619.233.1006
9  Facsimile: 619.233.8627

10 Attorneys for Defendant SICHENZIA ROSS
   FERENCE LLP
11

12               UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14 MABVAX THERAPEUTICS               CASE NO. 3:18-cv-02494-WQH-MSB
   HOLDINGS, INC.,
15                                    **DEFENDANT SICHENZIA ROSS**
                Plaintiff,            **FERENCE LLP'S RESPONSES TO**
16                                    **PLAINTIFF'S FIRST REQUEST**
        vs.                          **FOR PRODUCTION OF**
17                                    **DOCUMENTS**
   SICHENZIA ROSS FERENCE LLP
18 (f/k/a SICHENZIA ROSS FERENCE      The Hon. William Q. Hayes
   KESNER LLP; f/k/a SICHENZIA
19 ROSS FRIEDMAN FERENCE LLP),        Date:          February 11, 2019
   HARVEY KESNER, and DOES 1          Trial Date:    None Set
20 through 10, inclusive,

21              Defendants.

22

23 PROPOUNDING PARTY:       Plaintiff, MABVAX THERAPEUTICS

24                          HOLDINGS, INC.

25 RESPONDING PARTY:        Defendant, SICHENZIA ROSS FERENCE LLP

26 SET NO.:                 ONE (1)

27 / / /

28 / / /

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

## **PRELIMINARY STATEMENT**

Discovery is ongoing at this time, and responding party reserves the right to amend its responses if additional facts, documents, or information are discovered. The following responses are given solely for the purpose of this litigation, and without prejudice to responding party's right to produce or introduce evidence of subsequently discovered documents and facts.

Responding party (also referred to as "SRF") has not yet completed its investigation of facts relating to this litigation, nor has it completed discovery in this action or preparation for trial. Therefore, the following responses are given without prejudice to its right to amend, supplement or modify such responses, and are subject to responding party's right to produce at the time of trial or otherwise, subsequently discovered evidence related to the proof of any material facts and to produce all evidence whenever discovered relating to the proof of facts subsequently discovered to be material. Responding party's responses are made in good faith effort to supply as much factual information as presently known.

## **PRELIMINARY OBJECTIONS**

The document demands, in their entirety, are objected to as vague, ambiguous, unintelligible, overbroad as to time and scope, invasive of the attorney-client and/or work product privileges, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the force and effect of the foregoing objections, responding party's responses and objections to the requests are made solely for the purposes of this action. Each response, if any, is subject to any and all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all objections and grounds that would require the exclusion from evidence of any statement or other matter contained in any response. All objections and grounds are hereby reserved and may be interposed at the time of trial.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        The following responses are made on information presently available to

2   responding party, and, except for explicit facts admitted herein, no incidental or

3   implied admissions are intended hereby.  The fact that responding party has

4   responded to or objected to any demand or a part thereof should not be taken as an

5   admission that responding party admits or accepts the existence of any facts set forth

6   or assumed by such demand, or that such response or objection or document or thing

7   produced constitutes relevant or admissible evidence.  The fact that responding party

8   has responded to part or all of any such demand is not intended and shall not be

9   construed to be a waiver by respondent of all or any part of any objections to any

10   such request made by plaintiffs.

11                 **GENERAL OBJECTIONS**

12       1.     Each of the following General Objections shall be deemed to apply to

13   each of Defendant's responses set forth below, notwithstanding the fact that

14   Defendant has supplied specific responses to the Requests.  The fact that a specific

15   response may mention one or more of the General Objections does not mean that the

16   other General Objections do not apply to that Request.  Each of the foregoing

17   General Objections is incorporated into each of the following Specific Objections

18   and Responses.

19       2.     Defendant generally objects to each Request to the extent it seeks

20   documents containing or constituting confidential business or other proprietary

21   information, or information protected from disclosure by law, court order, or

22   agreement respecting confidentiality or non-disclosure without the benefit of a

23   Stipulated Protective Order to protect the confidentiality of Defendant's

24   information.

25       3.     By responding hereto, Defendant agrees to produce such documents as

26   actually exist and can be reasonably located after a reasonable search without undue

27   burden or expense, to the extent (if any) indicated in response to the particular

28   Request.  With respect to emails and other electronically stored information,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Defendant objects to any Request that purports to request that Defendant search all

2  emails and electronically stored information which is archived and/or not readily

3  accessible as overbroad, unduly burdensome, and oppressive.  Where Defendant has

4  agreed to produce documents, Defendant will limit its search of emails and other

5  electronically stored information to a search involving a reasonable list of

6  custodians and reasonable search terms.

7      4.    These responses and objections, including any agreement to produce

8  responsive documents, should not be construed as confirming the existence, or

9  continued existence, of any requested documents.

10      5.    Defendant generally objects to the Requests to the extent that they seek

11  information protected from disclosure by the attorney-client privilege, work product

12  protection, or any other applicable privilege or protection.  Defendant will provide

13  documents which it believes are non-privileged and are otherwise properly

14  discoverable.  By providing such information, Defendant does not waive any

15  privileges.  Defendant makes its production of documents on the condition that an

16  inadvertent production of documents covered by such privileges or doctrines does

17  not waive any of its rights to assert such privileges or doctrines and that it may

18  withdraw from production any such document inadvertently produced.  To the

19  extent that any Request may be construed as seeking such privileged or protected

20  documents, Defendant hereby claims such privilege and invokes such protection.

21  The fact that Defendant  does not specifically object to an individual request on the

22  ground that it seeks such privileged or protected documents shall not be deemed a

23  waiver of the protection afforded by the attorney-client privilege, the attorney work

24  product doctrine, or other applicable privilege or protection.  Inadvertent production

25  of any document subject to any applicable privilege shall not operate as a waiver of

26  the right to object to any use of such document or of the information contained

27  therein.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6.      Defendant generally objects to the Requests to the extent that they call for the disclosure of third-party confidential information, and to the extent they call for production of documents that would constitute an invasion of the right to privacy of third parties.

7.      Defendant  generally objects to the Requests to the extent that they seek production of documents that are within the Plaintiff's possession, custody, or control, or that are equally or more accessible to the Plaintiff than to Defendant.  In responding to the Requests, Defendant will not re-produce documents produced by the Plaintiff in this case.

8.      Defendant objects to instruction numbers 11 through 16 to the extent they are not required by the Federal Rules of Civil Procedure and/or are inconsistent with the ESI protocol entered in this action, or as set forth in this response.

9.      Defendant objects to instructions 3 and 4 requiring a privilege log as to each document claimed privileged or any other objection, as these instructions request more than is required under the Federal Rules of Civil Procedure, and is also premature given the Parties' motion to compel return of privileged documents.

10.      Defendant objects that this Request for Production of Documents is premature given the parties' dispute as to privileged and immaterial documents inadvertently previously produced to counsel for Mabvax, which are the subject of the parties' joint motion for return of documents which will be filed shortly based on plaintiff's counsel's request for extended time to respond to defendant's joint motion.  Defendant will not produce any documents implicated in the joint motion for return of documents.

Subject to and without waving the foregoing general objections, this Defendant provides the following responses to Plaintiff's separately numbered Requests as follows:

/ / /

/ / /

5

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

SRF will produce copies of documents and of electronically stored information as indicated below instead of inspection, as able on a rolling basis beginning 30 days after reasonable search terms and custodians are agreed upon and a Stipulated Order Governing Discovery of Electronically Stored Information and a Protective Order Governing Confidential Information are entered in this action. SRF will produce e-mails and electronically stored information pursuant to its reasonable search of accessible data and in the format set forth in the Stipulated Order Governing Discovery of Electronically Stored Information. Defendant will conduct an inclusive only review of e-mails (thread suppression), namely, only the most recent in time emails (which contain all unique text) and emails with unique attachments will be reviewed.  Email families where all text is included in another email and that do not have a unique attachment will be excluded from review.

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning any of the allegations in the complaint filed in the above-captioned action or any affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "concerning any of the allegations in the complaint….or any affirmative defenses." It is unclear what specific information or documents this request is seeking. Based on the definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel.  Given said objections, SRF is unable to respond to this request as stated.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **REQUEST FOR PRODUCTION NO. 2:**

2      All Documents and Communications concerning any of the allegations in the

3  complaint filed in the SEC Action or any affirmative defense.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5      Objections:  This request is overbroad, unduly burdensome and oppressive,

6  and fails to describe with reasonable particularity each item or category of items to

7  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

8  request is also overbroad as to time, and vague and ambiguous as to "concerning

9  any of the allegations in the complaint filed in the SEC Action or any affirmative

10  defense."  It is unclear what specific information or documents this request is

11  seeking.  Based on the overbroad definition of "concerning," the request also

12  potentially seeks information protected by the attorney-client and work product

13  privileges in this action pertaining to communications between SRF and its defense

14  counsel in this action, as well as internal communications between SRF attorneys.

15  Given said objections, SRF is unable to respond to this request as stated.

16  **REQUEST FOR PRODUCTION NO. 3:**

17      Documents sufficient to identify all entities in which (A) any Investor owns

18  or owned a beneficial interest and (B) (i) You own or owned a beneficial interest or

19  (ii) You serve or served as legal counsel.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

21      Objections:  This request is overbroad, unduly burdensome and oppressive,

22  unintelligible as phrased, and fails to describe with reasonable particularity each

23  item or category of items to be inspected or produced, as required by Fed. R. Civ.

24  Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and

25  ambiguous as to "documents sufficient to identify all entities in which (A) any

26  Investor owns or owned a beneficial interest" and as to "documents sufficient to

27  identify all entities in which…(B) (i) You own or owned a beneficial interest or (ii)

28  You served or served as legal counsel."  It is unclear what specific information or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                                            7                                        3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**8**

1    documents this request is seeking, and appears to request documents showing any

2    interest owned by any Investor in any and all entities and to identify all clients

3    represented by SRF, regardless of whether related to this matter or not. This request

4    also potentially invades SRF and third party's rights to privacy, including privacy

5    rights of Investors and Sichenzia Ross Ference LLP and "its present and former

6    partners, associates, employees, officers, directors, parent companies, subsidiaries,

7    representatives, agents (including, but not limited to, attorneys, accountants,

8    consultants, investment advisors or bankers), affiliates, any predecessor or successor

9    law firm, and any other person or entity acting on its behalf" as "you" is defined in

10   the document request.  This request also may seek information which is protected by

11   the attorney-client and work product privileges as to other clients unrelated to

12   Mabvax, and may also seek information which is irrelevant to this action and is not

13   calculated to lead to the discovery of admissible evidence.  Given said objections,

14   SRF is unable to respond to this request as stated.

15   **REQUEST FOR PRODUCTION NO. 4:**

16        Documents sufficient to show (A) all invoices sent to MabVax for Your legal

17   representation and (B) all monies and/or other consideration paid by MabVax to

18   You.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20        Objections:  This request is overbroad, unduly burdensome and oppressive,

21   and vague and ambiguous as to "Documents sufficient to show."  It is unclear what

22   specific documents this request is seeking. Without waiving said objections, SRF

23   will produce copies of all of its invoices to Mabvax and fee conversion agreements

24   with Mabvax, which show monies and/or other consideration paid by MabVax to

25   SRF.

26   **REQUEST FOR PRODUCTION NO. 5:**

27        All Documents and Communications concerning the Fee Conversion

28   Agreement.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2       Objections:  This request is overbroad, unduly burdensome and oppressive,

3  and fails to describe with reasonable particularity each item or category of items to

4  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

5  request is also overbroad as to time, and vague and ambiguous as to "All

6  Documents" and "concerning the Fee Conversion Agreement."  Based on the

7  overbroad definition of "concerning," the request also potentially seeks information

8  protected by the attorney-client and work product privileges in this action pertaining

9  to communications between SRF and its defense counsel in this action, as well as

10  internal communications between SRF attorneys.  Without waiving said objections,

11  SRF will produce all non-privileged documents responsive to this request in its

12  possession, custody or control generated up and until SRF's representation of

13  Mabvax ended.

14  **REQUEST FOR PRODUCTION NO. 6:**

15       All Documents and Communications concerning MabVax's hiring and

16  retention of the Firm.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18       Objections:  This request is overbroad, unduly burdensome and oppressive,

19  and fails to describe with reasonable particularity each item or category of items to

20  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

21  request is also overbroad as to time, and vague and ambiguous as to "All

22  Documents" and "concerning MabVax's hiring and retention of the Firm."   Based

23  on the overbroad definition of "concerning," the request also potentially seeks

24  information protected by the attorney-client and work product privileges in this

25  action pertaining to communications between SRF and its defense counsel in this

26  action, as well as internal communications between SRF attorneys, and/or other

27  third party clients.  Without waiving said objections, SRF will produce all non-

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                     9                        3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
10

1  privileged documents responsive to this request in its possession, custody or control

2  generated up and until SRF's representation of Mabvax ended.

3  **REQUEST FOR PRODUCTION NO. 7:**

4      All Documents and Communications concerning any actual or potential

5  conflict of interest relating to Your legal representation of MabVax.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7      Objections:  This request is overbroad, unduly burdensome and oppressive,

8  and fails to describe with reasonable particularity each item or category of items to

9  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

10  request is also overbroad as to time, and vague and ambiguous as to "All

11  Documents" and "concerning any actual or potential conflict of interest relating to

12  Your legal representation of MabVax."   Based on the overbroad definition of

13  "concerning," the request also potentially seeks information protected by the

14  attorney-client and work product privileges in this action pertaining to

15  communications between SRF and its defense counsel in this action, as well as

16  internal communications between SRF attorneys, and/or other third party clients of

17  SRF.  Without waiving said objections, SRF will produce all non-privileged

18  documents responsive to this request in its possession, custody or control generated

19  up and until SRF's representation of Mabvax ended, which includes retainer

20  agreements between SRF and Mabvax, and any e-mails or other communications

21  between SRF and Mabvax discussing any potential conflict of interest and/or

22  transmitting the retainer agreements.

23  **REQUEST FOR PRODUCTION NO. 8:**

24      All Documents and Communications concerning any actual or potential

25  conflict of interest between MabVax and any Investor.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

27      Objections:  This request is overbroad, unduly burdensome and oppressive,

28  and fails to describe with reasonable particularity each item or category of items to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                10                    3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

11

1  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

2  request is also overbroad as to time, and vague and ambiguous as to "All

3  Documents" and "concerning any actual or potential conflict of interest between

4  MabVax and any Investor."   Based on the overbroad definition of "concerning," the

5  request also potentially seeks information protected by the attorney-client and work

6  product privileges in this action pertaining to communications between SRF and its

7  defense counsel in this action, as well as internal communications between SRF's

8  attorneys, and/or other third party clients of SRF.  Without waiving said objections,

9  SRF will produce all non-privileged documents responsive to this request in its

10  possession, custody or control generated up and until SRF's representation of

11  Mabvax ended, which includes retainer agreements between SRF and Mabvax, and

12  any e-mails or other communications between SRF and Mabvax discussing any

13  potential conflict of interest and/or transmitting the retainer agreements.

14  **REQUEST FOR PRODUCTION NO. 9:**

15       All Documents and Communications concerning any actual or contemplated

16  transaction or agreement involving both (a) MabVax and (b) an Investor, MDM

17  Worldwide, EST, and/or Laidlaw.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Objections:  This request is overbroad, unduly burdensome and oppressive,

20  and fails to describe with reasonable particularity each item or category of items to

21  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

22  request is also overbroad as to time, and vague and ambiguous as to "All

23  Documents" and "concerning any actual or contemplated transaction or agreement."

24  Based on the overbroad definition of "concerning," the request also potentially seeks

25  information protected by the attorney-client and work product privileges in this

26  action pertaining to communications between SRF and its defense counsel in this

27  action, as well as internal communications between SRF attorneys, and/or other

28  third party clients of SRF.  Without waiving said objections, SRF will produce all

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  non-privileged documents responsive to this request in its possession, custody or

2  control generated up and until SRF's representation of Mabvax ended.

3  **REQUEST FOR PRODUCTION NO. 10:**

4     All Documents and Communications concerning MabVax's actual or

5  potential reporting requirements under securities laws, including, without limitation,

6  Communications concerning whether any or all of the Investors would be

7  considered a 13D Group under the Securities Exchange Act of 1934 and

8  Communications concerning the effect of any beneficial ownership "blockers"

9  contained in any MabVax securities.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11    Objections:  This request is overbroad, unduly burdensome and oppressive,

12 and fails to describe with reasonable particularity each item or category of items to

13 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

14 request also seeks documents which include public filings of the transactions by

15 Mabvax, and are thus already in Mabvax' possession and are equally available as

16 public records.  This request is also overbroad as to time, and vague and ambiguous

17 as to "All Documents" and "concerning MabVax's actual or potential reporting

18 requirements under securities laws…"   Based on the overbroad definition of

19 "concerning," the request also potentially seeks information protected by the

20 attorney-client and work product privileges in this action pertaining to

21 communications between SRF and its defense counsel in this action, as well as

22 internal communications between SRF attorneys.  Without waiving said objections,

23 SRF will produce all non-privileged documents responsive to this request in its

24 possession, custody or control generated up and until SRF's representation of

25 Mabvax ended.

26 / / /

27 / / /

28 / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 **REQUEST FOR PRODUCTION NO. 11:**

2      All Documents and Communications concerning any transactions involving

3 MabVax securities or derivative instruments, including any purchases, acquisitions,

4 sales, or dispositions, performed by or on behalf of You.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6      Objections:  This request is overbroad, unduly burdensome and oppressive,

7 and fails to describe with reasonable particularity each item or category of items to

8 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

9 request also seeks documents which include public filings of the transactions by

10 Mabvax, and are thus already in Mabvax' possession and are equally available as

11 public records.  This request is also overbroad as to time, and vague and ambiguous

12 as to "All Documents" and "concerning any transactions involving MabVax

13 securities or derivative instruments …"   This request also seeks information

14 protected by third party's right to privacy and seeks information which is irrelevant

15 and not calculated to lead to the discovery of admissible evidence.  Based on the

16 overbroad definition of "concerning," the request also potentially seeks information

17 protected by the attorney-client and work product privileges in this action pertaining

18 to communications between SRF and its defense counsel in this action, other

19 counsel for SRF, and internal communications between SRF attorneys.  Without

20 waiving said objections, SRF will produce all non-privileged documents responsive

21 to this request in its possession, custody or control generated up and until SRF's

22 representation of Mabvax ended, which includes communications between SRF and

23 Mabvax responsive to this request, as well as documents reflecting work performed

24 by SRF on behalf of Mabvax related to transactions involving MabVax securities or

25 derivative instruments.

26 **REQUEST FOR PRODUCTION NO. 12:**

27      All Documents and Communications concerning the termination of the Firm's

28 representation of MabVax.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning the termination of the Firm's representation of MabVax."   Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, and internal communications between SRF attorneys. Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control generated up and until SRF's representation of Mabvax ended, which includes any communications between SRF, on the one hand, and Mabvax or anyone acting on its behalf, on the other, responsive to this request related to SRF's withdrawal from its representation of Mabvax.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning the transition from the Firm's representation of MabVax to Baker Botts LLP's representation of MabVax.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning the termination of the Firm's representation of MabVax."   Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  counsel in this action, and internal communications between SRF attorneys.

2  Without waiving said objections, SRF will produce all non-privileged documents

3  responsive to this request in its possession, custody or control generated up and until

4  SRF's representation of Mabvax ended, which includes communications between

5  SRF, on the one hand, and Mabvax or anyone acting on its behalf, including Baker

6  Botts, on the other, responsive to this request related to the transition from SRF's

7  representation to Baker Botts' representation of Mabvax.

8  **REQUEST FOR PRODUCTION NO. 14:**

9      All Documents and Communications concerning Harvey Kesner's departure

10 from the Firm.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12     Objections:  This request is overbroad, unduly burdensome and oppressive,

13 and fails to describe with reasonable particularity each item or category of items to

14 be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

15 request is also overbroad as to time, and vague and ambiguous as to "All

16 Documents" and "concerning Harvey Kesner's departure from the Firm."   Based on

17 the overbroad definition of "concerning," the request also potentially seeks

18 information protected by the attorney-client and work product privileges in this

19 action pertaining to communications between SRF and its defense counsel in this

20 action, and internal communications between SRF attorneys.  This request further

21 seeks documents protected by SRF and Harvey Kesner's rights to privacy, and

22 documents which are irrelevant and unlikely to lead to the discovery of admissible

23 evidence.  Given said objections, SRF is unable to comply with this request.

24 **REQUEST FOR PRODUCTION NO. 15:**

25     All Documents and Communications between or among the Firm and any of

26 the Investors concerning MabVax.

27 / / /

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "between or among the Firm and any of the Investors concerning MabVax."   The request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining other SRF clients, and internal communications between SRF attorneys.  Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control generated up and until SRF's representation of Mabvax ended.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to any conversion of MabVax preferred stock to common stock by any Investor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request also seeks documents which include public filings of the transactions by Mabvax, and are thus already in Mabvax' possession and are equally available as public records.  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "relating to any conversion of MabVax preferred stock to common stock by any Investor."   Based on the overbroad definition of "relating to," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, internal communications between SRF attorneys.  Without waiving said objections, SRF will produce all non-privileged

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  documents responsive to this request in its possession, custody or control generated

2  up and until SRF's representation of Mabvax ended.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      All Documents and Communications concerning a Consent Right.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

6      Objections:  This request is overbroad, unduly burdensome and oppressive,

7  and fails to describe with reasonable particularity each item or category of items to

8  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

9  request is also overbroad as to time, and vague and ambiguous as to "All

10  Documents" and "concerning a Consent Right."   Based on the overbroad definition

11  of "concerning," the request also potentially seeks information protected by the

12  attorney-client and work product privileges in this action pertaining to

13  communications between SRF and its defense counsel in this action, and internal

14  communications between SRF attorneys.  Without waiving said objections, SRF will

15  produce all non-privileged documents responsive to this request in its possession,

16  custody or control generated up and until SRF's representation of Mabvax ended.

17  **REQUEST FOR PRODUCTION NO. 18:**

18      All Documents and Communications concerning the beneficial ownership of,

19  GRQ, GRQ 401K, GRQ Barry, GRQ Renee, Honig Foundation, Southern Biotech,

20  HSCI, Grander, Grander 401K, Airy, 11 East, ATG, Opko, FGIT, Melechdavid,

21  MRP, Alpha, Del Mar, Del Mar Trust, Irth, SCI, Paradox, Darwin, Darwin

22  Retirement, Darwin Ret, and Denville.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

24      Objections:  This request is overbroad, unduly burdensome and oppressive,

25  and fails to describe with reasonable particularity each item or category of items to

26  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A). This

27  request also seeks documents which include public filings, and are thus already in

28  Mabvax' possession and are equally available as public records.  This request is also

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                17                    3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS                                                              18

1  overbroad as to time, and vague and ambiguous as to "All Documents" and

2  "concerning the beneficial ownership of, GRQ, GRQ 401K, GRQ Barry, GRQ

3  Renee, Honig Foundation, Southern Biotech, HSCI, Grander, Grander 401K, Airy,

4  11 East, ATG, Opko, FGIT, Melechdavid, MRP, Alpha, Del Mar, Del Mar Trust,

5  Irth, SCI, Paradox, Darwin, Darwin Retirement, Darwin Ret, and Denville."   Based

6  on the overbroad definition of "concerning," the request also potentially seeks

7  information protected by the attorney-client and work product privileges in this

8  action pertaining to communications between SRF and its defense counsel in this

9  action, internal communications between SRF attorneys, and third party clients of

10  SRF.  Without waiving said objections, SRF will produce any non-privileged

11  documents responsive to this request in its possession, custody or control generated

12  up and until SRF's representation of Mabvax ended.

13  **REQUEST FOR PRODUCTION NO. 19:**

14       All engagement letters and/or retention agreements signed by Harvey Kesner

15  on behalf of the Firm.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

17       Objections:  This request is overbroad, unduly burdensome and oppressive,

18  and fails to describe with reasonable particularity each item or category of items to

19  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

20  request is also overbroad as to time, and vague and ambiguous as to "All

21  engagement letters and/or retention agreements signed by Harvey Kesner on behalf

22  of the Firm."   This request also seeks information protected by the attorney-client

23  and work product privileges pertaining to other clients of SRF.  Without waiving

24  said objections, SRF will produce all engagement letters and/or retention

25  agreements between SRF and Mabvax.

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

18

3:18-cv-02494-WQH-MSB

DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

19

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning any inquiries or investigation of MabVax from or by FINRA, the SEC, or any other local, state, or federal regulator or law enforcement agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "All Documents" and "concerning any inquiries or investigation of MabVax…"   Based on the overbroad definition of "concerning," the request also potentially seeks information protected by the attorney-client and work product privileges in this action pertaining to communications between SRF and its defense counsel in this action, internal communications between SRF attorneys, and other SRF clients. Without waiving said objections, SRF will produce all non-privileged documents responsive to this request in its possession, custody or control, which include and is limited to inquiries to Mabvax by FINRA, the SEC or any other regulator or agency, and does not include any inquiries to other SRF clients by FINRA, the SEC or any other regulator or agency.

**REQUEST FOR PRODUCTION NO. 21:**

All timesheets, calendars, personal files, expense reports or logs, diaries, notebooks, notes, calendars, appointment books, address books, or records, maintained by or for any Firm employee who worked on any MabVax related matters, including, but not limited to, Harvey Kesner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                19                        3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
20

1  request is also overbroad as to time, and vague and ambiguous as to "All timesheets,

2  calendars, personal files, expense reports or logs, diaries, notebooks, notes,

3  calendars, appointment books, address books, or records" and "any Firm employee

4  who worked on any MabVax related matters."   This request seeks information

5  which is protected by the right to privacy, and information which is irrelevant and

6  not calculated to lead to the discovery of admissible evidence.   This request also

7  seeks information protected by the attorney-client and work product privilege

8  pertaining to SRF's other clients.  Without waiving said objections, SRF will

9  produce all invoices and a summary excel timesheet data reflecting work performed

10  and logged by SRF for Mabvax.

11  **REQUEST FOR PRODUCTION NO. 22:**

12      The personnel files, including any resumes, curriculum vitae, and

13  performance evaluations, for all Firm employees who worked on any MabVax

14  related matters, including, but not limited to, Harvey Kesner.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16      Objections:  This request is overbroad, unduly burdensome and oppressive,

17  and fails to describe with reasonable particularity each item or category of items to

18  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

19  request is also overbroad as to time, and vague and ambiguous as to "The personnel

20  files, including any resumes, curriculum vitae, and performance evaluations" and

21  "any Firm employee who worked on any MabVax related matters."   This request

22  seeks information which is protected by the right to privacy, and information which

23  is irrelevant and not calculated to lead to the discovery of admissible evidence.

24  Given said objections, SRF is unable to comply with this request.

25  **REQUEST FOR PRODUCTION NO. 23:**

26      All Documents and Communications concerning any other accusation,

27  complaint, or lawsuit, whether formal or informal, that has been made against You

28  and/or Harvey Kesner.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1                                                    3:18-cv-02494-WQH-MSB
20
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and fails to describe with reasonable particularity each item or category of items to be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This request is also overbroad as to time, and vague and ambiguous as to "concerning any other accusation, complaint, or lawsuit, whether formal or informal, that has been made against You and/or Harvey Kesner."   This request seeks information which is confidential and protected by the right to privacy, and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.   This request also seeks information protected by the attorney-client and work product privilege between SRF and its counsel, between SRF and other clients, and internal communications between SRF attorneys.  This request further seeks public record information which is equally available to propounding party.  Without waiving said objections, SRF will produce copies of complaints which have been filed against the SRF firm.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold polices You have or had in place, including all current and former versions, as well as any retention policies by third parties relating to electronic Communications utilized by any of Your employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objections:  This request is overbroad, unduly burdensome and oppressive, and vague and ambiguous as to "All Documents relating to the preservation, retention, backup, storage, destruction, and litigation hold policies…." and "retention policies by third parties relating to electronic Communications utilized by any of Your employees."  This request also potentially seeks information protected by the attorney-client and work product privilege between SRF and its defense counsel in this action.  SRF understands this request to seek any written document

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  retention policies by SRF.   SRF has performed a diligent search of documents in

2  response to this request and is unable to comply with this request, as SRF does not

3  have any written document retention policies as described in this request.

4  **REQUEST FOR PRODUCTION NO. 25:**

5  All certificates of registration and certificates of publication filed with the

6  New York Department of State's Division of Corporations on behalf of the Firm.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8  Objections:  This request is overbroad, unduly burdensome and oppressive,

9  and fails to describe with reasonable particularity each item or category of items to

10  be inspected or produced, as required by Fed. R. Civ. Proc. 34(b)(1)(A).  This

11  request is also overbroad as to time.  This request seeks information which is

12  irrelevant and not calculated to lead to the discovery of admissible evidence.  This

13  request further seeks public record information which is equally available to

14  propounding party.  Without waiving said objections, SRF will produce copies of

15  responsive documents filed during its representation of Mabvax, between April

16  2015 and May 2018.

17  **REQUEST FOR PRODUCTION NO. 26:**

18  All Documents concerning the firms income and assets, including:

19  a.  All income statements and balance sheets for the Firm for the last five

20  calendar years;

21  b.  All federal and state income tax returns filed by the Firm for the last

22  five calendar years;

23  c.  All W-2 statements, all K-1 statements, year-end payroll statements,

24  interest and dividend statements and all other records of income earned or received

25  by the Firm during the last five calendar years;

26  d.  All records showing any income earned or received by the Firm for the

27  current calendar year;

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      e.     All financial statements and credit card and loan applications prepared

2 by or for the Firm during the last five calendar years;

3      f.     All Documents relating to real property in which the Firm has any

4 interest, such as deeds, real estate contracts, appraisals and statements of assessed

5 value of such property;

6      g.     All Documents showing the Firm's debts, including the most recent

7 statement of all loan, credit or charge card balances due;

8      h.     Certificates of title or registrations of all automobiles, motor vehicles,

9 boats, or other personal property registered in the Firm's name or in which the Firm

10 has any interest, including documentation sufficient to show the vehicle

11 identification number or other unique identifying number;

12      i.     Documents showing stocks, bonds, secured notes, mutual funds and

13 other investments in which the Firm has any interest;

14      j.     The most recent statement describing any retirement plan, IRA pension

15 plan, profit-sharing plan, stock option plan or deferred compensation plan in which

16 the Firm sponsors, administrates, or otherwise has any interest; and

17      k.     All financial institution or brokerage account records on any account in

18 which the Firm has had any interest or signing privileges in the past year, whether or

19 not the account is currently open or closed.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

21     Objections:  This request is overbroad, unduly burdensome and oppressive

22 and harassing, and seeks confidential financial documents protected by the right to

23 privacy and tax payer privileges as to SRF and all persons included in propounding

24 party's definition of the "Firm."  This request is also premature as plaintiff's claim

25 for punitive damages is spurious at this stage of the litigation.  This request also

26 / / /

27 / / /

28 / / /

4813-3212-8415.1                          23                       3:18-cv-02494-WQH-MSB
DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS      **24**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   seeks documents which are irrelevant and not likely to lead to the discovery of

2   admissible evidence.  Given said objections, SRF is unable to comply with this

3   request.

4   DATED: September 17, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7   By: _____

8        Mark K. Anesh
        Corinne C. Bertsche
9        Attorneys for Defendant SICHENZIA
        ROSS FERENCE LLP
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CALIFORNIA STATE COURT PROOF OF SERVICE

2

MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.
District Court Case No. 3:18-cv-02494-WQH-MSB

3

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

4

5

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

6

On September 17, 2019, I served the following document(s):

7

**DEFENDANT SICHENZIA ROSS FERENCE LLP'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

8

9

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10

## SEE ATTACHED SERVICE LIST

11

The documents were served by the following means:

12

☒     (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

13

14

☒       Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

15

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

Executed on **September 17, 2019**, at San Diego, California.

20

21

22

Sondra J. Bradley

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-3212-8415.1

1
PROOF OF SERVICE

3:18-cv-02494-WQH-MSB
26

**SERVICE LIST**
**MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.**
**District Court Case No. 3:18-cv-02494-WQH-MSB**

Jason A. Leviton, Esq., *Pro Hac Vice*
Joel A. Fleming, Esq.
Jacob A. Walker, Esq.
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com

*Attorneys for Plaintiff, MabVax Therapeutics Holdings, Inc.*

Adrien K. Anderson, Esq., *Pro Hac Vice*
Tamara A. Hoffbuhr Seelman, Esq. , *Pro Hac Vice*
John M. Palmeri, Esq. , *Pro Hac Vice*
**Gordon Rees Scully Mansukhani**
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Tel.: 303.200.6895
aanderson@grsm.com
tseelman@grsm.com
jpalmeri@grsm.com

*Attorneys for Defendant, Harvey Kesner*

Mark Kenneth Anesh, Esq., *Pro Hac Vice*
**Lewis Brisbois, Bisgaard & Smith**
77 Water Street, Suite 2100
New York, NY 10005
Tel.: 212.232.1411
Fax.: 212.232.1399
Mark.Anesh@Lewisbrisbois.com

*Attorney for Defendants, Sichenzia Ross Ference LLP; Avital Even-Shoshan Perlman; David B. Manno;  Gregory Sichenzia; Marc Ross; Michael Ference; Richard J. Babnick, Jr.; Tara Guarneri-Ferrara: and Thomas Rose:*

Maha Sarah, Esq.
**Gordon Rees Scully Mansukhani**
101 West Broadway, Suite 1600
San Diego, CA 92101
Tel.: 619.696.6700
Fax.: 619.696.7124
msarah@grsm.com

*Attorneys for Defendant, Harvey Kesner*

Declaration of Joel Fleming

# Exhibit B

Friday, January 24, 2020 at 12:15:50 PM Eastern Standard Time

**Subject:**    Re: MabVax: Follow up on Interrogatory Nos. 1-2
**Date:**    Tuesday, December 31, 2019 at 3:22:50 PM Eastern Standard Time
**From:**    Joel Fleming
**To:**    Bertsche, Corinne, 'Tamara Seelman', Lauren Godles Milgroom
**CC:**    Anesh, Mark, John Palmeri, Amanda Crawford
**Attachments:** image001.png

Tamara and Corrine,

Apologies if there was any confusion on the call; my fault. We do intend to move to compel on Interrogatories No. 1 and 2. We saw those two interrogatories/your objections to them as almost entirely overlapping but please let us know if there's some nuance to your position with respect to Interrogatory No. 1 that's different than your position on Interrogatory No. 2, if some other compromise that you'd offer with respect to Interrogatory No. 1 that's different than the position you took on Interrogatory No. 2, or if you think that additional meet-and-confer discussions on Interrogatory No. 1 are necessary.

We plan to serve our portion of a joint motion to compel on those two Interrogatories by Monday but we can continue meeting and conferring after it's served.

Tamara,

You are correct regarding our proposal re: RFPs No. 13 and 20.

We do not agree to "MabVax or MBVX" as a required connector. The search term list that we sent you yesterday is the one that we sent to SRF, which (based on yesterday's call) sounds like it may be acceptable to SRF (Corinne, please confirm). But if you have a different proposal, please let us know.

If we get your letter in sufficient time to discuss with our client before the call on January 6, we're happy to discuss your issues with our responses to your discovery requests. But the timing is getting pretty tight.

Thanks and happy new year,

--
Joel Fleming
**Block & Leviton LLP**
(t) 617.398.5615

**From:** "Bertsche, Corinne" <Corinne.Bertsche@lewisbrisbois.com>
**Date:** Tuesday, December 31, 2019 at 2:42 PM
**To:** 'Tamara Seelman' <tseelman@grsm.com>, Lauren Godles Milgroom <lauren@blockesq.com>
**Cc:** "Anesh, Mark" <Mark.Anesh@lewisbrisbois.com>, John Palmeri <jpalmeri@grsm.com>, Joel Fleming <joel@blockesq.com>, Amanda Crawford <amanda@blockesq.com>
**Subject:** RE: MabVax: Follow up on Interrogatory Nos. 1-2

Lauren,

I also recall that you had indicated in our conference call that plaintiff was only challenging No. 2. Please advise whether your position has changed.

As indicated during our call, I will review your proposed limits to the interrogatories outlined below with my client, however, due to the holiday and that I am out the rest of this week, I will now be able to get

back to you until next week.

Corinne



**Corinne C. Bertsche**
**Partner**
Corinne.Bertsche@lewisbrisbois.com

**T: 619.699.4905  F: 619.233.8627**

701 B Street, Suite 1900, San Diego, CA 92101  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If yo intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sende this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Tamara Seelman [mailto:tseelman@grsm.com]
**Sent:** Tuesday, December 31, 2019 11:08 AM
**To:** 'Lauren Godles Milgroom'
**Cc:** Anesh, Mark; John Palmeri; Joel Fleming; Amanda Crawford; Bertsche, Corinne
**Subject:** [EXT] RE: MabVax: Follow up on Interrogatory Nos. 1-2



Lauren,

Thank you for the clarification. Your email mentions interrogatories nos. 1 and 2, but yesterday you said Plaintiff's motion to compel would pertain only to interrogatory no. 2. Has this changed?

I further understand from our call that Plaintiff is filing a motion to compel regarding Plaintiff's document requests nos. 13 (documents relating to Kesner's departure) and 20 (documents relating to complaints against Kesner or the Frim). Because we have not discussed these issues for a while I told you we would take another look at them and let you know if our position has changed. I went back and reviewed our previous correspondence and it is my understanding that Plaintiff has agreed to limit RFP No. 20 to complaints against Kesner/or the Firm ***related to their representation of any Investor***, and that Plaintiff will *not* limit Request No. 13. Can you please confirm this is your understanding?

With respect to search terms, in Plaintiff's last correspondence, Plaintiff agreed to exclude Rubin, Prag, Haag, and Maza, but I noticed these names are on the list you emailed yesterday. We responded by suggesting the parties agree to run a search using only "MabVax OR MBVX" as a starting point and Plaintiff did not respond. Can you let us know if Plaintiff will agree to this approach, and if not, can you confirm the search term list you sent yesterday is the correct one you want us to consider? As noted, it contains names Plaintiff previously agreed to exclude so we are wondering if this is an older list.

Finally, as I mentioned yesterday, I am working on a letter identifying our concerns with Plaintiff's responses to Mr. Kesner's discovery request and plan to get that to you before the end of the week. Per the Magistrate's 30 day rule, our motion to compel is due Jan. 22 which means we need to provide you our portion of the motion by Jan. 15 so our meet and confer will have to occur fairly soon. Perhaps we can

discuss some of the issues during our already scheduled meet on confer on Monday the 6th regarding privilege issues.

Please let me know your thoughts on the above. Thank you and happy new year.

Tamara

---

**TAMARA A. SEELMAN**  |  Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER™**

555 Seventeenth Street, Suite 3400
Denver, CO 80202
D: 303-200-6885  |  tseelman@grsm.com

www.grsm.com
vCard  |  LinkedIn

---

**From:** Lauren Godles Milgroom <lauren@blockesq.com>
**Sent:** Tuesday, December 31, 2019 6:57 AM
**To:** Bertsche, Corinne <Corinne.Bertsche@lewisbrisbois.com>; Tamara Seelman <tseelman@grsm.com>
**Cc:** Anesh, Mark <Mark.Anesh@lewisbrisbois.com>; John Palmeri <jpalmeri@grsm.com>; Joel Fleming <joel@blockesq.com>; Amanda Crawford <amanda@blockesq.com>
**Subject:** MabVax: Follow up on Interrogatory Nos. 1-2

Dear Corinne and Tamara,

Thanks for the call yesterday. As discussed, MabVax offers the following clarification and compromise regarding Interrogatories No. 1 and 2:

- For both SRF and Mr. Kesner, the term "beneficial owner" means beneficial owner as defined in 17 CFR § 240.13d-3. The term "owns or owned a beneficial interest" means: is or was a beneficial owner.
- For SRF, MabVax agrees to limit the terms "You" and "Your" to mean "Sichenzia Ross Ference LLP and any predecessor entities."

Please let us know if either of these items affect your clients' positions.

Thanks, and happy New Year.

Best,

Lauren

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER™**
http://www.grsm.com