Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice*)
Amanda R. Crawford (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
lauren@blockesq.com
amanda@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP) and HARVEY KESNER,<br><br>Defendants. | Case No.: 3:18-cv-02494-WQH-MSB<br><br>**JOINT EX PARTE APPLICATION FOR TEMPORARY STAY TO FACILITATE MEDIATION**<br><br>Before: U.S. District Judge William Q. Hayes<br><br>Date/Time: To Be Set By Court |

## I. APPLICATION

Pursuant to Local Rule 83.3(g)(2), Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") and Defendants Sichenzia Ross Ference LLP ("SRF" or "Sichenzia") and Harvey Kesner ("Kesner," with SRF, "Defendants," and with SRF and MabVax, the "Parties") jointly ask the Court to:

- Vacate all current deadlines and stay the above-captioned action (the "Action") pending the completion of a mediation before Jed Melnick, Esq. of JAMS on April 20, 2020 (the "Mediation");

- Order the Parties to submit a status report to the Court within five business days of the completion of the Mediation;

- Order that, if the Parties do not reach a settlement at the Mediation, the Parties must submit a proposed amended case schedule within ten business days of the completion of the Mediation.

The Court should grant the relief requested because the Parties are all incurring significant litigation-related expenses. MabVax is concerned the expenses incurred by Defendants are draining the insurance policies that provide coverage to Defendants and depleting the funds available to Defendants to contribute to any potential settlement. Similarly, MabVax's counsel are advancing its expenses and will be repaid out of any recovery, and MabVax is concerned this is increasing the size of the settlement payment required in order for MabVax to obtain the same net recovery after fees and expenses. MabVax is concerned this dynamic—*i.e.*, Defendants' available funds are constantly decreasing and the size of payment necessary for MabVax to achieve the same net recovery is constantly increasing—poses a significant obstacle to settlement. Defendants do not oppose staying the case to limit litigation expenses pending mediation.

A brief stay in advance of the mediation will greatly facilitate settlement discussions by maximizing the funds available to Defendants, minimizing the size

of payment MabVax believes is necessary for MabVax to achieve the same net recovery, and allowing the Parties to focus all of their efforts on negotiation.

## II.   *EX PARTE* RELIEF IS JUSTIFIED

*Ex parte* relief is justified because all parties would incur significant additional costs if the Court heard a motion seeking this relief on a regular briefing schedule, which would make any settlement significantly more difficult to achieve.

## III.   POINTS AND AUTHORITIES

This Court regularly enters stays to facilitate mediations. *See, e.g.*, *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-CV-2471-WQH BGS, 2013 WL 6499698, at *1 (S.D. Cal. Dec. 11, 2013); *Vazquez v. Kraft Heinz Food Company*, No. 16-cv-02749-WQH-BLM, ECF No. 90, Order Granting Joint Stipulation for Order Staying Action Pending Mediation (S.D. Cal. November 16, 2018); *Hose v. Washington Inventory Service, Inc., et al.*, 3:14-cv-02869-WQH-AGS, ECF No. 198, Order Granting Joint Stipulation to Stay Action (S.D. Cal. Aug. 28, 2017); *Gioia, et al. v. GNC Holdings, Inc.*, No. 15-cv-02273-WQH-NLS, ECF No. 21, Order Granting Joint Motion to Stay Action Pending Second Mediation (S.D. Cal. June 30, 2016).

The Court should do so again here.

This Action has been pending since September 10, 2018. ECF No. 1-2. During the course of the litigation, Plaintiff filed for bankruptcy; any recovery in this Action will benefit its creditors. *See In re MabVax Therapeutics Holdings, Inc.*, No. 19-10603-JTD (D. Del. Bankr.).

As set forth in the order on the motions to dismiss (ECF No. 36 at 2):

> Plaintiff MabVax brings claims for negligent professional practice, breach of fiduciary duty, breach of contract, restitution for unjust enrichment, deceit, and fraud, on the grounds that Defendants failed to disclose conflicts of interest, failed to maintain client

2

confidentiality, and failed to provide proper legal advice on financial reporting requirements.

Defendants deny all of these allegations.

On May 9, 2019, the Court granted in part and denied in part the motions to dismiss. ECF No. 36. Discovery has been ongoing since late July 2019 and the Parties estimate they will, collectively, produce well over 3.5 million pages of discovery with potentially more still to come due to third party subpoenas. The Parties have filed five separate joint motions for determinations of discovery disputes (ECF No. 73, 85, 107, 110, 113), plus four letters seeking informal guidance regarding other discovery disputes, and are actively engaged in meet-and-confer discussions regarding other, as-yet-unresolved discovery disputes. In short, the Parties are spending significant sums of money and the Court is spending significant amounts of time resolving their disputes.

Significant costs lie ahead. Document reviews and productions are ongoing and will continue for months. Given the nature of the action, the Parties will assert privilege over a number of responsive documents and anticipate significant disputes over privilege-related issues. No depositions have yet taken place; the Parties' joint discovery plan contemplates at least twenty per party. Expert reports are due in June. Fact discovery does not conclude until August.

MabVax is concerned the expenses that the Parties are incurring are making settlement substantially more difficult because Defendants are covered by so-called "wasting" insurance policies that are being depleted by litigation expenses and because Plaintiff's counsel are advancing its expenses and will be repaid out of any recovery. Therefore, MabVax is concerned that every day the litigation continues, the assets available to Defendants to pay for a settlement are decreasing and the size of the payment MabVax believes it needs to obtain the same net recovery after fees

3

and expenses is increasing. Defendants do not oppose a stay to limit litigation expenses pending mediation.

A brief stay to facilitate a mediation will "conserve the resources of the parties," *ArrivalStar, S.A. v. Blue Sky Network, LLC*, No. CV 11-4479 SBA, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) (staying discovery pending mediation), and, thereby, "promote the interests of securing a just, speedy, and inexpensive determination of the action." *Excel Concrete Constr., Inc. v. United Rentals (N. Am.), Inc.*, No. 17-CV-1506 JLS (BLM), 2017 WL 4680127, at *1 (S.D. Cal. Oct. 18, 2017) (granting motion to stay action for 90 days pending mediation); *Curwen v. Dynan*, No. C11-05598BHS, 2012 WL 1237643, at *2 (W.D. Wash. Apr. 12, 2012) ("A short stay of discovery pending mediation could conserve the resources of the parties and will not impose an inequity on any party.").

## IV.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court:

- Vacate all current deadlines and stay the above-captioned action (the "Action") pending the completion of a mediation before Jed Melnick, Esq. of JAMS on April 20, 2020 (the "Mediation");

- Order the Parties to submit a status report to the Court within five business days of the completion of the Mediation;

- Order that, if the Parties do not reach a settlement at the Mediation, the Parties must submit a proposed amended case schedule within ten business days of the completion of the Mediation.

4

EX PARTE APPLICATION   CASE NO. 3:18-cv-02494-WQH-MSB

DATED: February 20, 2020

| | |
|---|---|
| BLOCK & LEVITON LLP<br><br>By: /s/ Joel A. Fleming<br>Jason M. Leviton (*pro hac vice*)<br>Joel A. Fleming (SBN 281264)<br>Jacob A. Walker (SBN 271217)<br>Lauren Godles Milgroom (*pro hac vice*)<br>Amanda Crawford (*pro hac vice*)<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110<br>(t) (617) 398-5600<br>(f) (617) 507-6020<br>jason@blockesq.com<br>joel@blockesq.com<br>jake@blockesq.com<br>lauren@blockesq.com<br>amanda@blockesq.com<br><br>*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.* | LEWIS BRISBOIS BISGAARD & SMITH LLP<br><br>/s/ Corinne C. Bertsche<br>Corinne C. Bertsche, SB # 174939<br>Chuck Haughey, SB # 66148<br>701 B Street, Suite 1900<br>San Diego, California 92101<br>Telephone: 619.233. 1006<br>Facsimile: 619.233.8627<br>Corinne.Bertsche@lewisbrisbois.com<br>Chuck.Haughey@lewisbrisbois.com<br><br>Mark K. Anesh<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>77 Water Street, Suite 2100<br>New York, New York 10005<br>Telephone: 212.232.1411<br>Facsimile: 212.232.1399<br>Mark.Anesh@lewisbrisbois.com<br><br>*Attorneys for Defendant Sichenzia Ross Ference LLP*<br><br>GORDON REES SCULLY MANSUKHANI, LLP<br><br>/s/ Tamara Seelman<br>John M. Palmeri (*pro hac vice*)<br>Tamara A. Seelman (*pro hac vice*)<br>555 Seventeenth Street, Suite 3400<br>Denver, CO 80202<br>Telephone: (303) 534-5160<br>Facsimile: (303) 534-5161<br>jpalmeri@grsm.com<br>tseelman@grsm.com |

5

Joseph W. Goodman (SBN: 230161)
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124
jgoodman@grsm.com

*Attorneys for Defendant Harvey Kesner*