Jason M. Leviton (*pro hac vice*)
Joel A. Fleming (CA Bar No. 281264)
Jacob A. Walker (CA Bar No. 271217)
Lauren Godles Milgroom (*pro hac vice*)
Amanda R. Crawford (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockesq.com
joel@blockesq.com
jake@blockesq.com
amanda@blockesq.com
lauren@blockesq.com

*Attorneys for Plaintiff MabVax Therapeutics Holdings, Inc.*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABVAX THERAPEUTICS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SICHENZIA ROSS FERENCE LLP (f/k/a SICHENZIA ROSS FERENCE KESNER LLP; f/k/a SICHENZIA ROSS FRIEDMAN FERENCE LLP), HARVEY KESNER, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:18-cv-02494-WQH-MSB <br><br> **NOTICE OF RELATED CASE** |

On January 22, 2020, Defendant Kesner filed an action in the United States District Court for the Southern District of New York, *Kesner v. Baker Botts, LLP* [sic[1]]*, et al.*, No. 1:20-cv-551 (S.D.N.Y.) (the "Kesner RICO Action"). The Kesner RICO Action asserts, *inter alia*, claims under the Racketeer Influenced and Corrupt Organizations Act against Baker Botts L.L.P. and a Baker Botts partner who represented Plaintiff MabVax Therapeutics Holdings, Inc. ("MabVax") in connection with the SEC investigation and are representing MabVax in the related action pending in California state court.[2]

The gravamen of the Kesner RICO Action is Kesner's (factually false and legally invalid) assertion that, in August 2018, Baker Botts[3] unlawfully attempted to extort a settlement from Kesner by sending to Sichenzia Ross Ference LLP ("SRF"),[4] on behalf of MabVax, a "draft complaint" that was substantially similar to that filed by MabVax in September 2018, which was sustained by Judge Hayes in this action. *Compare* Kesner RICO Action, ECF No. 3 ¶¶1-6 *with Malin v. Singer*, 217 Cal. App.

---

[1] The law firm's name is Baker Botts L.L.P.

[2] *MabVax Therapeutics Holdings, Inc. v. Honig, et al.*, 37-2019-00018398-CU-SL-CTL (Cal. Sup. Ct.)

[3] The Kesner RICO Action also alleges, in one paragraph, that undersigned counsel were unwitting dupes who were "fed [a] trove of lies by … Baker Botts … to unlawfully threaten plaintiff" (*id.* ¶69) and, then, in the next paragraph, that undersigned counsel—along with the Delaware firm acting as MabVax's bankruptcy counsel—were active "co-conspirators … who joined with Baker Botts extending the enterprise into the Chapter 11 proceedings." *Id.* ¶70.

[4] At the time, Sichenzia Ross Ference Kesner LLP.

4th 1283, 1293 (2013) ("Ordinarily, a demand letter sent in anticipation of litigation is a legitimate speech or petitioning activity that is protected under" California's anti-SLAPP statute).[5]

Although Kesner has argued in this Court that documents relating to his departure from SRF are irrelevant,[6] Kesner alleges in the Kesner RICO Action that he "lost his partnership and employment " with SRF as "a direct and proximate result" of the draft allegations made on behalf of MabVax that were sent to SRF by Baker Botts. Kesner RICO Action, ECF No. 3 ¶4.

Kesner's counsel were obliged by rule to promptly disclose the Kesner RICO Action to this Court and to MabVax. Specifically, Local Rule 40.1(f) provides that:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or state court (whether pending, dismissed, or otherwise terminated), counsel must promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial

---

[5] Kesner is represented, in the Kesner RICO Action, by Steven S. Biss, a lawyer with a history of filing frivolous strategic lawsuits against public participation, including, infamously, a suit filed on behalf of Congressman Devin Nunes against, *inter alia*, a parody Twitter account that pretended to be a cow owned by the Congressman. *See Nunes v. Devin Nunes' Cow [@DevinCow], et al.*, CL19-1715-00 (Va. Cir. Ct.) (asserting claims for defamation based on statements including, "Nunes is a 'treasonous cowpoke'" and "Devin's boots are full of manure. He's udder-ly worthless and its pasture time to move him to prison").

[6] *See e.g.*, ECF No. 113 at 8.

NOTICE OF RELATED CASE

> effort and other economies. … This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding.

Kesner and his counsel have failed to comply with this rule.[7] So MabVax is filing this notice and states that if the United States District Court for the Southern District of New York transfers the Kesner RICO Action to this district, it would effect a significant savings of judicial effort and other economies to assign the Kesner RICO Action to Judge Hayes and Magistrate Judge Berg. There is nearly a complete factual overlap between the two cases[8] and Judge Hayes and Magistrate Judge Berg have both devoted significant time to this action and are familiar with the underlying facts.

Dated: January 29, 2020

BLOCK & LEVITON LLP

By: */s/ Joel A. Fleming*
     Jason M. Leviton (*pro hac vice*)
     Joel A. Fleming (CA Bar No. 281264)
     Jacob A. Walker (CA Bar No. 271217)
     Lauren Godles Milgroom (*pro hac vice*)
     Amanda Crawford (*pro hac vice*)
     260 Franklin Street, Suite 1860
     Boston, MA 02110
     (t) (617) 398-5600
     (f) (617) 507-6020
     jason@blockesq.com
     joel@blockesq.com
     jake@blockesq.com

---

[7] Kesner's counsel in this action have represented to MabVax that they were unaware of the Kesner RICO Action until after it was filed. But they should have filed a notice of related case as soon as they became aware of the action.

[8] Kesner is essentially bringing a counterclaim but is attempting to do so in New York despite this Court denying his motion to transfer to that District. ECF No. 36.

NOTICE OF RELATED CASE

1

lauren@blockesq.com
amanda@blockesq.com

2

3

*Attorneys for Plaintiff MabVax*
*Therapeutics Holdings, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5                                        3:18-cv-02494-WQH-MSB

NOTICE OF RELATED CASE